UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-CV-24666-UNGARO

MARCO WATTS,

    Plaintiff,

v.                                        **JURY TRIAL DEMANDED**

CLUB MADONNA, INC., a Florida for-profit
corporation, and LEROY C. GRIFFITH,

    Defendants.

_____/

## AMENDED COMPLAINT FOR DAMAGES

Plaintiff, MARCO WATTS, ("WATTS"), by and through his undersigned attorney, file this, his Amended Complaint for Damages against Defendants, CLUB MADONNA, INC., a Florida for-profit corporation, and LEROY C. GRIFFITH, (hereinafter "GRIFFITH"), and states as follows:

### INTRODUCTION

1. This is an action to recover unpaid overtime and minimum wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA"). This action also seeks minimum wages under the Florida Constitution and Section 448.110 Florida Statutes.

### JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.

3. At all times pertinent to this Complaint, the corporate Defendant, CLUB MADONNA was an enterprise engaged in interstate commerce.

4. At all times pertinent to this Complaint, the corporate Defendant regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

5. Defendants, CLUB MADONNA and GRIFFITH operated an adult, exotic dance club.

6. Plaintiff's work involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce.

7. During the year 2014, CLUB MADONNA had an annual gross volume of sales made or business done of not less than $500,000.00.

8. During the year 2015, CLUB MADONNA had an annual gross volume of sales made or business done of not less than $500,000.00.

9. During the year 2016, CLUB MADONNA had an annual gross volume of sales made or business done of not less than $500,000.00.

10. During the year 2014, CLUB MADONNA employed no less than two (2) employees.

11. During the year 2015, CLUB MADONNA employed less than two (2) employees.

12. During the year 2016, CLUB MADONNA employed no less than two (2) employees.

13. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Southern District of Florida.

14. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Southern District of Florida.

## **VENUE**

15. The venue of this Court over this controversy is based upon the following:

a. The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida and,

b. Defendants were and continue to be a corporation and an individual doing business within this judicial district.

## PARTIES

16. At all times material hereto, Plaintiff, WATTS was a resident of Miami Beach, Miami-Dade County, Florida, and was an "employee" of the Defendants within the meaning of the FLSA.

17. At all times material hereto, corporate Defendant, CLUB MADONNA was conducting business in Miami Beach, Miami-Dade County, Florida, with its principal place of business in that city.

18. At all times material hereto, Defendants were the employers of Plaintiff, WATTS.

19. At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA.

20. At all times material hereto, Defendants knowingly and willfully failed to pay Plaintiff WATTS, his lawfully earned wages in conformance with the FLSA and Florida law, respectively.

21. Defendants committed a willful, malicious and unlawful violation of the FLSA and the Florida Minimum Wage Amendment and, therefore, are liable for monetary damages.

22. At all times material hereto, corporate Defendant, CLUB MADONNA was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

23. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

24. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

25. Plaintiff, WATTS, was employed as a disc jockey ("DJ") by Defendants from on or about November 14, 2014 to or about March 9, 2016.

26. Defendants paid Plaintiff, WATTS no hourly wage. Consequently, WATTS received less than the minimum wage for his work hours.

27. In addition to being paid below the minimum wage, Plaintiff, WATTS worked in excess of forty hours per week, but was not paid at the rate of time-and-one-half his regular hourly rate.

28. Defendants knowingly, maliciously and willfully operated their business with a policy of not paying wages in conformance with the applicable law, to the Plaintiff.

29. Defendant, GRIFFITH was a supervisor and manager/owner who was involved in the day-to-day operations and/or was directly responsible for the supervision of Plaintiff. Therefore, he is personally liable for the FLSA violations.

30. Defendant, GRIFFITH was directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff.

31. Plaintiff has retained Bober & Bober, P.A. to represent him in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

### COUNT I

### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

32. Plaintiff realleges Paragraphs 1 through 31 as if fully stated herein.

33. Since Plaintiff's date of hire with Defendants, in addition to Plaintiff's normal regular work week, the Plaintiff worked additional hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half.

34. Plaintiff was entitled to be paid at the rate of time and one-half the applicable minimum wage for his hours worked in excess of the maximum hours provided for in the FLSA.

35. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for hours worked by Plaintiff in excess of the maximum hours provided for in the FLSA.

36. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, he will then seek leave of Court to amend his Complaint for Damages to set forth the precise amount due him.

37. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when it knew or should have known such was due.

38. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

39. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

40. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

41. Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against the Defendants:

a. Declaring that the Defendants have violated the maximum hour provisions of 29 U.S.C. § 207;

b. Awarding Plaintiff overtime compensation in the amount calculated;

c. Awarding Plaintiff liquidated damages in the amount calculated;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding Plaintiff post-judgment interest; and

f. Ordering any other and further relief this Court deems to be just.

## COUNT II

### VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

42. Plaintiff realleges Paragraphs 1 through 31 of this Complaint as if fully set forth herein.

43. Plaintiff's employment with Defendants was to consist of a normal workweek for which he was to be compensated at or above the FLSA minimum wage.

44. 29 U.S.C. § 206 requires that any employee covered by the FLSA be paid minimum wages.

45. Plaintiff received less than the minimum wage from the Defendants for his work hours.

46. The Defendants acted willfully.

47. As a direct and proximate result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiff respectfully requests:

a. judgment in his favor for all unpaid minimum wages due or payable;

b. liquidated damages;

c. attorneys' fees and costs pursuant to the FLSA;

d. post-judgment interest; and

e. all other and further relief this Court deems to be just and proper.

## COUNT III

### VIOLATION OF ARTICLE X, § 24, FLORIDA CONSTITUTION AND SECTION 448.110 FLORIDA STATUTES

48. Plaintiff realleges Paragraphs 1 through 31 as if fully stated herein.

49. Pursuant to Article X, Section 24 of the Florida Constitution and Section 448.110 Florida Statutes, Defendants were required to pay Plaintiff at least the applicable Florida minimum wage.

50. During Plaintiff's employment, Plaintiff was paid no wages, thereby being paid below the Florida's minimum wage requirements. The Defendants acted willfully.

WHEREFORE, Plaintiff respectfully request that judgment be entered in his favor against the Defendants:

a. Declaring that Defendants violated Article X of the Florida Constitution, insofar as failing to pay Plaintiff at or above the minimum wage;

b. Awarding Plaintiff all back wages due and owing;

c. Awarding Plaintiff liquidated damages in the amount equal to his back wages;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to Article X, Sec. 24, Fla. Const.;

e. Awarding Plaintiff prejudgment and post-judgment interest;

  f.  Finding that Defendants willfully violated Article X Fla. Const., and ordering Defendants to pay a $1,000.00 fine to the State of Florida for *each* such willful violation;

  g.  Declaratory relief pursuant to the Florida Constitution and Florida Statutes finding that employees, including Plaintiff, who worked for the Defendants within the last five years were not paid minimum wage for all hours worked as required;

  h.  Reimbursement of all tip monies taken by Defendants, and kickbacks that Plaintiff was required to pay Defendants; and

  i.  Awarding such other and further relief this Court deems to be just and proper.

### JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

DATED: February 8, 2018.

        Respectfully submitted,

        BOBER & BOBER, P.A.
        Attorneys for Plaintiff
        1930 Tyler Street
        Hollywood, FL 33020
        Phone: (954) 922-2298
        Fax: (954) 922-5455
        peter@boberlaw.com
        samara@boberlaw.com

        By: s/. Peter Bober
           FBN:  0122955
           SAMARA ROBBINS BOBER
           FBN: 0156248

### CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being

served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:     s/ Peter Bober

**SERVICE LIST**

Robert L. Switkes, Esq.
rswitkes@switkeslaw.com
Robert L. Switkes & Associates, P.A.
407 Lincoln Road, PH SE
Miami Beach, FL 33139
(305) 534-4757 phone
Counsel for Defendants.