UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 17-cv-24666-UU

MARCO WATTS,

    Plaintiff,
v.

CLUB MADONNA, INC., a Florida for-profit
Corporation, and LEROY C. GRIFFITH,

    Defendants.
_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendants, CLUB MADONNA, INC. and LEROY C. GRIFFITH (hereinafter the "Defendants"), by and through their undersigned counsel, hereby file their Answer and Affirmative Defenses to the Amended Complaint filed by Plaintiff, MARCO WATTS ("Plaintiff"), and state as follows:

### INTRODUCTION

1. As to this paragraph of the Complaint, Defendants admit that this is an action for the recovery of overtime and minimum wage compensation under the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. § 201 *et. seq.*, and that Plaintiff also purports to be seeking minimum wages under the Florida Constitution and Section 448.110, Florida Statutes. However, Defendants deny that Plaintiff is entitled to any damages whatsoever and demand strict proof thereof.

### JURISDICTION

2. As to this paragraph of the Complaint, Defendants admit that this Court has jurisdiction over this controversy. As to any remaining allegations and adverse inferences, Defendants deny same and demand strict proof thereof.

1

3. Denied and demand strict proof thereof.

4. Denied and demand strict proof thereof.

5. Admitted.

6. Denied and demand strict proof thereof.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

## VENUE

15. As to this paragraph of the Complaint, Defendants admit that venue is proper and that they are a corporation and an individual doing business within this judicial district. The remainder of the allegations and adverse inferences are denied and strict proof is demanded thereof.

## PARTIES

16. Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's place of residence and deny that Plaintiff was an employee of the Defendants at any time material hereto and demand strict proof thereof.

17. Admitted.

18. Denied and demand strict proof thereof.

19. Denied as phrased and demand strict proof thereof.

20. Denied and demand strict proof thereof.

21. Denied and demand strict proof thereof.

22. Denied and demand strict proof thereof.

23. Denied and demand strict proof thereof.

24. Defendants are without knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny same and demand strict proof thereof.

## STATEMENT OF FACTS

25. Denied and demand strict proof thereof.

26. Denied and demand strict proof thereof.

27. Denied and demand strict proof thereof.

28. Denied and demand strict proof thereof.

29. Denied and demand strict proof thereof.

30. Denied and fdemand strict proof thereof.

31. Defendants are without knowledge of any agreement between Plaintiff and his attorneys, and therefore deny same and demand strict proof thereof.

## STATEMENT OF CLAIM:

## COUNT I

## VIOLATION OF 29 U.S.C. § 207(UNPAID OVERTIME)

32. Defendants reallege and adopt their responses to paragraphs 1 through 31, as if fully stated herein.

33. Denied and demand strict proof thereof.

34. Denied and demand strict proof thereof.

35. Denied and demand strict proof thereof.

36. Denied and demand strict proof thereof.

37. Denied and demand strict proof thereof.

38. Denied and demand strict proof thereof.

39. Denied and demand strict proof thereof.

40. Denied and demand strict proof thereof.

41. Denied and demand strict proof thereof.

　　WHEREFORE clause denied in its entirety.

## COUNT II

### VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

42. Defendants reallege and adopt their responses to paragraphs 1 through 31, as if fully stated herein.

43. Denied and demand strict proof thereof.

44. Admitted to the extent that Plaintiff purports to state the content of 29 U.S.C. § 206; all other allegations and adverse inferences are denied and strict proof is demanded there.

45. Denied and demand strict proof thereof.

46. Denied and demand strict proof thereof.

47. Denied and demand strict proof thereof.

　　WHEREFORE clause denied in its entirety.

## COUNT III

### VIOLATION OF ARTICLE X, § 24, FLORIDA CONSTITUTION AND SECTION 448.110 FLORIDA STATUTES

48. Defendants reallege and adopt their responses to paragraphs 1 through 31, as if fully stated herein.

49. Denied and demand strict proof thereof.

50. Denied and demand strict proof thereof.

WHEREFORE clause denied in its entirety.

## **AFFIRMATIVE DEFENSES**

1. Defendants assert any and all compensation-related decisions made with respect to Plaintiff were made in good faith and Defendants had reasonable grounds to believe they were not violating the Fair Labor Standards Act, 29 U.S.C. §§ 201-19 or Fla. Stat. § 448.110.

2. At all times material hereto, Plaintiff was an independent contractor and was never employed by the Defendants.

3. Defendants seek any set-off that is permitted by collateral source or any other source as permitted by law. Defendants are entitled to a set-off for any and all amounts of payments or compensation of non-regular wages to Plaintiff.

4. Plaintiff suffered no losses of damages by reason of any alleged acts of the Defendants, and therefore he is entitled to no relief.

5. The cause of action set forth in the Complaint is barred by the applicable statute of limitations, in such cases made and provided. Plaintiff cannot seek damages for any time period more than two years prior to the filing of the Complaint in this matter. At no time did Defendants willfully violate the requirements of the FLSA or Fla. Stat. § 448.110.

6. Defendants asserts Plaintiff has failed to establish a prima facie case of a violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-19, or a prima facie case to recover unpaid wages.

7. Defendants assert that Plaintiff's claims are barred by payment in that Plaintiff has already received all the compensation to which he is entitled under the Fair Labor Standards Act, 29 U.S.C. §§ 201-19 and Fla. Stat. § 448.110.

8. Plaintiff suffered no losses of damages by reason of any alleged acts of the Defendants, and therefore he is entitled to no relief.

9. Plaintiff's overtime claims are barred to the extent that Plaintiff did not work more than 40 hours in one workweek.

10. Plaintiff's claims must be dismissed because Defendants are neither covered entities nor employers under the FLSA or Fla. Stat. § 448.110.

11. To the extent that Plaintiff failed to comply with notice provisions of applicable law, Plaintiff's claims must be dismissed.

12. Plaintiff's FLSA claims must be dismissed because neither enterprise nor individual coverage existed at any time material to this matter.

13. Defendants assert that any and all wage and compensation-related decisions made with respect to Plaintiff were made in good faith, and Defendants had reasonable grounds to believe they were not violating the Fair Labor Standards Act, 29 U.S.C. §§ 201-19 or Fla. Stat. § 448.110.

14. Plaintiff's claims against Defendant Griffith in his individual capacity must be dismissed because Griffith is not subject to personally liability for FLSA or Fla. Stat. § 448.110 violations, if any.

15. Defendants are entitled to an award of costs and attorney's fees incurred in defense of Plaintiffs' FLSA claims because those claims have been brought in bad faith. *See, e.g., Kraeger v. Soloman & Flanagan, P.A.*, 775 F.2d 1541 (11th Cir. 1985); *Tulington v. Atlanta Gas Light Co.*, 135 F.3d 1428 (11th Cir. 1998); *Goss v. Killian Oaks House of Learning*, 248 F. Supp. 2d 1162 (S.D. Fla. 2003).

16. Plaintiff may not recover liquidated damages, because: (1) Defendants acted at all times in good faith and did not commit any willful violation of any of Fla. Stat. § 448.110 or the FLSA;

(2) Defendants (including its officers, directors, managers, and agents) did not authorize or ratify any such willful violation with respect to the Plaintiff; and (3) Plaintiff has failed to plead facts sufficient to support recovery of such damages.

## NON-WAIVER

Each and every allegation contained in the Complaint not specifically admitted herein is denied, and the failure to deny a specific allegation, or assert a specific defense, shall not be deemed to be an admission of an allegation, or a waiver of a defense.  Defendants also reserve their right to serve additional affirmative defenses as discovery proceeds.

## DEMAND FOR JURY TRIAL

Defendants demand a trial by jury on all issues so triable.

**WHEREFORE**, Defendants respectfully request that this Honorable Court:

    A. dismiss the claims against Defendants, with prejudice;

    B. award Defendants taxable costs and attorneys' fees pursuant to the FLSA; and

    C. award Defendants any and all further relief that is equitable and just.

Dated this 23rd day of February, 2018.

    Respectfully submitted,

    s/Robert L. Switkes, Esq.
    Florida Bar No.: 241059
    rswitkes@switkeslaw.com
    s/Bradley F. Zappala, Esq.
    Florida Bar No.: 111829
    bzappala@switkeslaw.com

    **ROBERT L. SWITKES & ASSOCIATES, P.A.**
    407 Lincoln Road, PH SE
    Miami Beach, FL 33139
    Phone: (305) 534-4757
    *Counsel for Defendants, Club Madonna, Inc. and Leroy Griffith*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 23rd day of February, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/Robert L. Switkes

## SERVICE LIST
*Watts v. Club Madonna, Inc., et al.*
United States District Court, Southern District of Florida
Case No. 17-cv-24666-UU

**Samara Robbins Bober**
Bober & Bober, P.A.
1930 Tyler Street
Hollywood, FL 33020
954-922-2298
Fax: 954-922-5455
Email: samara@boberlaw.com
*Counsel for Plaintiff, Marco Watts*

**Peter Joseph Marshall Bober**
Bober & Bober, P.A.
1930 Tyler Street
Hollywood, FL 33020
954-922-2298
Fax: 922-5455
Email: peter@boberlaw.com
*Counsel for Plaintiff, Marco Watts*