UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-24666-CIV-UNGARO/O'SULLIVAN

MARCO WATTS,

    Plaintiff,

v.

CLUB MADONNA, INC., a Florida for-profit
corporation, and LEROY C. GRIFFITH,

    Defendants.
_____/

**DEFENDANT, CLUB MADONNA INC.'S, RESPONSES AND OBJECTIONS TO
PLAINTIFF'S REQUEST FOR ADMISSIONS**

Defendant, CLUB MADONNA, INC. ("Club Madonna" or "Defendant"), by and through its undersigned counsel, hereby serves its Responses and Objections to Plaintiff, MARCO WATTS' ("Plaintiff"), Request for Admissions to Club Madonna.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 17th day of May 2018, I served the foregoing document on all counsel of record identified on the attached Service List via electronic mail.

Respectfully submitted on May 17, 2018.

                **s/Robert L. Switkes**
                Robert L. Switkes, Esq.
                Florida Bar No.: 241059
                rswitkes@switkeslaw.com
                **ROBERT L. SWITKES & ASSOCIATES, P.A.**
                407 Lincoln Road, PH SE
                Miami Beach, FL 33139
                Phone: (305) 534-4757
                *Counsel for Defendants, Club Madonna, Inc. and Leroy Griffith*

1

## **SERVICE LIST**
*Watts v. Club Madonna, Inc., et al.*
United States District Court, Southern District of Florida
CASE NO. 17-24666-CIV-UNGARO/O'SULLIVAN

**Lowell J. Kuvin**
Law Office of Lowell J. Kuvin
17 East Flagler Street, Suite 223
Miami, FL 33131
305-358-6800
Fax: 305-358-6808
Email: lowell@kuvinlaw.com
*Counsel for Plaintiff, Marco Watts*

## DEFENDANT, CLUB MADONNA INC.'S, RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUEST FOR ADMISSIONS

1. Admit or Deny that you were an employer, as defined by FLSA, of the Plaintiff.

   **Response: Deny.**

2. Admit or Deny you were an employer, as defined by FLSA, of the managers who worked at Club Madonna.

   **Response: Admit.**

3. Admit or Deny that Plaintiff was required to attend an interview prior to being hired by Club Madonna.

   **Response: Deny.**

4. Admit or Deny that Plaintiff did not have to provide a "demo tape" to Club Madonna, prior to being hired.

   **Response: Admit.**

5. Admit or Deny Plaintiff was not required to audition for the position of DJ at Club Madonna.

   **Response: Admit.**

6. Admit or Deny Club Madonna does not have a 4COP Liquor License.

   **Response: Admit.**

7. Admit or Deny Club Madonna does not have a Seating License.

   **Response: Objection, on the grounds that this Request is vague and ambiguous as to the phrase "Seating License."**

8. Admit or Deny Leroy C. Griffith had authority to direct employees who worked at Club Madonna between 2014 and 2016.

   **Response: Admit.**

9. Admit or Deny Leroy C. Griffith had the authority to hire employees who worked at Club Madonna between 2014 and 2016.

3

**Response: Admit.**

10. Admit or Deny Leroy C. Griffith had the authority to fire employees who worked at Club Madonna between 2014 and 2016.

    **Response: Admit.**

11. Admit or Deny Club Madonna paid Plaintiff for marketing he did on behalf of Club Madonna between 2014 and 2016.

    **Response: Deny.**

12. Admit or Deny the managers at Club Madonna were Plaintiff's supervisor(s).

    **Response: Deny.**

13. Admit or Deny Club Madonna provided the sound equipment for the DJs at Club Madonna.

    **Response: Admit.**

14. Admit or Deny Club Madonna provided the stage lights for the DJs at Club Madonna.

    **Response: Admit.**

15. Admit or Deny that Club Madonna provided the mixing board for the DJs at Club Madonna.

    **Response: Admit.**

16. Admit or Deny Club Madonna set the "minimum tip" rate that dancers were required to tip Plaintiff.

    **Response: Deny.**

17. Admit or Deny the main attraction at Club Madonna are the dancers.

    **Response: Objection, on the grounds that this Request is vague and ambigious as to the phrase "main attraction."**

18. Admit or Deny Club Madonna charged a "cover" or "door" charge.

    **Response: Admit.**

19. Admit or Deny the included video "Club Madonna.mp4" was recorded at Club Madonna.

    **Response: Objection, on the grounds that Defendants have not received any videos or audio files from Plaintiff, including the referenced "Club Madonna.mp4" video.**

20. Admit or Deny the DJ Mixer located at Club Madonna was manufactured outside of the state of Florida.

    **Response: Objection as overbroad, as Defendants have stipulated that Club Madonna is an enterprise engaged in interstate commerce under the FLSA and Florida Minimum Wage Act.**

21. Admit or Deny the televisions Club Madonna uses to allow patrons to view sporting events were manufactured outside of the state of Florida.

    **Response: Objection as overbroad, as Defendants have stipulated that Club Madonna is an enterprise engaged in interstate commerce under the FLSA and Florida Minimum Wage Act.**

22. Admit or Deny the computer system used by DJs was manufactured outside of the state of Florida.

    **Response: Objection as overbroad, as Defendants have stipulated that Club Madonna is an enterprise engaged in interstate commerce under the FLSA and Florida Minimum Wage Act.**

23. Admit or Deny that the DJ equipment at Club Madonna is necessary for playing music at Club Madonna.

    **Response: Deny.**

24. Admit or Deny that the speakers at Club Madonna are necessary for playing music at Club Madonna.

    **Response: Admit.**

25. Admit or Deny the speakers used to play music at Club Madonna were manufactured outside of the state of Florida.

    **Response: Objection as overbroad, as Defendants have stipulated that Club Madonna is an enterprise engaged in interstate commerce under the FLSA and Florida Minimum Wage Act.**

26. Admit or Deny Club Madonna serves non-alcoholic drinks that were produced outside of Florida.

    **Response: Objection as overbroad, as Defendants have stipulated that Club Madonna is an enterprise engaged in interstate commerce under the FLSA and Florida Minimum Wage Act.**

27. Admit or Deny Plaintiff handled goods or materials that have been subject to interstate commerce while performing his duties as a DJ for Club Madonna.

    **Response: Objection as overbroad, as Defendants have stipulated that Club Madonna is an enterprise engaged in interstate commerce under the FLSA and Florida Minimum Wage Act.**

28. Admit or Deny that prior to the date of the filing of the Complaint, you obtained an opinion from an attorney or the Department of Labor that You were not required to pay Plaintiff wages.

    **Response: Objection as to any opinions from Defendants prior counsel, as such information is subject to the attorney-client privilege and work product doctrine; further, Defendants' good faith defenses have been waived. Furthermore, the Department of Labor documents speak for themselves.**

29. Admit or Deny that on more than one occasion, Plaintiff worked more than 10 hours as a DJ at Club Madonna.

    **Response: Deny.**

30. Admit or Deny You have records that show the number of days and the number of hours Plaintiff worked at Club Madonna.

    **Response: Admit that Club Madonna has some records signed by Marco Watts demonstrating the days he worked and sign-in times, which speak for themselves and have been provided to Plaintiff's counsel.**

31. Admit or Deny that Club Madonna did not promote in online or in print advertising Plaintiff's appearance as a DJ at Club Madonna.

    **Response: Admit.**