UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 17-CV-24666-UNGARO

MARCO WATTS,

    Plaintiff,

v.

CLUB MADONNA, INC., a Florida for-profit
corporation, and LEROY C. GRIFFITH,

    Defendants.
_____/

## **PLAINTIFF'S MOTION *IN LIMINE***

Plaintiff, MARCO WATTS ("Plaintiff"), by and through undersigned counsel, hereby files his Motion *in Limine*, and as grounds therefor states:

Plaintiff respectfully requests that the Court issue an Order that the Parties, counsel for the Parties and witnesses be instructed to refrain from asking about or mentioning at trial, either directly or indirectly, any of the matters contained in this Motion *in Limine*, and that the Court exclude from evidence at trial any testimony, documents or other evidence regarding the following matters pursuant to FRE 401, 402 & 403:

A. Reference to Plaintiff's tax returns.

B. Reference to whether Plaintiff properly paid his taxes in 2014, 2015, 2016.

C. Reference to how Plaintiff classified himself on his tax returns.

D. Reference to Pink Pony as Plaintiff only worked there for a few days during his transition into his employment at Club Madonna.

E. Reference or inference that Plaintiff was responsible for keeping track of the days or number of hours he worked each week.

1

Law Office of Lowell J. Kuvin
17 East Flagler Street · Suite 223 · Miami, Florida 33131 · Tel.: 305.358.6800 · Fax: 305.358.6808

F.  Reference regarding Plaintiff's promotion or performance of his song, "The Party" or any other song.

G.  Reference or inference that Plaintiff "shut down" his Twitter account ("Watts305").

H.  Reference to Plaintiff's deposition regarding documents that had not been produced prior to the deposition. (All of the Exhibits introduced by Defendants excluding the Statement of Wages).

I.  Reference to the dancers as "whores."

J.  Reference that Plaintiff worked for or was hired by "Lazzaro."

K.  Reference to Plaintiff's post-employment actions or subsequent employment.

L.  Reference to any other lawsuits in which Plaintiff was a party.

## ARGUMENT AND MEMORANDUM OF LAW

### I.  LEGAL STANDARD

The Court has broad discretion to determine the admissibility of evidence. *See United States v. McLean*, 138 F.3d 1398, 1403 (11th Cir. 1998). "The real purpose of a motion in limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably affect fairness of the trial. A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." *Stewart v. Hooters of Am., Inc.*, No. 8:04-CV-40-T-17-MAP, 2007 WL 1752843, *1 (M.D. Fla. June 18, 2007) (citing *Luce v. United States*, 469 U.S. 38, 41 (1984)).

### II.  FEDERAL RULE OF EVIDENCE 403

Rule 403 provides that:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

2

Fed. R. Evid. 403.

## ARGUMENT

**Request A: Reference to Plaintiff's tax returns.**

**Request B: Reference to whether Plaintiff properly paid his taxes in 2014, 2015, 2016.**

**Request C: Reference to how Plaintiff classified himself on his tax returns.**

Plaintiff's tax returns, whether Plaintiff properly paid his taxes and how Plaintiff classified himself on his tax returns are irrelevant to Plaintiff's claims and the defenses thereto. "[I]n Fair Labor Standards Act (`FLSA') cases, courts have held the characterization of someone as an employee or independent contractor for *tax* purposes is not relevant in determining whether one is an independent contractor or an employee covered by the FLSA." *Martins v. Royal Caribbean Cruises Ltd.*, 216 F. Supp. 3d 1347, 1363 (S.D. Fla. 2016), *appeal dismissed*, 16-17398-F, 2017 WL 6060251 (11th Cir. Jan. 10, 2017) quoting *Harrell v. Diamond A Entm't, Inc.*, 992 F. Supp. 1343, 1997 WL 829345 (M.D. Fla. 1997)(italics in original). *See also Gordilis v. Ocean Drive Limousines, Inc.*, 2014 WL 2214289 (S.D. Fla. 2014):

> **District courts have found that the label workers used with respect to the IRS is irrelevant in considering whether the person was an independent contractor.** *Clincy v. Galardi S. Enterprises, Inc.,* 808 F.Supp.2d 1326, 1349 (N.D.Ga.2011) (**Finding that Plaintiffs' holding themselves out to the IRS as independent contractors does not make them independent contractors for FLSA purposes**.);
> *Harrell v. Diamond A Entertainment, Inc.,* 992 F.Supp. 1343 (M.D .Fla.1997)("**[Plaintiffs'] characterization for tax purposes and the provision of employee benefits are not relevant.** Defendant cites no case which considers these factors in the context of the broad 'suffer or permit to work' definition of employment contained in the FLSA."); *see also Robicheaux v. Radcliff Material, Inc.,* 697 F.2d 662 (5th Cir.1983) (**welders were "employees" even though they signed contract stating they were independent contractors,** furnished their own equipment and insurance coverage, **were self-employed on their tax returns** and had their own business cards).

*Id*. at *3 (emphasis added). Moreover, raising these issues would unnecessarily confuse the jury. As such evidence and testimony is irrelevant to this case and the probative value of such testimony would not outweigh its unfairly prejudicial effect, any reference to same should be excluded.

**Request D: Reference to Pink Pony as Plaintiff only worked there for a few days during his transition into his employment at Club Madonna.**

Plaintiff testified that he was working at Pink Pony before his employment at Club Madonna. During the first few days of his transition to Club Madonna, Plaintiff also worked at Pink Pony. This issue is irrelevant to Plaintiff's claims and the defenses thereto. It is anticipated that raising this issue would unnecessarily confuse the jury and be unfairly prejudicial to Plaintiff. As such evidence and testimony is irrelevant to this case and the probative value of such testimony would not outweigh its unfairly prejudicial effect, any reference to same should be excluded.

**Request E: Reference or inference that Plaintiff was responsible for keeping track of the days or number of hours he worked each week.**

Any reference or inference that Plaintiff was responsible for keeping track of the days or number of hours he worked each week should be excluded because it is well-settled that it is the employer's responsibility to keep and maintain accurate records of the work performed. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946) ("Due regard must be given to the fact that it is the employer who has the duty under s 11(c) of the Act to keep proper records of wages, hours and other conditions and practices of employment and who is in position to know and to produce the most probative facts concerning the nature and amount of work performed."). Therefore, any reference to same should be excluded.

4

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

**Request F: Reference regarding Plaintiff's promotion or performance of his song, "The Party" or any other song.**

As Plaintiff worked as a disc-jockey ("DJ") for Club Madonna, any reference to the fact that he made a song called, "The Party," or any other song is irrelevant to Plaintiff's claims and the defenses thereto. The probative value of such testimony would also not outweigh its unfairly prejudicial effect. Plaintiff did not work as a DJ anywhere else during the time that he worked at Club Madonna. Performing a song is very different from being a DJ. Moreover, Plaintiff was not paid to perform the song, "The Party," and therefore any reference to same will confuse the jury. Accordingly, any reference to same should be excluded.

**Request G: Reference or inference that Plaintiff "shut down" his Twitter account ("Watts305").**

Plaintiff did not "shut down" his Twitter account "Watts305"; he changed the "handle" because people started calling him "Watts," which he did not like. As a result, he changed the handle to "MarcoWatts." Any reference or inference that Plaintiff "shut down" his Twitter account would be untrue, irrelevant to Plaintiff's claims and the defenses thereto, and the probative value of such testimony would not outweigh its unfairly prejudicial effect. Therefore, any reference to same should be excluded.

**Request H: Reference to Plaintiff's deposition regarding documents that had not been produced prior to the deposition. (All of the Exhibits introduced by Defendants excluding the Statement of Wages).**

Any reference to Plaintiff's deposition regarding documents that had not been produced to Plaintiff's counsel prior to the deposition should be excluded as well as the documents themselves. Defendants failed to comply with their Rule 26(a) disclosure obligations by not

5

providing the subject documents to Plaintiff's counsel during discovery and before the deposition. Accordingly, this evidence and the documents should be excluded.[1]

**Request I: Reference to the dancers as "whores."**

There should be no reference or mention of the dancers working at Club Madonna as "whores." Such a label is demeaning, disrespectful and would only serve to inflame the jury. Therefore, the probative value of any such testimony would not outweigh its unfairly prejudicial effect. Accordingly, any reference to same should be excluded.

**Request J: Reference that Plaintiff worked for or was hired by "Lazzaro."**

It is anticipated that Defendants may attempt to introduce evidence that Plaintiff was hired by "Lazarro" to work at Club Madonna, and that Plaintiff worked for Lazarro and not Club Madonna. There is no evidence that Lazzaro employed Plaintiff. Defendants also did not state in their Answer that Plaintiff was an agent or employee of Lazzaro. Moreover, Club Madonna admitted that it was responsible for making sure that Plaintiff earned at least $100 per work shift and that if Plaintiff did not earn $100 per work shift, Club Madonna would pay him the difference. Therefore, the probative value of any such testimony would not outweigh its unfairly prejudicial effect, and may confuse the jury. Accordingly, any reference to same should be excluded.

**Request K: Reference to Plaintiff's post-employment actions or subsequent employment.**

All evidence of Plaintiff's post-employment actions or subsequent employment should be excluded. Such information is irrelevant to Plaintiff's claims and defenses thereto. It is believed that Defendants may introduce evidence of post-employment jobs. Those facts are irrelevant as they occurred after employment with Defendants and have no bearing on the probative facts in

---

[1] This issue is set for a discovery hearing on June 22, 2018.

6

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

this case. Similarly, Defendants may portray Plaintiff as lazy or unwilling to find new jobs. The probative value of any such testimony would not outweigh its unfairly prejudicial effect. Accordingly, any reference to same should be excluded. *See Smith v. Specialty Pool Contractors*, 2009 WL 799748, at *3 (W.D. Pa. 2009), on reconsideration, 02: 07-CV-1464, 2009 WL 909246 (W.D. Pa. Mar. 27, 2009).

**Request L: Reference to any other lawsuits in which Plaintiff was a party.**

It is anticipated that Defendants will attempt to introduce testimony regarding prior lawsuits in which Plaintiff was a party. Such testimony is irrelevant to Plaintiff's claims and the defenses thereto; raising this issue would unnecessarily confuse the jury; and the probative value of such testimony would not outweigh its unfairly prejudicial effect. *See Benders v. Bellows & Bellows, P.C.*, 2009 WL 1177066, *3 (N.D. Ill. 2009). Therefore, any reference to same should be excluded.

**WHEREFORE**, Plaintiff respectfully requests that the Court grant the instant Motion in its entirety, exclude the aforementioned matters from trial as set forth herein, and grant Plaintiff such other and further relief as this Court deems just and proper.

### CERTIFICATE OF COMPLIANCE WITH L.R. 7.1A.3

I hereby certify that counsel for the movant has conferred with Defendants' counsel in a good faith effort to resolve the issues raised herein. Defendants' counsel advised that he objects to the relief sought herein.

Respectfully submitted this 15th day of June, 2018

By: s/ Lowell J. Kuvin
Lowell J. Kuvin, Esq.
Florida Bar No. 53072
lowell@kuvinlaw.com
sunny@kuvinlaw.com
esther@kuvinlaw.com
*Law Office of Lowell J. Kuvin, LLC*

7

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

17 East Flagler Street, Suite 223  
Miami, Florida 33131  
Tel.: 305.358.6800  
Fax: 305.358.6808  
*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on June 15, 2018, I electronically filed the foregoing document via CM/ECF which will automatically send a copy of the foregoing to all counsel of record.

By:   s/ Lowell J. Kuvin, Esq.  
Lowell J. Kuvin, Esq.

8

LAW OFFICE OF LOWELL J. KUVIN  
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808