*Case No.: 17-cv-24666-UU*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 17-cv-24666-UU

MARCO WATTS,

    Plaintiff,

v.

CLUB MADONNA, INC., a Florida for-profit
Corporation, and LEROY C. GRIFFITH,

    Defendants.
_____/

## **DEFENDANTS' MOTION IN LIMINE**

Defendants, CLUB MADONNA, INC. and LEROY GRIFFITH (collectively, the "Defendants"), by and through their undersigned counsel, hereby file this Motion *in Limine*, and in support thereof state as follows:

Defendants respectfully request that this Court issue an Order that the Parties, counsel for the Parties, and witnesses be instructed to refrain from asking about or mentioning at trial, either directly or indirectly, any of the matters contained in this Motion *in Limine,* and that the Court exclude from evidence at trial any testimony, documents, or other evidence regarding the following matters, pursuant to FRE 401, 402, 403, & 404:

A. Any prior investigations or findings by the United States Department of Labor involving the Defendants;

B. Any prior lawsuits, settlements, or other legal proceedings involving the Defendants;

C. Advice, statements, or actions of Defendants' prior counsel;

D. Tax returns, income, or finances of the Defendants.

*Case No.: 17-cv-24666-UU*

## BACKGROUND

1. Plaintiff, MARCO WATTS ("Plaintiff"), filed the instant lawsuit in December 2017, and filed an Amended Complaint (the operative Complaint) in February 2018. [D.E. 15].

2. In his 3-count Complaint, Plaintiff alleges that he was employed by the Defendants as a DJ from November 2014 through March 2016, and that the Defendants failed to properly pay him minimum wage and overtime throughout that period, in violation of the Fair Labor Standards Act and Florida law. *Id*.

3. The trial of this matter is currently set for the two-week period commencing August 6, 2018. Defendants anticipate that Plaintiff may attempt to introduce certain evidence and/or elicit testimony during trial regarding a number of items which have little to no evidentiary value, and for which the probative value is substantially outweighed by the risk of unfair prejudice, including: (a) past investigations and findings by the U.S. Department of Labor involving the Defendants; (b) past lawsuits, settlements, and other legal proceedings against the Defendants that are unrelated to this case; (c) advice, statements, or actions taken by Defendants' prior counsel; (d) information regarding Defendants' tax returns, income, and finances.

4. On May 18, 2018, Plaintiff served his Second Amended Initial Disclosures pursuant to Fed. R. Civ. P. 26(a), which indicates that Plaintiff plans to introduce documentary evidence and/or testimony at trial which reference or relate to the aforementioned items.

5. The tangible items listed by Plaintiff include (a) documents received from the U.S. Department of Labor regarding Defendants; (b) documents from prior cases brought against Defendants for wage claims and/or misclassification of workers; (c) documents subpoenaed from Defendants' former counsel(s); and (d) Defendants' tax returns.

6. Plaintiff has also indicated that he may attempt to call witnesses who have previously been parties to lawsuits, claims, or settlements with the Defendants, as well as individuals who have previously served as counsel for the Defendants.

7. For the foregoing reasons, Defendants respectfully ask this Court to enter an Order *in Limine* prohibiting Plaintiff, his attorneys, and any trial witnesses witnesses from making any reference to and/or introducing any exhibits which refer to or concern any of the aforementioned items.[1]

## MEMORANDUM OF LAW

### I. LEGAL STANDARD

"Relevant evidence" is defined by Fed. R. Evid. 401 as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 402 states that evidence that is not relevant is not admissible, and Fed. R. Evid. 403 states that even when evidence may have some relevance, it should be excluded if its probative value is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Rule 403 affords a trial court broad discretion in this balancing analysis. *See, e.g., Fitzgerald v. McDaniel*, 833 F.2d 1516, 1520-21 (11th Cir. 1987); *Noel Shows, Inc. v. United States*, 721 F.2d 327, 329 (11th Cir. 1983); *Stallworth v. Illinois Central Gulf R.R.*, 690 F.2d 858, 868 (11th Cir. 1982).

### II. ARGUMENT & ANALYSIS

For the reasons set forth in more detail below, the items which Defendants seek to exclude from evidence in this case are clearly not admissible at the trial of this matter. First, such evidence

---

[1] Pursuant to S.D. Fla. L.R. 7.1, a proposed order regarding the instant Motion has been attached hereto as **Exhibit A**.

is not relevant to any of the issues before the Court. Second, even if relevant, the admission of such evidence at trial would be unfairly prejudicial to Defendants, and would only serve to confuse the issues, mislead the jury, and cause undue delay.

**A. Prior investigations and findings by the U.S. Department of Labor involving the Defendants.**

Defendants anticipate that Plaintiff will attempt to introduce evidence at trial regarding, or making reference to, a past investigation of the Defendants by the United States Department of Labor ("DOL"), and the resulting report in which the DOL set forth its findings. As an initial matter, the DOL investigation and report is irrelevant and unrelated to this case, because the period of the investigation by the DOL was from January 30, 2012 to January 29, 2014. In this lawsuit, Plaintiff alleges that he began working for the Defendants on or about November 14, 2014.

Any introduction of evidence related to the DOL investigation and resulting report would mislead and confuse the jury, and would grossly and unfairly prejudice the Defendants. Moreover, such evidence would invade the province of the jury, because the DOL report contains findings regarding pivotal questions of fact and ultimate issues in this case. It should be noted that the DOL ultimately decided to forego pursuing enforcement action or litigation against the Defendants, so there was never a determination by a Court of law regarding the DOL's investigation and findings, which the Defendants steadfastly dispute. Indeed, many of the "facts" that the DOL assumes to be true in its report are contradicted by record evidence in this case.

Accordingly, any probative value the DOL investigation and resulting report might have would be grossly outweighed by the potential prejudice to the Defendants, and Defendants therefore respectfully request that any reference to same be excluded.

**B. Past lawsuits, settlements, or other legal proceedings involving the Defendants.**

Defendants anticipate that Plaintiff will attempt to introduce evidence at trial regarding, or making reference to, past lawsuits, settlements, or other legal proceedings involving the Defendants that are not related to this case.

Plaintiff should not be permitted to present any evidence, statement, or argument of any other claims, lawsuits, investigations, settlements or verdicts involving the Defendants. Such information has no tendency to make the existence of any material fact more or less probable than it would be without the evidence, and would prevent the Defendants from receiving a fair trial. *See* Fed R. Evid. 401, 402 & 404(b); *Palmer v. Bd. of Regents of the Univ. Sys. of Georgia*, 208 F.3d 969, 973 (11th Cir. 2000) (no abuse of discretion in failure to introduce evidence of other lawsuits, especially where complaints involved different decision-makers and departments); *Prouty v. National R.R. Passenger Corp.*, 99 F.R.D. 545, 549 (D.D.C. 1983) (issues raised in other lawsuits against the opposing party are not relevant to case-in-suit).

Ostensibly, Plaintiff seeks to introduce evidence regarding prior cases brought against Defendants for wage claims and/or misclassification of workers. Any reference to past lawsuits against the Defendants would only confuse the issues, mislead the jury, and unfairly prejudice the Defendants. *See* Fed. R. Evid. 403; *Lanham v. Whitfield*, 805 F.2d 970, 972 (11th Cir. 1986) (affirming trial court's exclusion of evidence of other litigation involving the defendant, because the evidence would have created confusion of the issues, misled the jury, and substantially prejudiced the defendant); *Royal Bahamian Ass'n, Inc. v. QBE Ins. Corp.*, No. 1:10-cv-21511, 2010 WL 4179312, at *3-5 (S.D. Fla. Oct. 25, 2010) (granting defendant's motion *in limine* to exclude references to other claims made against defendant and its affirmative defenses asserted in similar lawsuits based on limited relevance of defendant's claims handling practices in other cases and the substantial prejudice to defendant if it had to, in effect, conduct "mini trials" in this action

to demonstrate the viability of its affirmative defenses in those other cases); *Williams v. Asplundh Tree Expert Co.*, No. 3:05-cv-479, 2006 WL 2868923, at *2 (M.D. Fla. Oct. 6, 2006) (granting defendant's motion *in limine* to exclude references to prior discrimination lawsuits against defendant in plaintiff's hostile work environment lawsuit and holding that the prior lawsuits were minimally probative, but highly prejudicial).

Similarly, Plaintiff should not be permitted to present any evidence, statement, or argument about other alleged crimes, wrongs, or acts by the Defendants to show they acted in conformity therewith. *See* Fed. R. Evid. 404(b). Such allegations are not probative of whether the Plaintiff was an employee, or whether the Defendants violated wage & hour laws, and any attempt to introduce such allegations would only unfairly prejudice the Defendants. *See Lanham*, 805 F.2d at 972 (evidence of other litigation involving defendant did not satisfy requirements of admission under F.R.E. 404(b), in part because it was unfairly prejudicial to defendant); *Royal Bahamian Ass'n, Inc. v. QBE Ins. Corp.*, 2010 WL 4179312, at *3-5 (same); *Williams*, 2006 WL 2868923, at *2 (same).

### C. Advice, statements, or actions of Defendants' prior counsel.

Defendants anticipate that Plaintiff will attempt to introduce evidence at trial regarding, or making reference to, advice, statements, or actions of Defendants' prior legal counsel. Plaintiff should not be permitted to present this evidence or make any reference to the income or financial worth of the Defendants at trial, because the information is irrelevant to the claims and defenses in this case, and will only serve to unfairly prejudice the jury against the Defendants. Furthermore, attempting to introduce evidence regarding advice provided by counsel implicates issues of attorney-client privilege which are completely unnecessary to litigate in this case, and will only serve to cause undue delay.

To be sure, Defendants have already stipulated by agreement with the Plaintiff that they will not assert a defense of good faith and will not deny willfulness so as to limit the statute of limitations in the event that the jury determines Defendants committed wage and hour violations in this lawsuit.

Based upon this stipulation, evidence regarding advice that Defendants received from prior counsel, and actions taken by prior counsel in accordance therewith, has little to no relevance or probative value in this case, and will only serve to unfairly prejudice the Defendants and cause undue delay. Therefore, Defendants respectfully request that any such evidence be excluded.

**D. Tax returns, income, or finances of the Defendants.**

Defendants anticipate that Plaintiff will attempt to introduce evidence at trial regarding, or making reference to, Defendants' tax returns, income, and finances. Plaintiff should not be permitted to present such evidence or make any reference to the income or financial worth of the Defendants at trial, because the information is irrelevant to the claims and defenses in this case. Indeed, the information will only serve to unfairly prejudice the Defendants, as its only impact might be to create juror bias against a Defendant with a relatively high income and financial worth.

In contrast to the Defendants' desire to introduce Plaintiff's tax returns at trial, where Plaintiff disputes issues of fact that are directly contradicted by information contained in his tax returns, there are no issues of fact in this case that would give relevance to the Defendants' tax returns, income, or finances. To be sure, Defendants have already stipulated by agreement with Plaintiff that if the jury determines that Plaintiff was an employee, then coverage exists under the FLSA as to both Defendants.

Based upon this stipulation, any evidence regarding Defendants' tax returns, income, or finances has no relevance or probative value in this case, is far outweighed by potential prejudice, and should be excluded.

## CONCLUSION

WHEREFORE, Defendants respectfully request that the present Motion be granted and that the Court enter an Order *in Limine* excluding from all stages of trial, including opening and closing arguments and voir dire, any evidence, argument or statement related to: (a) prior investigations or findings by the United States Department of Labor involving the Defendants; (b) prior lawsuits, settlements, or other legal proceedings involving the Defendants; (c) advice, statements, or actions of Defendants' prior counsel; (d) tax returns, income, or finances of the Defendants.

DATED this 15th day of June, 2018.

Respectfully Submitted,

s/Robert L. Switkes
Robert L. Switkes, Esq.
FBN: 241059
**ROBERT L. SWITKES & ASSOCIATES, P.A.**
407 Lincoln Road, Penthouse SE
Miami Beach, Florida 33139
Ph. (305) 534-4757
Fax (305) 538-5504
rswitkes@switkeslaw.com
*Counsel for Defendants*

*Case No.: 17-cv-24666-UU*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 15, 2018, I electronically filed the foregoing document with the clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

<u>s/Robert L. Switkes, Esq.</u>

*Case No.: 17-cv-24666-UU*

**SERVICE LIST**
*Watts v. Club Madonna, Inc., et al.*
United States District Court, Southern District of Florida
Case No. 17-cv-24666-UU

**Lowell J. Kuvin**
Law Office of Lowell J. Kuvin
17 East Flagler Street, Suite 223
Miami, FL 33131
305-358-6800
Fax: 305-358-6808
Email: lowell@kuvinlaw.com
*Counsel for Plaintiff, Marco Watts*