UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 17-CV-24666-UNGARO

MARCO WATTS,

    Plaintiff,

v.

CLUB MADONNA, INC., a Florida for-profit
corporation, and LEROY C. GRIFFITH,

    Defendants.
_____/

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION *IN LIMINE* [D.E. #57]**

Plaintiff, MARCO WATTS ("Plaintiff"), by and through undersigned counsel, hereby files his Response to Defendants' Motion *in Limine* [D.E. #57], and states:

**A.**    **Prior investigations and findings by the U.S. Department of Labor involving the Defendants.**

On May 20, 2014, the DOL issued a report ("DOL Report") after a thorough investigation of Club Madonna. A copy of the DOL Report filed as D.E. #55-1. The investigation period covered by the DOL Report was January 30, 2012 through January 29, 2014. *Id.* at p.2. Significantly, the DOL Report properly considered the factors in *Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308 (11th Cir. 2013), and found that the dancers and the DJs were *employees* and not independent contractors. D.E. #55-1, at p.7. Club Madonna admitted during deposition that it was aware that the DOL found that the DJs were <u>not</u> independent contractors.

Notably, Mr. Griffith, as owner of Club Madonna, attended a Department of Labor meeting with his attorneys on May 8, 2014. At that meeting,

> **The employer was informed that the firm's dancers and DJs were not independent contractors but employees, and thusly were covered under the Act and subject to its minimum wage,**

1

> **overtime, child labor and recordkeeping requirements. All factors considered to be significant in determining if an employee-employer relationship existed were detailed at length.**
>
> * * *
>
> Furthermore, the firm was told that since **the DJs were determined to be employees and subject to the Act, minimum wage violations were found since they were paid no wages other than the "tip out" they received from the club's dancers.** Mr. Griffith adamantly stated that the DJs received income from the dancers. He further continued to dispute that they were employees, and were in fact independent contractors.

D.E. #55-1, at pp.10-12 (emphasis added).

The DOL Report is relevant here because, as admitted by Club Madonna, *the DJs, including Plaintiff, were paid and are still being paid the same way they were when the DOL published the DOL report in 2014*. [D.E. #54-1, T.28:11-16]. Notably, the DOL Report was issued on May 20, 2014, and Plaintiff began working at Club Madonna on November 14, 2014 – less than six (6) months later.

While not controlling, the DOL Report is certainly persuasive. Moreover, it is admissible here because it falls within the hearsay exception set forth in FRE 803(8), and may be considered for its factual findings and conclusions. As the Court stated in *Ruiz v. Fernandez*, 949 F.Supp. 2d 1055 (E.D.Wash. 2013), order clarified, CV-11-3088-RMP, 2013 WL 12167930 (E.D. Wash. June 24, 2013), where it was considering a similar DOL report on a motion for summary judgment:

> **The Court finds that the report falls within the hearsay exception set forth in Evidence Rule 803(8) and will consider the report admissible for purposes of summary judgment.** However, the Court will disregard internal hearsay statements in the report, such as statements that the investigator attributed to workers at the Fernandez ranch other than Plaintiffs. In addition,

2

> the report is not admissible for its legal conclusions. *See Sullivan,* 623 F.3d at 777. **Rather, the report may only be considered for its factual findings and conclusions under Rule 803(8)(A)(iii).**

*Id*. at 1063 (emphasis added). Significantly, Defendants have cited no case law to the contrary. Accordingly, Plaintiff respectfully requests that the Court not exclude the DOL Report as applicable to Plaintiff in this case.

**B.      Past lawsuits, settlements, or other legal proceedings involving the Defendants.**

With the exception of the DOL Report (discussed above) and the prior litigation involving a DJ named Lazaro Martin Leon, Plaintiff agrees not to attempt to introduce evidence at trial regarding, or making reference to, past lawsuits, settlements, or other legal proceedings involving the Defendants. The prior litigation involving DJ Lazaro Martin Leon is directly relevant and admissible because Defendants claim that Mr. Leon hired Plaintiff to work at the Club but was also an independent contractor of the Defendants. However, Mr. Leon sued Defendants in 2016 and alleged he was not an independent contractor and that he was entitled to unpaid wages. Club Madonna and Leroy Griffith settled the lawsuit with Mr. Leon and paid him unpaid wages and attorney's fees and costs.

**C.      Advice, statements, or actions of Defendants' prior counsel.**

Plaintiff agrees to not mention advice, statements, or action of Defendants' prior counsel insomuch that Defendants' have waived any affirmative defenses regarding "good faith" or "reasonable grounds" (statute of limitations) or "willful violations of §448.110 or the FLSA (liquidated damages)." However, if Defendants argue that "the DOL ultimately decided to forego pursuing enforcement action or litigation against the Defendants" then the issue of "advice, statements, or actions of Defendants' prior counsel" becomes relevant and any documents or other evidence regarding same should be admissible.

3

Law Office of Lowell J. Kuvin
17 East Flagler Street · Suite 223 · Miami, Florida 33131 · Tel.: 305.358.6800 · Fax: 305.358.6808

**D.**     **Tax returns, income, or finances of the Defendants.**

Plaintiff agrees not to attempt to introduce evidence at trial regarding, or making reference to, Defendants' tax returns. Plaintiff believes that the issue of income or finances of Club Madonna, as well as Leroy Griffith are material because of the Defendants' failure to pay Plaintiff any wages increased the income or finances of Defendants. Plaintiff should be allowed to argue that "income and finances" were two of the prime reasons for Defendants' scheme.

**WHEREFORE**, Plaintiff respectfully requests that the Court deny Defendants' Motion in *Limine* and exclude the aforementioned matters from trial as set forth herein, and grant Plaintiff such other and further relief as this Court deems just and proper.

Respectfully submitted this 28th day of June, 2018

> By: s/ Lowell J. Kuvin
> Lowell J. Kuvin, Esq.
> Florida Bar No. 53072
> lowell@kuvinlaw.com
> sunny@kuvinlaw.com
> esther@kuvinlaw.com
> *Law Office of Lowell J. Kuvin, LLC*
> 17 East Flagler Street, Suite 223
> Miami, Florida 33131
> Tel.: 305.358.6800
> Fax: 305.358.6808
> *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on June 28, 2018, I electronically filed the foregoing document via CM/ECF which will automatically send a copy of the foregoing to all counsel of record.

> By:     s/ Lowell J. Kuvin, Esq.
> Lowell J. Kuvin, Esq.

4

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808