UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 17-cv-24666-UU

MARCO WATTS,

     Plaintiff,

v.

CLUB MADONNA, INC., a Florida for-profit
Corporation, and LEROY C. GRIFFITH,

     Defendants.

_____/

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE

Defendants, CLUB MADONNA, INC. and LEROY C. GRIFFITH (collectively, the "Defendants"), by and through their undersigned counsel, hereby file their Response in Opposition to Plaintiff's Motion *in Limine* [D.E. 56], and state as follows:

### INTRODUCTION

On June 15, 2018, Plaintiff filed his Motion *in Limine*, seeking to preclude Defendants from introducing certain evidence and/or testimony at trial. Specifically, Plaintiff seeks to preclude Defendants from introducing any evidence and/or testimony at trial concerning matters listed below. For the reasons set forth herein, Defendants respectfully request that Plaintiff's Motion *in Limine* be denied.

### MEMORANDUM OF LAW

### I.    Legal Standard

The purpose of a motion in limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may *irretrievably* affect the fairness of the trial. *Stewart v. Hooters of American, Inc.,* 2007 WL 1752843, *1 (M.D. Fla. 2007). A court has the power to exclude evidence in limine only when evidence is *clearly inadmissible* on all

potential grounds. *Luce v. U.S.,* 469 U.S. 38, 41 (1984) (courts have authority to make in limine rulings pursuant to their authority to manage trials). Thus, a court should exclude evidence on a motion in limine only if the evidence is *clearly inadmissible for any purpose. Stewart* at * 1; *Hawthorne Partners v. AT & T Tech.,* 831 F.Supp. 1398, 1400 (N.D. Ill. 1993).

Motions in limine are disfavored; admissibility questions should be ruled upon as they arise at trial. *Stewart* at * 1. If evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context. *Id.* Denial of a motion in limine does not insure evidence contemplated by the motion will be admitted; rather, it means the court cannot determine whether the evidence should be excluded outside the trial context. *U.S. v. Connelly,* 874 F.2d 412, 416 (7th Cir. 1989). The court should entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine. *Id.* "Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling." *Hawthorne Partners* at 1400-1401.

## II.    Arguments & Analysis

### A.  Reference to Plaintiff's Tax Returns
### B.  Reference to Whether Plaintiff Properly Paid His Taxes in 2014, 2015, 2016
### C.  Reference to How Plaintiff Classified Himself on His Tax Returns

Plaintiff's tax returns and whether he properly paid his taxes during the relevant period are relevant to Plaintiff's alleged damages and his truthfulness regarding his alleged damages. Defendants intend to introduce evidence that Plaintiff grossly underreported his income earned performing work for the Defendants and others during the relevant period. Indeed, the amount of income that Plaintiff claims to have earned during the relevant period, both in his testimony and on his tax returns, is a major matter of dispute in this case. Plaintiff claims that he is owed minimum

wage *and* overtime in this case, and Defendants anticipate that a significant issue in determining damages will be exactly how much Plaintiff earned and the amount of hours that he worked. Defendants contend that Plaintiff had several streams of income during the relevant period, and that he could not possibly have worked overtime. Defendants further contend that Plaintiff has been untruthful as to this issue and anticipate that Plaintiff's tax returns will be relevant in the cross-examination of Plaintiff on these issues.

Furthermore, Plaintiff's tax returns are relevant to the issue of the nature of Plaintiff's work for the Defendants. For example, Plaintiff expensed materials and equipment required for his DJ business, as his 2015 tax returns reflect an itemized business expense for a personal laptop computer. To be sure, Plaintiff's Motion fails to advance any real argument as to why these matters should be excluded at trial. Accordingly, Plaintiff's tax returns and whether he properly paid his taxes during the relevant period are relevant and admissible.

Although the fact that Plaintiff characterized himself as self-employed on his tax returns during the relevant period is not dispositive, Plaintiff's own characterization of the nature of his work is relevant to Plaintiff's claims and his truthfulness in this case. In this case, Plaintiff alleges that he solely worked for Defendants at all relevant times. Defendants intend to introduce evidence that Plaintiff was in business for himself at all relevant times, and that he was holding himself out to the public as such. Furthermore, Defendants intend to introduce evidence that Plaintiff has been untruthful in his testimony regarding his business activities and monies earned during the relevant period. Plaintiff's own statement on his tax returns that he was in business for himself is absolutely relevant to this matter.

**D.  Reference to Pink Pony**

To provide context, Pink Pony, like Club Madonna, is a gentlemen's club where Plaintiff also performed as a DJ. Plaintiff's testimony at deposition was that he worked at Club Pink Pony for approximately two weeks after he started working at Club Madonna. Plaintiff's work at Club Pink Pony was nearly identical in nature to the work he performed at Club Madonna, as was the system by which Plaintiff received compensation. Plaintiff also filed a lawsuit against Pink Pony, with claims similar to those alleged in this case.

Furthermore, Defendants intend to introduce evidence that Plaintiff was performing work at various other events and establishments, including adult nightclubs other than Club Madonna, during the relevant period. Defendants have evidence that Plaintiff has been untruthful as to the fact that he had numerous streams of income from working various jobs during the relevant period and intend use such evidence to argue the amount of Plaintiff's alleged damages. Accordingly, references to Plaintiff's work for Pink Pony is relevant to the claims and defenses in this case, and should not be excluded.

### E. Reference or Inference That Plaintiff Was Responsible for Keeping Track of Days or Number of Hours Worked

Defendants have no intention of stating that Plaintiff was *responsible* for keeping track of days or number of hours he worked each week. However, Defendants have evidence that Plaintiff personally recorded many of the days and hours that he worked. Such evidence regarding days and hours of work recorded by Plaintiff is relevant to the issue of damages in this case. Accordingly, while Defendants agree that they will not expressly state that Plaintiff had any responsibility to keep track of his days and hours worked, reference to the fact that Plaintiff did in fact record days and hours worked, as well as evidence related thereto, should not be excluded.

### F. Reference Regarding Plaintiff's Promotion or Performance of His Song, "The Party" or Any Other Song

Plaintiff's Motion argues that reference to Plaintiff's solo music career during the relevant period is irrelevant and would confuse the jury because (1) "Plaintiff did not work as a DJ anywhere else during the time that he worked at Club Madonna"; (2) "Performing a song is very different from being a DJ"; and (3) "Plaintiff was not paid to perform [his songs]."

Although Plaintiff attempts to frame his first argument as an established fact, the question of whether Plaintiff worked as a DJ anywhere else during the time that he worked at Club Madonna is a major issue of dispute in this case. Indeed, Defendants intend to introduce evidence and testimony of witnesses which will show that Plaintiff worked at numerous other events and venues as a DJ during the relevant period. Aside from the fact that this evidence will be used to impeach Plaintiff on his sworn testimony, the nature and extent of Plaintiff's work outside of Club Madonna is relevant to the issue of damages in this case, including the days and hours that Plaintiff worked for Club Madonna, which is a matter of dispute in this case. While performing a song is indeed different from being a DJ, Defendants have and intend to introduce testimony and evidence that Plaintiff had various streams of income from multiple independent business ventures which consumed a great deal of his time during the relevant period, including DJ'ing at various events and establishments, a nightclub promotions business, and an active solo music career.

Furthermore, Defendants intend to introduce evidence that Plaintiff spent a significant portion of his time at Club Madonna promoting his own solo music career, which is relevant to the issue of when exactly, if ever, Plaintiff was "on the clock" while at the Club. Accordingly, reference to Plaintiff's solo music career, including Plaintiff's promotion or performance of his songs, is absolutely relevant and should not be excluded.

### G. Reference Or Inference That Plaintiff "Shut Down" His Twitter Account ("Watts305")

As an initial matter, this issue involves Plaintiff's Instagram account "@Watts305", not his Twitter account by the same name, which still exists. To provide context, Plaintiff had various accounts on multiple social media platforms (e.g., Twitter, Instagram) during the relevant period. Plaintiff's accounts were highly active, and Defendants' investigation of Plaintiff during discovery revealed thousands of posts by Plaintiff which reference his work for the Defendants and others, and which are relevant to the claims and defenses in this case.

While examining Plaintiff's social media accounts during discovery, Defendants' counsel found that Plaintiff had referenced or "reposted" Instagram posts from the account "@Watts305" on numerous occasions during the relevant period. However, it was impossible for Defendants to access the content of said posts from the Instagram account "@Watts305", because the account no longer existed. Although Plaintiff testified that he merely changed the name, and had not completely deleted the account, Defendants have evidence that Plaintiff's testimony as to this issue is categorically untrue. Furthermore, Defendants have evidence which indicates that Plaintiff deleted several posts from his social media accounts, attempted to obscure his social media accounts, and otherwise attempted to hide or destroy evidence that is relevant to the claims and defenses in this case. Indeed, many of Plaintiff's social media posts that Defendants have been able to retrieve are relevant to the nature and extent of Plaintiff's work for the Defendants and others during the relevant period, and therefore Plaintiff's actions with respect to his social media posts and accounts from the relevant period are undeniably relevant in Defendants' cross-examination of Plaintiff at trial. While a motion on the issue of spoliation may also be appropriate, Defendants are absolutely entitled to impeach Plaintiff on the issue of what exactly happened with respect to the missing social media accounts and posts relevant to this case, and whether Plaintiff

has testified truthfully as to this issue. Accordingly, evidence and testimony regarding this issue should not be excluded.

### H. Reference To Plaintiff's Deposition Regarding Documents That Had Allegedly Not Been Produced Prior to Plaintiff's Deposition

Arguments on this issue were heard by Magistrate Judge O'Sullivan on June 21, 2018, after Plaintiff moved to strike documents (including Plaintiff's own social media posts) that were introduced as exhibits by Defendants during Plaintiff's deposition. On that date, counsel for the parties appeared before Judge O'Sullivan and presented their arguments regarding whether the documents introduced at Plaintiff's deposition should be stricken from the record. After hearing the arguments of both sides, Judge O'Sullivan denied Plaintiff's Motion, finding that Defendants did not violate the rules of discovery, and that the documents were properly introduced. *See* Order [D.E. 60].

Indeed, at Plaintiff's Deposition, Defendants introduced Plaintiff's own online posts, which were previously identified by category in their Rule 26(a) disclosures, as well as in an email to counsel prior to deposition, and utilized said documents to impeach Plaintiff at deposition. Plaintiff makes no argument as to relevance, and as the issue of whether the documents were properly introduced has been made moot by Order of this Court since the time Plaintiff's Motion *in Limine* was filed, Defendants submit that reference to these relevant documents is proper and should not be excluded from trial.

### I. Reference To Dancers As "Whores"

Defendants have no objection as to Plaintiff's argument on this issue.

### J. Reference That Plaintiff Worked For Or Was Hired By "Lazzaro"

The testimony in this case indicates that Lazaro Leon, another DJ who worked at Club Madonna, participated in the hiring of Plaintiff as a DJ at the Club, and that Plaintiff and Lazaro had a business relationship. Plaintiff has identified Lazaro Leon as a trial witness for Plaintiff in this case, and therefore, Defendants are entitled to explore the nature and extent of the relationship between Plaintiff and Lazaro at trial, including the question of whether Plaintiff worked for or was hired by Lazaro at any point during the relevant period.

Of equal significance, the jury is entitled to know the full nature and extent of both the personal and professional relationship between Plaintiff and Lazaro if Plaintiff calls Lazaro as a witness, as such information is relevant the jury's evaluation of the credibility and motivation of Lazaro's testimony for the Plaintiff. Furthermore, the issue of whether Club Madonna was responsible for making sure Plaintiff earned at least $100 per work shift is not necessarily uncontested based upon the testimony in this case, and therefore the basis for Plaintiff's argument as to this issue is inherently flawed. Accordingly, all references to the nature and extent of Plaintiff's relationship with Lazaro, including whether he was hired by or worked for Lazaro, are relevant and should not be excluded.

### K.  Reference to Plaintiff's Post-Employment Actions or Subsequent Employment

Defendants submit that references to Plaintiff's actions or employment after he stopped performing at Club Madonna may be relevant to their defenses depending on the testimony and evidence presented at trial, and that a blanket order excluding any reference to such information would be inappropriate at this time. Defendants believe that Plaintiff has been untruthful in this case regarding the nature and extent of his work outside of Club Madonna, and Plaintiff's work for other individuals and entities after he stopped working at Club Madonna are relevant to exploring this issue on cross examination of Plaintiff.

Furthermore, information that Plaintiff provided to individuals and entities for whom he worked after leaving Club Madonna may be relevant to the claims and defenses in this case. Despite the argument made by Plaintiff in support of excluding this evidence, Defendants have no intention of using such information to portray Plaintiff as lazy or unwilling to find new jobs. To the contrary, Defendants are of the position that Plaintiff was involved in several business endeavors, and was a busy individual prior to, during, and after the time he worked at Club Madonna. Accordingly, reference to such evidence may very well be relevant to the claims and defenses in this lawsuit and should not be excluded.

**L.  Reference to Any Other Lawsuits In Which Plaintiff Was A Party**

In his Motion, Plaintiff also seeks to exclude *in limine* any mention of prior lawsuits in which Plaintiff was a party, arguing that testimony regarding Plaintiff's prior lawsuits is irrelevant to the claims and defenses in this case, would unnecessarily confuse the jury, and would be more prejudicial than probative. Of significance, Plaintiff testified at deposition that he has only been a party to one prior lawsuit. In said prior lawsuit, Plaintiff sued Pink Pony, the establishment where he was working as a DJ at the time that he began working at Club Madonna as a DJ. The allegations of wage and hour violations in Plaintiff's lawsuit against Pink Pony were substantially similar to those set forth in the instant case.

Defendants agree the existence of a prior lawsuit is in and of itself not probative on any issue in this matter. However, should the Plaintiff elicit any testimony regarding what he believes to be industry standards regarding the payment of compensation to DJs or hours worked by DJs; Defendants should be entitled to examine Plaintiff about his own experiences in the industry. For instance, Plaintiff's employment history would become relevant as to his experiences and expectations regarding compensation structure and time worked.

Thus, Defendants object to the blanket exclusion of testimony, to be elicited from Plaintiff, regarding prior lawsuits to the extent Plaintiff suggests such a result in its title. Further, should Plaintiff open the door at trial to make his prior lawsuit (based on very similar facts) relevant, Defendants should have the right to cross examine Plaintiff as to his prior employment and resulting lawsuit.

### CONCLUSION

WHEREFORE, Defendants respectfully request that the Court deny Plaintiff's Motion *in Limine* and allow the aforementioned matters to come into evidence at the trial of this matter.

Dated this <u>29th</u> day of June, 2018.

Respectfully Submitted,

s/Robert L. Switkes
Robert L. Switkes, Esq.
FBN: 241059
**ROBERT L. SWITKES & ASSOCIATES, P.A.**
407 Lincoln Road, Penthouse SE
Miami Beach, Florida 33139
Ph. (305) 534-4757
Fax (305) 538-5504
rswitkes@switkeslaw.com
*Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 29, 2018, I electronically filed the foregoing document with the clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

<u>s/Robert L. Switkes, Esq.</u>

*Case No.: 17-cv-24666-UU*

## SERVICE LIST

*Watts v. Club Madonna, Inc., et al.*
United States District Court, Southern District of Florida
Case No. 17-cv-24666-UU

**Lowell J. Kuvin**
Law Office of Lowell J. Kuvin
17 East Flagler Street, Suite 223
Miami, FL 33131
305-358-6800
Fax: 305-358-6808
Email: lowell@kuvinlaw.com
*Counsel for Plaintiff, Marco Watts*