**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:17-cv-24666-UU

MARCO WATTS,

    Plaintiff,

v.

CLUB MADONNA, INC. *et al.*,

    Defendants.

_____/

**ORDER**

THIS CAUSE comes before the Court upon Plaintiff's Motion in Limine (D.E. 56) and Defendants' Motion in Limine (D.E. 57).

THE COURT has considered the Motions, the pertinent portions of the record and is otherwise fully advised in the premises.

**BACKGROUND**

Plaintiff brought this case alleging two violations of the Fair Labor Standards Act ("FLSA"): unpaid overtime and unpaid minimum wage. *See* D.E. 1. Plaintiff worked at Defendant Club Madonna ("the Club") as a disc-jockey, and alleged that he was an employee even though Defendant characterized him as an independent contractor. *Id*.

On June 8, 2018, Plaintiff moved for partial summary judgment on the issue of whether he was an employee. D.E. 55. Defendants failed to respond to Plaintiff's motion, and on July 25, the Court accepted Plaintiff's uncontested factual assertions as true, applied them to the law, and concluded that Plaintiff was an employee. D.E. 65. Because Plaintiff was an employee, the

1

only issues to be resolved at trial concern how much overtime and/or unpaid minimum wage Defendants owe Plaintiff.

## DISCUSSION

**I.     Plaintiff's Motion in Limine**

Plaintiff moves to exclude evidence regarding several matters, addressed individually below, on the grounds that it is irrelevant or that its relevance is substantially outweighed by one or more of the considerations listed in Federal Rule of Evidence 403.

> A. Reference to Plaintiff's Tax Returns, Whether Plaintiff Properly Paid His Taxes in 2014–2016, and how Plaintiff classified himself on his tax returns

Plaintiff moves to exclude any reference to his tax returns on the grounds that they are irrelevant to his FLSA claims. In support, he cites several district court cases from this Circuit holding that how a FLSA plaintiff is characterized for tax purposes is not relevant to whether a plaintiff is an employee or independent contractor for FLSA purposes. *See, e.g.*, *Martins v. Royal Caribbean Cruises Ltd.*, 216 F. Supp. 3d 1347, 1363 (S.D. Fla. 2016). Defendants respond that Plaintiff's tax information shows that Plaintiff underreported the amount of income he earned, that he had several streams of income and could not have worked overtime, and that Plaintiff's characterization of his work is relevant to his truthfulness.

These arguments have largely been rendered moot by the Court's order granting partial summary judgment in Plaintiff's favor. Plaintiff's characterization is now irrelevant; the Court has determined that he was an employee. The live issues in the case are: how much work did Plaintiff do for Defendants, and was he properly compensated for that work. Defendants do not argue that the tax returns would show how much they paid Plaintiff. Furthermore, Defendants do not explain, and the Court is not aware, how a tax return would show that Plaintiff worked so much for other employers that he could not have worked overtime for Defendants. Lastly,

whether Plaintiff fully paid his taxes from 2014–2016 is irrelevant and, if he did not, extremely prejudicial.

However, to the extent that the returns show that Plaintiff had other employment, they may be relevant to the issue of how much time he spent working at the Club. Accordingly, Plaintiff's motion is granted as to these items except to the extent the returns show Plaintiff's other employment.

### B.  Reference to Pink Pony

Plaintiff argues that any reference to Plaintiff's employment at Pink Pony is irrelevant because he worked there only briefly while he was transitioning to the Club. Defendants counter that it is relevant because it shows that Plaintiff had other streams of income and it shows that Plaintiff has been untruthful about that fact.

Plaintiff's employment at Pink Pony is relevant for the limited purpose of establishing that while Plaintiff was working at Pink Pony, he could not also have been working at the Club. It is, therefore, relevant to determine how many hours he worked at the Club. Plaintiff's motion, therefore, is denied as to this item.

### C.  Reference or Inference that Plaintiff was Responsible for Tracking His Hours and Days Worked

Plaintiff moves to exclude this item on the grounds that FLSA imposes on employers, not employees, the obligation to record hours or days worked. *See Anderson v. Mt. Clemmons Pottery Co.*, 328 U.S. 680, 687 (1946). Defendants do not dispute this, and state that they have no intention of stating that Plaintiff was responsible for keeping track of his hours. Defendants contend, however, that they have evidence that Plaintiff did keep track of some of his hours, and that evidence is relevant to his damages.

Because FLSA imposes on employers the duty to keep track of hours, and because Defendants do not intend to argue otherwise, Plaintiff's motion is granted. But if, as Defendants contend, Plaintiff did keep track of some of his hours, that evidence is relevant to damages and will not be excluded on this basis.

> D. <u>Reference to Plaintiff's Promotion or Performance of His Song, "The Party" or Any Other Song</u>

Plaintiff argues that any reference to Plaintiff's performance of any particular song is irrelevant because promotion or performance of a particular song is not the same thing as working as a DJ at another club. Plaintiff also argues that the jury might not appreciate the difference, and therefore it is prejudicial. Defendants agree that time spent performing a song is different than being a DJ. But Defendants argue that Plaintiff's performance of particular songs is relevant for two reasons. First, time that Plaintiff spent performing songs outside of the Club is time he was not working for Defendants, and is therefore relevant to damages. Second, Defendants argue that time spent promoting his own music career while at the Club is not time that Plaintiff was "on the clock."

Any evidence that Defendants have of Plaintiff performing (either as a DJ or as a promoter of his own music) at another venue is relevant only to show that, during those hours, he was not working at the Club. Defendants may, therefore, use evidence of Plaintiff promoting or performing his songs at other venues to show that he was not working at Defendant at that same time, but they may not use that evidence to compare and contrast the nature and extent of Plaintiff's work at other venues.

Lastly, because the parties agree that performing one's own music is different that being a DJ, there is at least a dispute of fact about whether Plaintiff was "on the clock" when he performed his own music at the Club. These performances may, therefore, be relevant to

4

establish how much Plaintiff worked as a DJ while at the Club, and will not be excluded. Plaintiff's motion therefore, is denied, as to this issue.

### E. References that Plaintiff Shut Down His Twitter Account

Plaintiff argues that any reference to Plaintiff shutting down his Twitter account is irrelevant. Defendants respond that they have evidence showing that Plaintiff deleted several posts from his social media accounts that are relevant to this case. Defendants do not explain what those posts were or how they are relevant.

The Court cannot see how the question of whether Plaintiff shut down his Twitter account is relevant to the amount of time he spent working at the Club. And Defendant has not explained what the purportedly spoliated evidence is or how it is relevant. Because Defendants have not countered Plaintiff's position by pointing to any relevant evidence, the motion is granted as to this item.

### F. Reference To Documents Not Produced

Plaintiff moves to exclude reference to certain documents because they were not properly disclosed when Plaintiff was deposed. Plaintiff raised this argument in a discovery dispute before Magistrate Judge O'Sullivan, who ruled against him after the present motion was filed but before it became ripe. D.E. 60. Plaintiff's motion, therefore, is denied as moot as to these items.

### G. Reference to the Dancers as "Whores"

The parties agree that there should be no reference to the dancers at the Club as "whores." Accordingly, Plaintiff's motion is granted as to this item.

### H. Reference that Plaintiff worked for a Third-Party named Lazzaro

Plaintiff argues that any evidence showing that Plaintiff worked for a third-party named Lazzro is irrelevant. Defendants argue that it is relevant to show whether Plaintiff was working

5

for Defendants or Lazzaro at a given time. Defendants also argue that if Lazzaro gives helpful testimony to Plaintiff at trial, the nature and extent of his and Plaintiff's relationship may be relevant to show bias.

As stated above, the Court has already concluded that Plaintiff was an employee of Defendants, and Defendants may not, therefore, argue that he was not. However, if Plaintiff was working for a third party, and not for Defendants, at a particular time, Plaintiff may not claim that he is owed compensation for that time. Additionally, Defendants are entitled to show that any helpful testimony Lazzaro might offer on Plaintiff's behalf is the product of bias. Accordingly, the motion is denied as to this subject matter.

### I. Reference to Plaintiff's Post-Employment Actions and Subsequent Employment

Plaintiff argues that all evidence of his post-employment actions or subsequent employment must be excluded as irrelevant. Defendants argue that a blanket order prohibiting any such evidence is inappropriate at this time.

The Court is skeptical that any such evidence would be relevant, and Defendants have not directed the Court to any relevant admissible evidence in this category. Plaintiff's motion, therefore, is granted as to Plaintiff's post-employment actions and subsequent employment.

### J. Reference to Any Other Lawsuits in Which Plaintiff is A Party

Plaintiff moves to exclude any evidence concerning other lawsuits to which Plaintiff was a party on the grounds that it would be irrelevant, confusing, and prejudicial. Defendants agree that the existence of another lawsuit is not probative of any issue. Accordingly, the motion is granted as to other lawsuits to which Plaintiff was a party.

## II. Defendants' Motion in Limine

Defendants move to exclude evidence in certain categories, identified below, on the grounds that is irrelevant, improper character evidence, or that its probative value is substantially outweighed by one or more of the considerations listed in Federal Rule of Evidence 403

### A. Prior Investigations or Findings by the Department of Labor Involving Defendants

Defendant moves to exclude a past Department of Labor report, which found that the dancers and DJs at the Club were employees, as irrelevant and prejudicial. Plaintiff argues that it is relevant because the DJs are still payed today the same way they were when the report was published and thus it shows that Plaintiff is an employee.

Because the Court has already ruled that Plaintiff is an employee, that question is no longer at issue, and so the report is irrelevant. Additionally, to the extent the report identifies any wrongdoing by Defendants, it is prejudicial. Accordingly, the motion is granted as to the DOL report.

### B. Past Lawsuits, Settlements, or Other Legal Proceedings Involving Defendants

Defendants move to exclude any evidence of past lawsuits and other legal proceedings against Defendants as irrelevant. Plaintiff agrees that it will not introduce any such evidence with the exception of one lawsuit involving another DJ with whom Defendants settled. Plaintiff argues that lawsuit is relevant because, as here, the DJ there argued that he was an employee and not an independent contractor.

As above, the question of whether Plaintiff was an employee has been decided. The one case Plaintiff would like to discuss at trial is, therefore, irrelevant. Accordingly, the motion is granted as to past lawsuits.

7

C. <u>Advice, Statements, or Actions of Defendants' Prior Counsel</u>

Defendants move to exclude any evidence of advice, statements, or actions taken by its prior counsel on the grounds that it is irrelevant and prejudicial. Plaintiff agrees not to introduce such evidence unless Defendant opens the door at trial.

The parties do not clarify what this evidence might be or for what purpose it will be offered, but given that Plaintiff does not oppose exclusion, the Court will exclude it with the caveat, of course, that if Defendant opens the door, Plaintiff may step through it. The motion is, therefore, granted as to advice, statements, or actions of Defendants' prior counsel.

D. <u>Defendants' Tax Returns, Income, or Finances</u>

Defendant moves to exclude any evidence of or reference to its tax returns, finances, or income. Plaintiff does not oppose exclusion, but maintains that he should be allowed to argue at trial that Defendants' payment scheme for DJs was motivated by a desire to increase their income. Defendant does not oppose Plaintiff making this argument. Accordingly, the motion is granted as to tax returns, income, or finances.

ORDERED AND ADJUDGED that the Motions (D.E. 56 & D.E. 57) are GRANTED IN PART AND DENIED IN PART as set forth in this order.

DONE AND ORDERED in Chambers at Miami, Florida, this _9th_ day of July, 2018.

_____
UNITED STATES DISTRICT JUDGE

cc:
counsel of record via cm/ecf