UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 17-cv-24666-UU

MARCO WATTS,

    Plaintiff,
v.

CLUB MADONNA, INC., a Florida for-profit
corporation, and LEROY C. GRIFFITH,

    Defendants.
_____/

**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S MOTION
FOR COSTS AND ATTACHED BILL OF COSTS**

Defendants, CLUB MADONNA, INC. and LEROY C. GRIFFITH (collectively, the "Defendants") by and through their undersigned counsel, hereby file their objections to Plaintiff, MARCO WATTS' ("Plaintiff"), Motion for Costs and Attached Bill of Costs [D.E. 102], and state as follows:

**Introduction**

Plaintiff has moved for costs as a prevailing party pursuant to 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d), and S.D. Fla. L.R. 7.3(c) and seeks an Order taxing costs against the Defendants in the amount of $4,212.94. As an initial matter, Defendants submit that they defended this action in good faith and as expeditiously as possible. Furthermore, Defendants contend that they had meritorious defenses to Plaintiff's claims in this lawsuit and were entirely foreclosed from asserting such defenses due to the Court's Order granting Partial Summary Judgment in favor of Plaintiff [D.E. 65], which essentially amounted to a default judgment against Defendants on the issue of liability. On September 4, 2018, Defendants filed a timely Notice of Appeal [D.E. 101], and this matter is currently the subject of a pending appeal before the United States Court of Appeals for the Eleventh Circuit. Given the pending appeal before the Eleventh Circuit,

1

Defendants assert that, even if the court were inclined to award costs to Plaintiff, such costs are not properly taxable at this time.

Accordingly, Defendants assert that Plaintiff's entire petition for costs should be denied. Alternatively, at a minimum, any ruling by this Court should be reserved pending the outcome of the appeal pending before the Eleventh Circuit. If, *arguendo*, this Court finds that the aforementioned considerations do not entirely preclude an award of costs to Plaintiff at this time, Defendants also object to several of the individual components of the award sought by Plaintiff, and assert that any award of costs to Plaintiff should be reduced accordingly, as set forth below.

## Memorandum of Law

Costs should not be taxed before the Defendants' appeal is decided. *See e.g., Kiska Constr. Corp.-USA v. Wash. Metro. Area Transit Auth.,* Docket No. 97-2677, 2002 U.S. Dist. LEXIS 4116 (D.D.C. March 11, 2002); *Interactive Picture Corp. v. Infinite Pictures, Inc.,* Docket No. 3:96-cv-849, 2002 U.S. Dist. LEXIS 828 (E.D. Tenn. Jan. 3, 2002); *Brown v. American Enka Corp.,* 452 F. Supp. 154, (E. D. Tenn. 1976); *American Infra-Red Radiant Co. Inc. v. Lambert Industries, Inc.,* 41 F.R.D. 161, 163 (D. Minn. 1966). Courts have recognized that taxing costs against a party before the party's appeal is decided wastes valuable judicial resources, and poses the possibility that should a party prevail on appeal, they may lose their right to later seek costs as the prevailing party. *See Kiska Construction, supra.*

Because the underlying matter is presently on appeal before the Eleventh Circuit, this Court should utilize its discretion and reserve any ruling on Plaintiff's Motion for Costs pending the outcome of the appellate proceedings. This action promotes judicial economy and efficiency and protects Defendants' interests pending the outcome of the appeal.

## Arguments & Itemized Objections

**A. Fees of the Court Reporter**

a. Plaintiff seeks $661.80 for the "Deposition Ind Griffith", in connection with costs allegedly incurred by Plaintiff in taking the deposition of Defendant Griffith in his capacity as an individual Defendant in this case. With respect to the itemized bill for said deposition, Defendants specifically object to the costs of $16.00 for a condensed transcript and $30.00 for a digital transcript. These copies of the deposition were not "necessarily obtained for use in this case" under Rule 54 and the burden of their costs should not be placed on the Defendants. Consequently, Defendants object to being taxed costs for these unnecessary copies of the deposition.

b. Plaintiff seeks $731.15 for the "Deposition Corp Rep Corvea", in connection with costs allegedly incurred by Plaintiff in taking the deposition of Joseph Corvea in his capacity as corporate representative for Club Madonna, Inc. With respect to the itemized bill for said deposition, Defendants specifically object to the costs of $16.00 for a condensed transcript and $30.00 for a digital transcript. These copies of the deposition were not "necessarily obtained for use in this case" under Rule 54 and the burden of their costs should not be placed on the Defendants. Consequently, Defendants object to being taxed costs for these unnecessary copies of the deposition.

c. Plaintiff seeks $386.50 for the "Deposition Ind Chiusano", in connection with costs allegedly incurred by Plaintiff in taking the deposition of Bruce Chiusano in his individual capacity. With respect to the itemized bill for said deposition, Plaintiff seeks $16.00 for a condensed transcript and $30.00 for a digital transcript. These copies of the deposition were not "necessarily obtained for use in this case" under Rule 54 and the burden of their costs should not be placed on the Defendants. Consequently, Defendants object to being taxed costs for these unnecessary copies of the deposition.

d. Plaintiff seeks $782.50 for the "Deposition Ind Corvea", in connection with costs allegedly

incurred by Plaintiff in taking the deposition of Joseph Corvea in his individual capacity. A review of the itemized $782.50 bill referenced by Plaintiff reveals that this amount includes at least $290.00 in costs for the deposition of a witness named Mike Kalbach, while $492.50 appears to be assessed for the deposition of Corvea. Furthermore, the entirety of the court reporter's hourly appearance fee appears to be assessed to Corvea, even though a deposition of Mike Kalbach was also taken.

Defendants object to being taxed any costs incurred in connection with the deposition of Mike Kalbach, as Kalbach was a superfluous witness whose testimony was not necessarily obtained for use at trial. Indeed, Plaintiff did not rely upon any of Kalbach's deposition testimony in his Motion for Partial Summary Judgment, and Defendants clearly informed the Court that they did not expect to call Kalbach as a witness at trial when the parties appeared before the Court for Pretrial Conference on July 13, 2018.

Defendants also fully object to the $492.50 in costs for the deposition of Corvea in his individual capacity, as the deposition was duplicative of the deposition testimony Plaintiff obtained from Corvea in his capacity as Corporate Representative of Club Madonna, Inc. Indeed, this deposition was not "necessarily obtained for use in this case", as Plaintiff's Motion for Partial Summary Judgment cited only to the deposition of Corvea in his capacity as corporate representative of Club Madonna, Inc., and did not include the deposition of Corvea in his individual capacity. Furthermore, Defendants object to the $492.50 in costs for the deposition of Corvea to the extent that any of said amount is improperly itemized and attributable to the hourly appearance fee incurred for the deposition of Kalbach. Finally, Defendants specifically object to the two (2) itemized charges of $35 each for "Litigation Support Packages" ordered by Plaintiff in connection with the depositions of Corvea and Kalbach, respectively. Plaintiff has made no showing as to what exactly a "Litigation Support

4

Package" is, and it cannot be said that they were "necessarily obtained for use in this case."

e. Plaintiff seeks $358.75 for the "Deposition Corp Rep Griffith", in connection with costs allegedly incurred by Plaintiff in taking the deposition of Defendant Griffith in his capacity as a corporate representative for Club Madonna, Inc. With respect to the itemized bill for said deposition, Defendants specifically object to the $35.00 charge for the "Litigation Support Package" as not "necessarily obtained for use in this case" or otherwise taxable under Rule 54.

**B. Costs for Service of Process**

f. Plaintiff seeks $80.00 for "Subpoena Service Wolfe", in connection with $40.00 in costs ostensibly incurred for service of a subpoena on Richard Wolfe, Esq., with an additional $40.00 rush fee. Defendants note that it is not clear exactly why there was a rush fee for this expense and contend that Plaintiff has made no showing that such a fee was necessary or should be deemed taxable. Indeed, the amount in question is higher than the reasonable and customary charge for a subpoena, and Plaintiff's award should be limited to that amount. Consequently, even assuming this Court finds this expense was necessary, any award to Plaintiff should be reduced accordingly.

**C. Photocopy Costs**

g. Plaintiff seeks $572.47 for "3013 copies for trial" and $41.80 for "220 copies for court appearances". The burden is on the prevailing party to establish the nature of the documents and how they were used and intended to be used in the case. Plaintiff has failed to provide sufficient information, including information necessary to determine whether the listed costs were "necessarily obtained" for use in the case, what was copied, or for whom or what purpose each copy was made. *See* 28 U.S.C.A. § 1920(4). Further Plaintiff provides no explanation or justification as to why 220 copies of documents were necessary for the few, brief and basic

5

court appearances made in this case, or for how 3013 copies of documents was possibly necessary for trial of this relatively simple FLSA matter. As a result, Plaintiff should not be permitted to recover these requested costs.

h. Plaintiff seeks $127.97 for "Fedex/Kinkos Fee for Examplar For Use at Trial". The burden is on the prevailing party to establish the nature of the documents and how they were used and intended to be used in the case. Plaintiff has failed to provide sufficient information, including information necessary to determine whether the listed costs were "necessarily obtained" for use in the case. *See* 28 U.S.C.A. § 1920(4). The documentation provided by Plaintiff does not contain the necessary explanations nor does it even explain the nature of the "Examplar" to allow one to determine whether it falls within the rule of taxable costs or whether or which ones were made for the convenience of counsel and are nontaxable. As a result, Plaintiff should not be permitted to recover these requested costs.

**WHEREFORE**, Defendants ask this Court to deny Plaintiff's bill of costs in its entirety, or reduce it to an amount that this Court finds appropriate and for such further relief as this Court deems just.

Dated this 19th day of September, 2018.

Respectfully submitted,

s/Robert L. Switkes, Esq.
Florida Bar No.: 241059
rswitkes@switkeslaw.com
**ROBERT L. SWITKES & ASSOCIATES, P.A.**
407 Lincoln Road, PH SE
Miami Beach, FL 33139
Phone: (305) 534-4757
*Counsel for Defendants, Club Madonna, Inc. and Leroy C. Griffith*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 19th day of September, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/Robert L. Switkes

## **SERVICE LIST**
*Watts v. Club Madonna, Inc., et al.*
United States District Court, Southern District of Florida
Case No. 17-cv-24666-UU

Lowell J. Kuvin
Law Office of Lowell J. Kuvin
17 East Flagler Street, Suite 223
Miami, FL 33131
305-358-6800
Fax: 305-358-6808
Email: lowell@kuvinlaw.com
*Counsel for Plaintiff-Appellee, Marco Watts*

Sundeep K. Mullick
Law Office of Lowell J. Kuvin
17 East Flagler Street, Suite 223
Miami, FL 33131
305-358-6800
Fax: 305-358-6808
Email: sunny@kuvinlaw.com
*Counsel for Plaintiff-Appellee, Marco Watts*