UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-24666-CIV-UNGARO/O'SULLIVAN

MARCO WATTS,

    Plaintiff,

v.

CLUB MADONNA, INC., a Florida for-profit
corporation, and LEROY C. GRIFFITH,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Plaintiff's Verified Motion for Attorney's Fees (DE # 107, 9/24/18). This matter was referred to Chief United States Magistrate Judge John J. O'Sullivan by the Honorable Ursula Ungaro, United States District Court Judge for the Southern District of Florida pursuant to 28 U.S.C. § 636(b). Having carefully considered the issues, the court file, and applicable law, the undersigned respectfully recommends that the Plaintiff's Verified Motion for Attorney's Fees (DE # 107, 9/24/18) be **GRANTED in part and DENIED in part** in accordance with the following Report and Recommendation.

## BACKGROUND

The plaintiff filed this action to establish overtime and minimum wage violations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-216, and minimum wage damages under Fla. Stat. § 448.110 and Fla. Const. Art. 10 § 24 ("FMWA"). The defendants denied the violations, and raised affirmative defenses. The affirmative

defenses included: (1) that the defendants did not willfully violate the FLSA; (2) that the defendants acted in good faith compliance with the FLSA; (3) that the individual defendant, LEROY C. GRIFFITH, was not an employer of the plaintiff; and (4) that the defendants paid the plaintiff all the money to which the plaintiff was entitled.

The Court entered a Stipulated Final Judgment (DE # 97, 8/6/18) in this matter on August 6, 2018, in the amount of $29,268.40, which represented both actual and liquidated damages for unpaid wages under the FMWA.  The Court entered Final Judgment (DE # 100, 8/17/18) in this matter the next day, on August 17, 2018, in the same monetary amount.

The plaintiff filed the Plaintiff's Verified Motion for Attorneys' Fees (DE # 107, 9/24/18) on September 24, 2018.  The defendants filed the Defendants' Response in Opposition to Plaintiff's Verified Motion for Attorneys' Fees (DE # 110, 10/9/18) on October 9, 2018.  The plaintiff filed the Plaintiff's Reply to Response in Opposition to Plaintiff's Verified Motion for Attorneys' Fees (DE # 113, 10/16/18) on October 16, 2018.  The plaintiff seeks fees in the amount of $94,366.35[1] in this matter. This matter is ripe for adjudication.

## DISCUSSION

**I. Entitlement to Fees**

The plaintiff seeks fees in this matter pursuant to Florida Statute §448.110, and Local Rule 7.3.  Local Rule of Civil Procedure 7.3 defines the requirements for filing a

---

[1] In the Motion, the plaintiff requested fees in the amount of $100,643.85, but in the reply agreed to certain reductions outlined by the defendants which reduced the requested award to $94,366.35.

motion for attorney's fees and costs. Florida Statute § 448.110(6)(c)(1) indicates that an award of attorney's fees is appropriate. Accordingly, as a Stipulated Final Judgment was entered in favor of the plaintiff in this matter, the plaintiff prevailed in the case at bar, and is entitled to receive attorney's fees.

**II. Amount of Fee Award**

Having determined that the plaintiff is entitled to an award of attorney's fees incurred in connection with this lawsuit, the undersigned next addresses the appropriate amount of that fee award. In calculating a reasonable attorney's fee award, the court must consider the number of hours reasonably expended on this litigation, together with the customary fee charged in this community for similar legal services. *See Hensley v. Eckerhart*, 461 U.S. 424, 103 S. Ct. 1933 (1983); *Loranger v. Stierheim,* 10 F.3d 776 (11th Cir. 1994). These two figures are then multiplied together, resulting in a sum commonly referred to as the "lodestar". Under certain circumstances, the lodestar *may* be adjusted in order to reach a more appropriate attorney's fee. *See Blum v. Stenson*, 465 U.S. 886, 888, 104 S. Ct. 1541, 1544 (1984).

A. Reasonable Hourly Rate

The Court must first evaluate the plaintiff's requested fee in terms of the appropriate hourly rate. In order to determine a reasonable and proper fee award, the court must consider the number of hours expended on the case together with the customary hourly fees charged in this community for similar services. *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The Supreme Court has held that a reasonable hourly rate is to be measured by "prevailing

market rates in the relevant community." *Blum*, 465 U.S. at 895.  In determining the prevailing market rates the Court should consider several factors including "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996) (*citing Dillard v. City of Elba*, 863 F. Supp. 1550, 1552 (M.D. Ala. 1993)).

Generally, acceptable proof of the market rate may be comprised of testimony and direct evidence from other legal practitioners in the relevant legal community who are familiar with the type of legal service provided and the prevailing market rate for such work.  *Norman,* 836 F.2d at 1299. Furthermore, the court may make a fee award based on its own experience where documentation and testimony are inadequate or the fees claimed seem expanded.  *Id.* at 1303 (*citing Davis v. Bd. of Sch. Comm'rs of Mobile Cnty.,* 526 F.2d 865, 868 (5th Cir. 1976)).

The plaintiff requests an hourly rate of $450.00 per hour for the following attorneys that worked on the matter: (1) Lowell J. Kuvin, admitted to practice in 2008, and almost exclusively practices in labor and employment law; (2) Sundeep K. Mullick, admitted to practice law for over 20 years, and admitted to the Florida bar in 2005; (3) Peter Bober[2], who has practiced law for over 20 years and has been admitted to the

---

[2] In the Motion, the plaintiff indicates that Mr. Bober is entitled to a minimum hourly rate of $400.00 per hour.

Florida bar since 1997; and (4) Samar Robbins Bober[3], who has practiced law for over 20 years and has been admitted to the Florida bar since 1998. The plaintiff seeks an hourly rate of $135.00 per hour for the work done by paralegal Esther Troche. The defendants object to the plaintiff's requested hourly rate for all attorneys and opine that a rate of $375.00 per hour is more appropriate for the attorneys. The Court may use its own experience in assessing the reasonableness of attorneys' fees and may form an independent judgment either with or without witnesses. *Norman*, 836 F.2d at 1299. The Court finds that, although the attorneys who performed work in this matter are skilled attorney, an hourly rate of $450.00 is excessive for the attorneys in this matter, and a rate of $400.00 an hour for the attorney's is more appropriate. The defendants do not object to the rate of $135.00 per hour for the paralegal, and the undersigned finds the rate of $135.00 per hour is appropriate.

    B. <u>Reasonable Number of Hours Expended</u>

The Court must next evaluate the plaintiff's requested fees for reasonableness in terms of the total hours expended by the plaintiffs' counsel. After the agreed reductions, the plaintiff requests 87.34 hours for Mr. Kuvin, 109.40 hours for Mr. Mullick, 13.10 hours for Mr. Bober, 0.0 hours for Ms. Bober, and 3.21 hours for Ms. Troche. The defendants argue that the requested fees should be reduced for duplicative entries, unreasonable entries, redundant entries, tasks not traditionally performed by attorneys, too much time billed for certain tasks, too much time researching a question of law,

---

[3] In the Motion, the plaintiff indicates that Ms. Bober is entitled to a minimum hourly rate of $400.00 per hour, however, in the reply, the plaintiff agreed to withdraw the entire 1.50 hours sought by Ms. Bober.

different amounts of time billed by attorneys attending the same hearing, and double billing.  The defendants further argue that the clerical and non-attorney tasks performed by the attorneys and the paralegal should be stricken, that work done by Mr. Bober and Ms. Bober after their termination should be stricken, that time entries that lack specificity should be stricken, that hours expended on unnecessary work should be stricken, and that fees should be stricken to the extent that they resulted from bad faith tactics.  The defendants also argue that the total amount of fees should be reduced based on recovery and that the Court should reserve ruling on the fees motion until the resolution of the defendants' appeal.[4]

     The Court should exclude from the fees award compensation hours that are "excessive, redundant or otherwise unnecessary."  *Norman*, 836 F.2d at 1301 (quoting *Hensley*, 461 U.S. at 434).  The Court may determine a reasonable award based on its own experience.  *Norman*, 836 F.2d at 1303.  The burden rests on the plaintiff to submit a request for fees that will enable the court to determine what time was reasonably expended.  *Loranger v. Stierheim*, 10 F.3d 776, 782 (11th Cir. 1994).  The plaintiff submitted billing records and affidavits of the attorneys and paralegal that worked on this case in support of the motion for fees.  The plaintiff requests compensation for 87.34 hours for Mr. Kuvin, 109.40 hours for Mr. Mullick, 13.10 hours for Mr. Bober, 0.0 hours for Ms. Bober, and 3.21 hours for Ms. Troche.  The undersigned opined earlier in this report and recommendation that the hourly rates of all the legal staff should be reduced - the attorneys to $400.00 per hour and the paralegal to $100.00 per hour.

---

[4] As noted in the Report and Recommendation on Costs docketed on the same day as this Report and Recommendation, an appeal is not grounds to delay ruling on fees and costs motions.

This would result in: (1) 87.34 hours for Mr. Kuvin at a rate of $400.00 per hour for a total of $34,936.00; (2) 109.40 hours for Mr. Mullick at a rate of $400.00 per hour for a total of $43,760.00; (3) 13.10 hours for Mr. Bober at a rate of $400.00 per hour for a total of $5,240.00; (4) 0.0 hours at a rate of $400.00 per hour for Ms. Bober for a total of $0.00; and (5) 3.21 hours for Ms. Troche at a rate of $135.00 per hour for a total of $433.35.  The total sum of all of the aforementioned charges is $84,369.35.  Accordingly, before any other reductions in fees are discussed in this Report and Recommendation, the request by the plaintiff for $94,366.35 in fees should be reduced to $84,369.35.

The plaintiff's recovery in this matter, which occurred prior to the commencement of trial, was $29,268.40.  The plaintiff filed both overtime and minimum wage claims, but only recovered on the minimum wage claims. $84,369.35 in fees is an excessive amount of fees for a case that settled before trial.

This Court must exercise independent judgment when reviewing a claim for hours reasonably expended.  See *Norman*, 836 F.2d at 1301-02. Hours deemed to be "excessive, redundant, or otherwise unnecessary" should be excluded. *Id*. "Attorneys who anticipate making a fee application must maintain contemporaneous, complete and standardized time records which accurately reflect the work done by each attorney." *Nat'l Ass'n. of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1327 (D.C. Cir. 1982).  It is necessary for attorneys to identify the subject matter of his/her time expenditures.  *Hensley,* 461 U.S. at 437.  If there is inadequate documentation or if the court finds a claim for hours to be "excessive or unnecessary", the court may reduce the

number of hours for which fees will be awarded. *Florida Patient's Comp. Fund v. Rowe*, 472 So.2d 1145, 1150 (Fla. 1985); *see also Loper v. New York City Police Dep't,* 853 F.Supp. 716, 721 (S.D.N.Y. 1994) ("where adequate contemporaneous records have not been kept, the court should not award the full amount requested"). "If the court concludes that the number of claimed hours is excessive, it may engage in 'an across-the-board cut,' so long as it provides adequate explanation for the decrease." *Galdames v. N & D Inv. Corp.*, 432 F. App'x 801, 806 (11th Cir. 2001). Furthermore, the "[p]laintiff's success, or lack thereof, is an important consideration and can result in a conclusion that the lodestar amount must be reduced." *Id.* at 808.

When the fees requested are voluminous, this Court is not required to engage in an hour-by-hour analysis. *Loranger*, 10 F.3d at 783; *Trujillo v. Banco Central del Ecuador*, 229 F. Supp. 1369, 1375 (S.D. Fla. 2002); cf. *Norman*, 836 F.2d at 1301. "[I]t is sufficient for the court to provide a concise but clear explanation of its reasons for the reduction." *Loranger*, 10 F.3d at 783. The rule in *Loranger* differs from the rule articulated in *Norman*. *See Trujillo*, 229 F. Supp. at 1375. "The earlier decision in Norman requires the district court to specifically identify any disallowed, non-compensable hours, and to further explain why the hours are being disallowed." Id. (citing *Norman*, 836 F. 2d at 1304).

The Eleventh Circuit, in the case of *Martinez v. Hernando County Sheriff's Office*, 579 Fed.Appx. 710 (11th Cir. 2014), found that a percentage reduction of fees by the District Court was appropriate. The *Martinez* Court opined,

> A lodestar figure "is itself strongly presumed to be reasonable." *Resolution Trust Corp. v. Hallmark Builders,*

8

> *Inc.,* 996 F.2d 1144, 1150 (11th Cir. 1993); *see Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552, 130 S.Ct. 1662, 1673, 176 L.Ed.2d 494 (2010). Nonetheless, the district court may adjust the lodestar for "results obtained." *Hensley*, 461 U.S. at 434, 103 S.Ct. At 1940. Relevant here, when "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." *Id*. at 436, 103 S.Ct. At 1941. Accordingly, the district court has discretion to reduce an award to account for situations where the lodestar figure is unreasonable in light of the limited success obtained. *See id.* at 436-37, 103 S.Ct. at 1941.
>
> The district court did not abuse its discretion in reducing the lodestar figure by 75% and awarding $10,900.50 in attorney's fees. Martinez was only partially successful in his claims, so the court was permitted to adjust the lodestar downward. *See id*. at 434-37, 103 S.Ct. at 1941.
>
> The district court's reduction of the lodestar amount was reasonably proportionate to Martinez's success in the lawsuit.

*Martinez*, 579 Fed.Appx. 710, 715.

In this case, like in the *Martinez* case, the plaintiff was only partially successful and a reduction in the amount of the requested fees is warranted. The undersigned recommends a percentage reduction.

To summarize, in the instant case the plaintiff is considered a "prevailing party", however, the recovery was only on part of the original claims. The work done by the plaintiff's attorneys in this matter on the minimum wage claim and the overtime claim were intertwined and there is no way to separate the work done on the two claims. Pursuant to his review of the billing records, the undersigned finds that plaintiff's counsel over-billed for certain tasks, especially tasks that an established labor law

9

attorney should have been able to complete in a much more timely fashion. However, the defendants did not list each and every specific objection in the response to the motion for fees. Accordingly, a percentage reduction is permitted. The undersigned finds that a 40% reduction (after the billing rates for the attorneys are reduced) should be applied to the plaintiff's requested fee award. In other words, the plaintiff should be awarded 60% of $84,369.35 in fees.

The plaintiff requests a total lodestar amount of $94,366.35 for attorney and paralegal time in this matter. After the hourly rate reductions, the lodestar amount is $$84,369.35. Sixty percent of $84,369.35 is $50,621.61. The plaintiff should be awarded $50,621.61 in attorneys fees.

## RECOMMENDATION

In accordance with the foregoing, the undersigned respectfully recommends that the Plaintiff's Verified Motion for Attorney's Fees (DE # 107, 9/24/18) be **GRANTED in part and DENIED in part** and the plaintiff be awarded $50,621.61 in fees.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Ursula Ungaro, United States District Judge. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

RESPECTFULLY SUBMITTED at the United States Courthouse in Miami, Florida, this 14th day of February 2019.

JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE