Oct 7, 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

October 07, 2019

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number:  18-13764-GG
Case Style:  Marco Watts v. Club Madonna, Inc., et al
District Court Docket No:  1:17-cv-24666-UU

The enclosed order has been ENTERED.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Joseph Caruso, GG
Phone #: (404) 335-6177

MOT-2 Notice of Court Action

## IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

_____

No. 18-13764-GG

_____

MARCO WATTS,

Plaintiff - Appellee,

versus

CLUB MADONNA, INC.,
a Florida for-profit corporation,
LEROY C. GRIFFITH,

Defendants - Appellants.

--------------------------
On Appeal from the United States District Court for the
Southern District of Florida
--------------------------

BEFORE:   MARTIN, JILL PRYOR and NEWSOM, Circuit Judges.

BY THE COURT:

Appellee's "Verified Motion for Extension of Time *Nunc Pro Tunc* to August 22, 2019 to

File Motion for Costs," which is construed as a motion to file the bill costs out of time, is

GRANTED.

Appellee's "Amended Motion for Attorneys' Fees" is GRANTED AS TO

ENTITLEMENT.   On its own motion, this Court TRANSFERS this motion to the District Court

for its consideration of the reasonable amount of appellate attorney's fees to be awarded to

Appellee.

UNITED STATES COURT OF APPEALS
ELEVENTH CIRCUIT

Case No. 18-13764-G

MARCO WATTS,

        Plaintiff/Appellee,

v.

CLUB MADONNA, INC.,
a Florida for-profit corporation,
and LEROY C. GRIFFITH,

        Defendants/Appellants.

------------------------------------------------------------/

## PLAINTIFF/APPELLEE'S AMENDED[1]
## MOTION FOR ATTORNEYS' FEES

Plaintiff/Appellee, MARCO WATTS ("Watts"), by and through undersigned

counsel, pursuant to 11th Cir. R. 39-2, respectfully moves for an Order awarding

attorneys' fees to Watts and against Defendants/Appellants, jointly and severally,

and in support thereof states:

---

[1] This Amended Motion has been amended to include the required "Form to
Accompany Application for Attorney's Fees". No other changes have been made
from the original Motion.

1

## I.    <u>ENTITLEMENT TO AWARD OF ATTORNEY'S FEES</u>

1.    This matter sounds under the Fair Labor Standards Act (the "FLSA") 29 U.S.C. §§ 201-216, as well as minimum wage damages pursuant to Fla. Stat. § 448.110 and Fla. Const. Art. 10 § 24 ("FMWA").

2.    Watts prevailed in the trial court, and as the prevailing party, the trial court awarded Watts his attorneys' fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) and Florida Statutes § 448.110(6)(c)(1).

3.    On appeal, Watts successfully defended the trial court's grant of partial summary judgment.

4.    In an opinion filed on August 8, 2019, this Court affirmed the trial court's grant of partial summary judgment to Watts.

5.    Therefore, Watts is the prevailing party on appeal.

6.    Watts is entitled to recover his attorneys' fees from Defendants/Appellants pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b)("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." [emphasis added].).  Section 216(b) makes the award of costs to a prevailing Appellate-Plaintiff mandatory, and Watts respectfully requests that the Court award him his reasonable attorneys' fees pursuant to the Fair Labor

2

Standards Act 29 U.S.C. § 216(b).  Watts is also entitled to recover his attorneys'

fees from Defendants/Appellants pursuant to Florida Statutes § 448.110(6)(c)(1).

## II.     THE AMOUNT OF THE AWARD

### Calculating Counsel's Reasonable Attorneys' Fees

#### a.  Loadstar

As the Court discussed in *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th

Cir.1994), citing *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983), "The starting

point in fashioning an award of attorney's fees is to multiply the number of hours

reasonably expended by a reasonable hourly rate."

The initial estimate of a reasonable hourly attorneys' fee is properly

calculated by multiplying the number of hours expended on the litigation times a

reasonable hourly rate. "A reasonable hourly rate is the prevailing market rate in

the relevant legal community for similar services by lawyers of reasonably

comparable skills, experience, and reputation." *Loranger*, 10 F.3d at 781(quoting

*Norman,* 836 F.2d at 1299) (citing *Blum v. Stenson,* 465 U.S. 886, 895-96 n. 11

(1984)).  Fee awards are to be calculated based upon prevailing market rates in the

local community for similar services by lawyers of reasonably comparable skill,

reputation and experience.  *Blum*, 465 U.S. at 894.  Evidence of prevailing rates for

comparable services can be adduced either through direct evidence of charges by

3

lawyers under similar circumstances or by opinion evidence. *See Duckworth v. Whisenant*, 97 F.3d 1393 (11th Cir. 1996); *Norman*, 836 F.2d at 1299. Evidence of comparable skill should be defined in terms of length and type of experience, education, professional accomplishments and reputation. *See Perkins*, 847 F.2d at 737, n.1. The Court should also analyze the skills of the organization, efficiency, knowledge of the trial practice, knowledge of the substantive law and persuasiveness in determining the skill level of the lawyer seeking an award of attorneys' fees. Adjustments to that hourly rate may then be made as necessary for a particular case. *See Blum*, 465 U.S. at 888.

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman,* 836 F.2d at 1299. The applicant bears the burden of producing satisfactory evidence that his requested rate is reasonable. Testimony that a given fee is reasonable is satisfactory because "satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits." *Id.*

The Court is considered an expert on the reasonableness of the attorney's fee and may consider its own knowledge and experience concerning the reasonable

and proper fees either with or without expert testimony as to value. *See Reppert v. Mint Leaf, Inc.,* 2013 U.S. Dist. LEXIS 17105, *6 (S.D. Fla. Jan. 31, 2013).

### The Number of Hours Reasonably Expended in the Case

Attached to this Motion **as Exhibits "1" and "2,"** respectively, are the hourly billing records for Watts' counsel, Lowell J. Kuvin, Esq. and Sundeep K. Mullick, Esq.

In this case, as evidenced by the attached Exhibits "1" and "2," the minimum total number of hours expended by Watts' counsel for representation related to this appeal is 64.54 hours.

The hours represented in Exhibits "1" and "2" are reasonable, and were necessary to defend this appeal.

Mr. Kuvin planned strategy and was the lead attorney. He expended 7.74 hours. Itemized bills showing the tasks performed by Mr. Kuvin are attached hereto as Exhibit "1."

5

Mr. Mullick was co-counsel, researched the issues and wrote the Brief.  He expended 56.8 hours.[2]  Itemized bills showing the tasks performed by Mr. Mullick are attached hereto as Exhibit "2."

Both attorneys for Watts exercised billing judgment by keeping contemporaneous records of time expended throughout the litigation and by removing any entries that could be conceived as excessive, redundant or otherwise unnecessary.

The bulk of hours expended by Watts' counsel were in studying Defendants/Appellants' Briefs, researching the case law cited by Defendants/Appellants, researching the applicable case law and preparing Watts' Brief in Opposition.

The number of hours billed were reasonable in the prosecution of this matter.

### The Fee Agreement

Watts' Fee Agreement is a contingent fee agreement with the Law Office of Lowell J. Kuvin, LLC, and was for a reasonable attorney's fee awarded by the

---

[2] Although Mr. Mullick actually expended 58.0 hours on this appeal, he is only requesting an award for 55.8 hours.  Much of the remainder of the time he spent was in e-mailing opposing counsel and reviewing Notices from the Clerk.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

Court pursuant to Section 216(b) of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. or under Florida or federal statutes or case law.

The case was taken on a contingent basis, and if no recovery was made, Watts would not be responsible for the attorney's fees of the Law Office of Lowell J. Kuvin, LLC.

### b. Attorneys' Reasonable Hour Rate

Watts' counsel seek an hourly rate of $450 for each hour that they worked on this case.

### i. Lowell J. Kuvin, Esq.

Mr. Kuvin has been admitted to the practice of law in 2008, and for the last eleven (11) years has almost exclusively practiced in the area of labor and employment law matters representing both plaintiffs and defendants.  He has been peer rated as AV® Preeminent™ in *Martindale Hubbell*®.   During his career, the majority of his practice has been in federal and state court at the district court, circuit court and appellate levels.   In this regard, Mr. Kuvin has worked as trial counsel, co-counsel or appellate counsel in numerous matters including class and collective actions.  Mr. Kuvin is admitted to practice before the Eleventh Circuit Court of Appeals, and the Northern, Middle and Southern Districts of Florida.

Over the last eleven (11) years, Mr. Kuvin has handled hundreds of cases for plaintiff-employees or defendant-employers arising under local, state and federal labor laws.  Being the managing partner at the Law Office of Lowell J. Kuvin, LLC, Mr. Kuvin has also supervised and participated in the litigation by other firm attorneys of numerous plaintiffs' wage and hour cases.

Mr. Kuvin is recognized as a leader in the field of wage and hour litigation under the FLSA and FMWA and Title VII litigation despite the fact that he has practiced for only eleven (11) years.  *See Baldwin v. Foxx*, EEOC DOC 0120133080, 2015 WL 4397641 (July 16, 2015)(holding that sexual orientation is a protected category under Title VII).

He also has over twenty-five (25) years in the restaurant industry which provides him with unique insight into wage and hour cases.

The number of hours billed by Mr. Kuvin in this case was 7.74.  The number of hours billed by Mr. Kuvin was reasonable in the prosecution of this matter.  *See* Declaration of Lowell J. Kuvin attached hereto as **Exhibit "3."**

A reasonable hourly rate for an attorney with similar experience and expertise is $450.00 per hour.

8

### ii.      Sundeep K. Mullick, Esq.

Mr. Mullick has been admitted to the practice of law for over twenty (20) years, and has been admitted in Florida since 2005.  Mr. Mullick is an experienced attorney who has focused his practice on civil litigation.  As of 2012, he has been peer rated as AV® Preeminent™ in *Martindale Hubbell*®.  The majority of Mr. Mullick's practice has been in federal and state court at the district court, circuit court and appellate levels.  For the last five (5) years, Mr. Mullick has practiced almost exclusively in the area of labor and employment law and Title VII litigation representing both plaintiffs and defendants mainly before the Southern District of Florida and the Eleventh Circuit Court of Appeals.

Mr. Mullick is admitted to practice before the United States Supreme Court, the Southern District of Florida and the Middle District of Florida.

The number of hours billed by Mr. Mullick in this case was 55.8.  The number of hours billed by Mr. Mullick was reasonable in the prosecution of this matter.  *See* Declaration of Sundeep K. Mullick attached hereto as **Exhibit "4."**

A reasonable hourly rate for an attorney with similar experience and expertise is $450.00 per hour.

Watts' counsel believe that their requested hourly rate of $450.00 is appropriate based upon their review of other fee awards in FLSA cases in the

9

Southern District of Florida and based upon the level of experience, knowledge of the applicable law in this area and the skill displayed by counsel.

A reasonable rate for an attorney with Mr. Kuvin's and Mr. Mullick's experience is $450.00 per hour in FLSA and FMWA actions. *See Lane v. Capital Acquisitions & Mgmt. Co.,* 554 F. Supp. 2d 1345, 1352 (S.D. Fla. 2008)(awarding $450.00 per hour in FLSA case); *James v. Wash Depot Holdings, Inc.*, 489 F. Supp. 2d 1341, 1350 (S.D. Fla. 2007)(awarding $450.00 per hour in FLSA case). Most recently, Mr. Kuvin and Mr. Mullick were awarded $400 per hour for their work on this case in the trial court. *See Watts v. Club Madonna*, 17-CV-24666-Ungaro/O'Sullivan, S.D.Fla., Report and Recommendation at p.5, [D.E. #116], a copy of which is attached hereto as **Exhibit "5,"** and Order Adopting Magistrate Judge's Report [D.E. #121], a copy of which is attached hereto as **Exhibit "6."** Watts notes that in a 2015 case in the Southern District of Florida, Attorney Adam S. Hall, Esq., who has been admitted to practice law since 1997 as Mr. Mullick has, was awarded $500 per hour. *See Denarii Systems, LLC v. Arab*, 12–24239–CIV, 2015 WL 328205 at *2 (S.D.Fla. January 23, 2015).

Interestingly, Watts' counsel located a Declaration of Mr. Switkes (counsel for Defendants/Appellants) filed in an FLSA case in the Southern District of Florida where he sought $450.00 per hour for his work in 2008 – eleven (11) years

10

ago.  *See* Declaration of Robert L. Switkes, dated October 10, 2008, at ¶12, in the case of *King v. CVS Caremark Corp.*, 07-21824-CIV-Graham/Torres, a copy of which is attached hereto as **Exhibit "7."**[3]  Considering inflation and the fact that Watts prevailed over Defendants/Appellants, Watts believes that an award of $450 per hour for Mr. Kuvin and Mr. Mullick is reasonable.

Accordingly, Watts seeks an award of attorneys' fees as follows:

Lowell J. Kuvin, Esq. (7.74 hours x $450 per hour)      =      $3,483.00

Sundeep K. Mullick, Esq. (55.8 hours x $450 per hour)   =      $25,110.00

**TOTAL**          **$28,593.00**

Attached as **Exhibit "9"** is the required Form to Accompany Application for Attorney's Fees for Mr. Kuvin.  Attached as **Exhibit "10"** is the required Form to Accompany Application for Attorney's Fees for Mr. Mullick.

WHEREFORE, Watts respectfully requests that the Court grant the instant Motion in its entirety, enter an Order awarding Watts attorneys' fees in the amount of $28,593.00 against Defendants/Appellants, jointly and severally, plus interest in accordance with 29 U.S.C. § 1961, and grant Watts such other and further relief as this Court deems just and proper.

---

[3] In that case, all of the "partners" sought fees of $425.00 - $450.00 per hour – over ten (10) years ago.  *See* Motion to Recover Attorneys' Fees And Litigation Costs at p.14, a copy of which is attached as **Exhibit "8."**

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

Respectfully submitted September 27, 2019.

By: s/Lowell J. Kuvin
Lowell J. Kuvin, Esq.
Florida Bar No.: 53072
Lowell@kuvinlaw.com
Sunny@kuvinlaw.com
*Law Office of Lowell J. Kuvin, LLC*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808
*Attorneys for Plaintiff/Appellee*

## CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY that 14 point Times New Roman font was used throughout this document and that 2,440 words are extant herein.

By: /s/ Lowell J. Kuvin, Esq.
Lowell J. Kuvin, Esq.

## DEFENDANT/APPELLEE'S
## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

1.   Watts, Marco, Appellee

2.   Law Office of Lowell J. Kuvin, LLC, counsel for Appellee

3.   Kuvin, Lowell J., counsel for Appellee

4.   Mullick, Sundeep K., counsel for Appellee

5.   Bober & Bober, P.A., former counsel for Appellee

6.   Bober, Peter Joseph Marshall, former counsel for Appellee

12

7.  Bober, Samara Robbins, former counsel for Appellee

8.  Club Madonna, Inc., Appellant

9.  Griffith, Leroy, C., Appellant

10.  Robert L. Switkes & Associates, P.A., counsel for Appellants

11.  Switkes, Robert L., counsel for Appellants

12.  Zappala, Bradley F., counsel for Appellants

13.  Ungaro, Ursula, Honorable U.S. District Court Judge

Appellee certifies that no publicly traded company or corporation has an interest in the outcome of the case or appeal.

> By: /s/ Lowell J. Kuvin, Esq.
> Lowell J. Kuvin, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy hereof is being furnished by electronic service and first class U.S. mail this 27th day of September, 2019, to:

**Robert L. Switkes, Esq.**
ROBERT L. SWITKES & ASSOCIATES, P.A.
407 Lincoln Road, Penthouse SE
Miami Beach, FL 33139
Telephone: (305) 534-4757
Facsimile: (305) 538-5504
E-mail: rswitkes@switkeslaw.com
*Attorneys for Defendants/Appellants*

13

**Bradley Zappala, Esq.**
ROBERT L. SWITKES & ASSOCIATES, P.A.
407 Lincoln Road, Penthouse SE
Miami Beach, FL 33139
Telephone: (305) 534-4757
Facsimile: (305) 538-5504
E-mail: bzapalla@switkeslaw.com
*Attorneys for Defendants/Appellants*

                                    By: /s/ Lowell J. Kuvin, Esq.
                                         Lowell J. Kuvin, Esq.

14

# EXHIBIT "1"

Case: 18-13764 Date Filed: 10/07/2019 Page: 16 of 83

# Activities Export

09/10/2019
7:39 PM

| Date ▼ | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| 03/04/2019 | ⊙ | Plaintiff - Contingency: Review exhibits and check citations to Brief prior to filing.<br>● Unbilled | 00766-Watts (Appeal) Marco Watts v. Club Madonna | Lowell Kuvin | 1.01h | 0.00 | - | 0.00 |
| 02/27/2019 | ⊙ | Plaintiff - Contingency: Review Brief in Opposition for accuracy and proper formatting<br>● Unbilled | 00766-Watts (Appeal) Marco Watts v. Club Madonna | Lowell Kuvin | 0.50h | 0.00 | - | 0.00 |
| 02/19/2019 | ⊙ | Plaintiff - Contingency: Review draft Brief in Opposition (2.0); refine arguments and make changes to the time line of events (.98)<br>● Unbilled | 00766-Watts (Appeal) Marco Watts v. Club Madonna | Lowell Kuvin | 2.98h | 0.00 | - | 0.00 |
| 01/21/2019 | ⊙ | Plaintiff - Contingency: Study Appellant's Brief (2.3); develop strategy for Brief in Opposition (.55); review the record to create timeline of events (.4)<br>● Unbilled | 00766-Watts (Appeal) Marco Watts v. Club Madonna | Lowell Kuvin | 3.25h | 0.00 | - | 0.00 |
| | | | | | 7.74h | | $0.00<br>0.0h | $0.00<br>7.74h |

1/1

EXHIBIT "2"

# Activities Export

| Date | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|------|------|-------------|--------|------|-----|----------|------------------|--------------|
| 09/09/2019 | | Review Local Rules and prepare Motion for Attorneys Fees (2.0); prepare required Affidavits re: above (.4); prepare Form to Accompany Application for Attorney's Fees for Mr. Kuvin and Mr. Mullick (.2)<br>● Unbilled | 00766-Watts (Appeal) Marco Watts v. Club Madonna | Sunny Mullick | 2.60h | 0.00 | - | 0.00 |
| 08/29/2019 | | Review Local Rules and prepare Motion for Costs and Bill of Costs (1.0); prepare Motion for Nunc Pro Tunc Extension of Time to File Motion for Costs (.5)<br>● Unbilled | 00766-Watts (Appeal) Marco Watts v. Club Madonna | Sunny Mullick | 1.50h | 0.00 | - | 0.00 |
| 08/08/2019 | | Review appellate Opinion affirming District Court (.4); review appellate rules re: deadline to file bill of costs and seek attorneys' fees (.2)<br>● Unbilled | 00766-Watts (Appeal) Marco Watts v. Club Madonna | Sunny Mullick | 0.60h | 0.00 | - | 0.00 |
| 03/27/2019 | | Study Defendants' Reply Brief (.8); telephone conference with opposing counsel re: Defendants' request to submit corrected Reply Brief (.1); review Motion to File Corrected Reply Brief (.1)<br>● Unbilled | 00766-Watts (Appeal) Marco Watts v. Club Madonna | Sunny Mullick | 1.00h | 0.00 | - | 0.00 |
| 03/11/2019 | | Review and reply to e-mail from opposing counsel re: request for extension of time (.1); review Notice from Court re: Motion to File corrected Appendix granted (.1)<br>● Unbilled | 00766-Watts (Appeal) Marco Watts v. Club Madonna | Sunny Mullick | 0.20h | 0.00 | - | 0.00 |
| | | | | | **58.00h** | | **$0.00**<br>0.0h | **$0.00**<br>58.00h |

# Activities Export

| Date ▼ | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| 03/04/2019 | ⊙ | Telephone conference with opposing counsel re: no objection to Motion to File Corrected Brief (.1); prepare e-mail to counsel confirming above (.1); telephone conferences with Clerk re: above (.2); prepare Motion to File Corrected Supplemental Appendix (1.0)  ● Unbilled | 00766-Watts (Appeal) Marco Watts v. Club Madonna | Sunny Mullick | 1.40h | 0.00 | - | 0.00 |
| 03/03/2019 | ⊙ | Prepare e-mail to opposing counsel re: Corrected Appendix  ● Unbilled | 00766-Watts (Appeal) Marco Watts v. Club Madonna | Sunny Mullick | 0.10h | 0.00 | - | 0.00 |
| 02/19/2019 | ⊙ | Finish preparing Appellee's Brief  ● Unbilled | 00766-Watts (Appeal) Marco Watts v. Club Madonna | Sunny Mullick | 8.00h | 0.00 | - | 0.00 |
| 02/16/2019 | ⊙ | Continue working on Brief  ● Unbilled | 00766-Watts (Appeal) Marco Watts v. Club Madonna | Sunny Mullick | 5.10h | 0.00 | - | 0.00 |
| 02/15/2019 | ⊙ | Continue preparing Brief  ● Unbilled | 00766-Watts (Appeal) Marco Watts v. Club Madonna | Sunny Mullick | 5.50h | 0.00 | - | 0.00 |
| 01/30/2019 | ⊙ | Begin preparing draft Argument section of Brief (4.7)  ● Unbilled | 00766-Watts (Appeal) Marco Watts v. Club Madonna | Sunny Mullick | 4.70h | 0.00 | - | 0.00 |
| 01/29/2019 | ⊙ | Research re: Eleventh Circuit case law re: Motion for Reconsideration where movant failed to meet summary judgment deadline  ● Unbilled | 00766-Watts (Appeal) Marco Watts v. Club Madonna | Sunny Mullick | 4.40h | 0.00 | - | 0.00 |
| | | | | | **58.00h** | | **$0.00** 0.0h | **$0.00** 58.00h |

09/10/2019
7:37 PM

3/3

# Activities Export

Case: 18-13764    Date Filed: 09/27/2019    Page: 20 of 83

| Date | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|------|------|-------------|--------|------|-----|----------|------------------|--------------|
| 01/25/2019 | ⊙ | Review dockets and pleadings in other Club Madonna cases where independent contractor issue was litigated (.8); begin preparing draft Brief (5.5)  ● Unbilled | 00766-Watts (Appeal) Marco Watts v. Club Madonna | Sunny Mullick | 6.30h | 0.00 | - | 0.00 |
| 01/24/2019 | ⊙ | Research case law re: attorney's work load not "good cause" to modify scheduling order (3.8); research case law re: attorney's scheduling or short staffing not "good cause" to modify scheduling order (4.4); review all court filings between filing of Amended Motion for Partial Summary Judgment and denial of Motion for Reconsideration (.7); study Defendants' Response to Amended Motion for Partial Summary Judgment (.6)  ● Unbilled | 00766-Watts (Appeal) Marco Watts v. Club Madonna | Sunny Mullick | 9.50h | 0.00 | - | 0.00 |
| 01/23/2019 | ⊙ | Research case law re: standard of review (.3); research case law re: similar cases where party requested extension of time at eleventh hour (4.4)  ● Unbilled | 00766-Watts (Appeal) Marco Watts v. Club Madonna | Sunny Mullick | 4.70h | 0.00 | - | 0.00 |
| 01/21/2019 | ⊙ | Study Appellant's Brief  ● Unbilled | 00766-Watts (Appeal) Marco Watts v. Club Madonna | Sunny Mullick | 2.40h | 0.00 | - | 0.00 |
| | | | | | **58.00h** | | **$0.00**  0.0h | **$0.00**  58.0h |

# EXHIBIT "3"

UNITED STATES COURT OF APPEALS
ELEVENTH CIRCUIT

Case No. 18-13764-G

MARCO WATTS,

        Plaintiff/Appellee,

v.

CLUB MADONNA, INC.,
a Florida for-profit corporation,
and LEROY C. GRIFFITH,

        Defendants/Appellants.

-----------------------------------------------------------------/

### DECLARATION OF LOWELL J. KUVIN IN SUPPORT
### OF MOTION FOR ATTORNEYS' FEES AND COSTS

I, Lowell J. Kuvin, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, based upon personal knowledge and if sworn as a witness, could testify competently to the facts contained in this Declaration:

    1.    I am over the age of 18.  I am the owner of the Law Office of Lowell J. Kuvin, LLC in Miami, Florida.

    2.    I have been admitted to the practice of law since 2008, and for the last eleven (11) years, I have practiced almost exclusively in the area of labor and employment law and Title VII litigation representing both plaintiffs and defendants.

1

3.     In my career, a majority of my practice has been in federal and state court at the district court, circuit court and appellate levels.  In this regard, I have worked as trial counsel, co-counsel or appellate counsel in numerous matters including class and collective actions.

4.     Over the last eleven (11) years, I have handled hundreds of cases for plaintiff-employees or defendant-employers arising under local, state and federal labor laws.

5.     I also have over twenty-five (25) years in the restaurant industry which provides me with unique insight into wage and hour cases.

6.     Being the managing partner at the Law Office of Lowell J. Kuvin, LLC, I have also supervised and participated in the litigation by other firm attorneys of numerous plaintiffs' wage and hour cases.

7.     I am peer rated as AV® Preeminent™ in *Martindale Hubbell*®.

8.     I am admitted to practice before the Eleventh Circuit Court of Appeals, and the Northern, Middle and Southern Districts of Florida.

9.     The number of hours billed by me in this case were necessary and reasonable.

10.     I am requesting that the Court award me a billable rate of $450.00 per hour in this matter.  This rate is a reasonable rate for attorneys with similar

2

educational background and experience in the Southern District of Florida for representation in FLSA and FMWA class and collective action litigation.

11.   I prepared and maintained a Billing Journal for all time I spent on the instant appeal.  All time billed was reasonably and necessarily incurred in pursuit of this case.

12.   To date, I have provided legal services and expended time in this appeal of 7.74 hours as reflected on the Billing Journal.

13.   Based on a $450.00 hourly rate, my fees to date are $3,483.00 for 7.74 hours.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 11, 2019

LOWELL J. KUVIN

3

# EXHIBIT "4"

UNITED STATES COURT OF APPEALS
ELEVENTH CIRCUIT

Case No. 18-13764-G

MARCO WATTS,

        Plaintiff/Appellee,

v.

CLUB MADONNA, INC.,
a Florida for-profit corporation,
and LEROY C. GRIFFITH,

        Defendants/Appellants.

-----------------------------------------------------------------/

## DECLARATION OF SUNDEEP K. MULLICK IN
## SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS

    I, Sundeep K. Mullick, declare under penalty of perjury, pursuant to 28

U.S.C. § 1746, based upon personal knowledge and if sworn as a witness, could

testify competently to the facts contained in this Declaration:

    1.    I am over the age of 18.  I am associated with the Law Office of

Lowell J. Kuvin, LLC in Miami, Florida.

    2.    I have been admitted to the practice of law for over twenty (20) years,

and have been admitted in Florida since 2005.

1

3.      I have focused my practice on civil litigation.  The majority of my practice has been in federal and state court at the district court, circuit court and appellate levels.

4.      For the last five (5) years, I have practiced almost exclusively in the area of labor and employment law and Title VII litigation representing both plaintiffs and defendants in wage and hour cases mainly before the Southern District of Florida and the Eleventh Circuit Court of Appeals.

5.      I am admitted to practice before the United States Supreme Court, the Southern District of Florida and the Middle District of Florida.

6.      As of 2012, I have been peer rated as AV® Preeminent™ in *Martindale Hubbell*®.

7.      The number of hours billed by me in this case were necessary and reasonable.

8.      I am requesting that the Court award me a billable rate of $450.00 per hour in this matter.  This rate is a reasonable rate for attorneys with similar educational background and experience in the Southern District of Florida for representation in FLSA and FMWA class and collective action litigation.

9.      I prepared and maintained a Billing Journal for all time I spent on the instant appeal.  All time billed was reasonably and necessarily incurred in pursuit of this appeal.

2

10.    To date, I have provided legal services and expended time in this case as reflected on the Billing Journal.

11.    Based on a $450.00 hourly rate, my fees to date are $25,110.00 for 55.8 hours.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 11, 2019

SUNDEEP K. MULLICK

3

# EXHIBIT "5"

Case: 1:17-cv-24666-UU   Document 135   Entered on FLSD Docket 10/07/2019   Page 32 of 85
Case: 4:17-cv-24666-UU   Document 135   Entered on FLSD Docket 02/14/2019   Page 32 of 85
Case: 18-13764        Date Filed: 10/07/2019      Page: 30 of 83

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-24666-CIV-UNGARO/O'SULLIVAN

MARCO WATTS,

     Plaintiff,

v.

CLUB MADONNA, INC., a Florida for-profit
corporation, and LEROY C. GRIFFITH,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Plaintiff's Verified Motion for Attorney's Fees (DE # 107, 9/24/18). This matter was referred to Chief United States Magistrate Judge John J. O'Sullivan by the Honorable Ursula Ungaro, United States District Court Judge for the Southern District of Florida pursuant to 28 U.S.C. § 636(b). Having carefully considered the issues, the court file, and applicable law, the undersigned respectfully recommends that the Plaintiff's Verified Motion for Attorney's Fees (DE # 107, 9/24/18) be **GRANTED in part and DENIED in part** in accordance with the following Report and Recommendation.

## BACKGROUND

The plaintiff filed this action to establish overtime and minimum wage violations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-216, and minimum wage damages under Fla. Stat. § 448.110 and Fla. Const. Art. 10 § 24 ("FMWA"). The defendants denied the violations, and raised affirmative defenses. The affirmative

defenses included: (1) that the defendants did not willfully violate the FLSA; (2) that the defendants acted in good faith compliance with the FLSA; (3) that the individual defendant, LEROY C. GRIFFITH, was not an employer of the plaintiff; and (4) that the defendants paid the plaintiff all the money to which the plaintiff was entitled.

The Court entered a Stipulated Final Judgment (DE # 97, 8/6/18) in this matter on August 6, 2018, in the amount of $29,268.40, which represented both actual and liquidated damages for unpaid wages under the FMWA. The Court entered Final Judgment (DE # 100, 8/17/18) in this matter the next day, on August 17, 2018, in the same monetary amount.

The plaintiff filed the Plaintiff's Verified Motion for Attorneys' Fees (DE # 107, 9/24/18) on September 24, 2018. The defendants filed the Defendants' Response in Opposition to Plaintiff's Verified Motion for Attorneys' Fees (DE # 110, 10/9/18) on October 9, 2018. The plaintiff filed the Plaintiff's Reply to Response in Opposition to Plaintiff's Verified Motion for Attorneys' Fees (DE # 113, 10/16/18) on October 16, 2018. The plaintiff seeks fees in the amount of $94,366.35[1] in this matter. This matter is ripe for adjudication.

## DISCUSSION

### I. Entitlement to Fees

The plaintiff seeks fees in this matter pursuant to Florida Statute §448.110, and Local Rule 7.3. Local Rule of Civil Procedure 7.3 defines the requirements for filing a

---

[1]In the Motion, the plaintiff requested fees in the amount of $100,643.85, but in the reply agreed to certain reductions outlined by the defendants which reduced the requested award to $94,366.35.

motion for attorney's fees and costs. Florida Statute § 448.110(6)(c)(1) indicates that an award of attorney's fees is appropriate.   Accordingly, as a Stipulated Final Judgment was entered in favor of the plaintiff in this matter, the plaintiff prevailed in the case at bar, and is entitled to receive attorney's fees.

## II. Amount of Fee Award

Having determined that the plaintiff is entitled to an award of attorney's fees incurred in connection with this lawsuit, the undersigned next addresses the appropriate amount of that fee award.  In calculating a reasonable attorney's fee award, the court must consider the number of hours reasonably expended on this litigation, together with the customary fee charged in this community for similar legal services.  *See Hensley v. Eckerhart*, 461 U.S. 424, 103 S. Ct. 1933 (1983); *Loranger v. Stierheim,* 10 F.3d 776 (11th Cir. 1994).  These two figures are then multiplied together, resulting in a sum commonly referred to as the "lodestar".  Under certain circumstances, the lodestar *may* be adjusted in order to reach a more appropriate attorney's fee.  *See Blum v. Stenson*, 465 U.S. 886, 888, 104 S. Ct. 1541, 1544 (1984).

A. Reasonable Hourly Rate

The Court must first evaluate the plaintiff's requested fee in terms of the appropriate hourly rate. In order to determine a reasonable and proper fee award, the court must consider the number of hours expended on the case together with the customary hourly fees charged in this community for similar services.  *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).  The Supreme Court has held that a reasonable hourly rate is to be measured by "prevailing

market rates in the relevant community." *Blum*, 465 U.S. at 895.  In determining the

prevailing market rates the Court should consider several factors including "the

attorney's customary fee, the skill required to perform the legal services, the attorney's

experience, reputation and ability, the time constraints involved, preclusion of other

employment, contingency, the undesirability of the case, the attorney's relationship to

the client, and awards in similar cases." *Mallory v. Harkness*, 923 F. Supp. 1546, 1555

(S.D. Fla. 1996) (*citing Dillard v. City of Elba*, 863 F. Supp. 1550, 1552 (M.D. Ala.

1993)).

Generally, acceptable proof of the market rate may be comprised of testimony

and direct evidence from other legal practitioners in the relevant legal community who

are familiar with the type of legal service provided and the prevailing market rate for

such work.  *Norman,* 836 F.2d at 1299. Furthermore, the court may make a fee award

based on its own experience where documentation and testimony are inadequate or the

fees claimed seem expanded.  *Id.* at 1303 (*citing Davis v. Bd. of Sch. Comm'rs of

Mobile Cnty.,* 526 F.2d 865, 868 (5th Cir. 1976)).

The plaintiff requests an hourly rate of $450.00 per hour for the following

attorneys that worked on the matter: (1) Lowell J. Kuvin, admitted to practice in 2008,

and almost exclusively practices in labor and employment law; (2) Sundeep K. Mullick,

admitted to practice law for over 20 years, and admitted to the Florida bar in 2005; (3)

Peter Bober[2], who has practiced law for over 20 years and has been admitted to the

---

[2] In the Motion, the plaintiff indicates that Mr. Bober is entitled to a minimum
hourly rate of $400.00 per hour.

Case 1:17-cv-24666-UU   Document 135   Entered on FLSD Docket 10/07/2019   Page 36 of 85
Case 1:17-cv-24666-UU   Document 135   Entered on FLSD Docket 02/14/2019   Page 36 of 85
Case: 18-13764       Date Filed: 10/07/2019    Page: 34 of 83

Florida bar since 1997; and (4) Samar Robbins Bober[3], who has practiced law for over

20 years and has been admitted to the Florida bar since 1998.  The plaintiff seeks an

hourly rate of $135.00 per hour for the work done by paralegal Esther Troche.  The

defendants object to the plaintiff's requested hourly rate for all attorneys and opine that

a rate of $375.00 per hour is more appropriate for the attorneys.  The Court may use its

own experience in assessing the reasonableness of attorneys' fees and may form an

independent judgment either with or without witnesses.  *Norman*, 836 F.2d at 1299.

The Court finds that, although the attorneys who performed work in this matter are

skilled attorney, an hourly rate of $450.00 is excessive for the attorneys in this matter,

and a rate of $400.00 an hour for the attorney's is more appropriate.  The defendants

do not object to the rate of $135.00 per hour for the paralegal, and the undersigned

finds the rate of $135.00 per hour is appropriate.

     B. <u>Reasonable Number of Hours Expended</u>

     The Court must next evaluate the plaintiff's requested fees for reasonableness in

terms of the total hours expended by the plaintiffs' counsel. After the agreed reductions,

the plaintiff requests 87.34 hours for Mr. Kuvin, 109.40 hours for Mr. Mullick, 13.10

hours for Mr. Bober, 0.0 hours for Ms. Bober, and 3.21 hours for Ms. Troche.  The

defendants argue that the requested fees should be reduced for duplicative entries,

unreasonable entries, redundant entries, tasks not traditionally performed by attorneys,

too much time billed for certain tasks, too much time researching a question of law,

---

     [3] In the Motion, the plaintiff indicates that Ms. Bober is entitled to a minimum
hourly rate of $400.00 per hour, however, in the reply, the plaintiff agreed to withdraw
the entire 1.50 hours sought by Ms. Bober.

different amounts of time billed by attorneys attending the same hearing, and double

billing.  The defendants further argue that the clerical and non-attorney tasks performed

by the attorneys and the paralegal should be stricken, that work done by Mr. Bober and

Ms. Bober after their termination should be stricken, that time entries that lack

specificity should be stricken, that hours expended on unnecessary work should be

stricken, and that fees should be stricken to the extent that they resulted from bad faith

tactics.  The defendants also argue that the total amount of fees should be reduced

based on recovery and that the Court should reserve ruling on the fees motion until the

resolution of the defendants' appeal.[4]

The Court should exclude from the fees award compensation hours that are

"excessive, redundant or otherwise unnecessary."  *Norman*, 836 F.2d at 1301 (quoting

*Hensley*, 461 U.S. at 434).  The Court may determine a reasonable award based on its

own experience.  *Norman*, 836 F.2d at 1303.  The burden rests on the plaintiff to submit

a request for fees that will enable the court to determine what time was reasonably

expended.  *Loranger v. Stierheim*, 10 F.3d 776, 782 (11th Cir. 1994).  The plaintiff

submitted billing records and affidavits of the attorneys and paralegal that worked on

this case in support of the motion for fees.  The plaintiff requests compensation for

87.34 hours for Mr. Kuvin, 109.40 hours for Mr. Mullick, 13.10 hours for Mr. Bober, 0.0

hours for Ms. Bober, and 3.21 hours for Ms. Troche.  The undersigned opined earlier in

this report and recommendation that the hourly rates of all the legal staff should be

reduced - the attorneys to $400.00 per hour and the paralegal to $100.00 per hour.

---

[4] As noted in the Report and Recommendation on Costs docketed on the same day as this
Report and Recommendation, an appeal is not grounds to delay ruling on fees and costs motions.

This would result in: (1) 87.34 hours for Mr. Kuvin at a rate of $400.00 per hour for a total of $34,936.00; (2) 109.40 hours for Mr. Mullick at a rate of $400.00 per hour for a total of $43,760.00; (3) 13.10 hours for Mr. Bober at a rate of $400.00 per hour for a total of $5,240.00; (4) 0.0 hours at a rate of $400.00 per hour for Ms. Bober for a total of $0.00; and (5) 3.21 hours for Ms. Troche at a rate of $135.00 per hour for a total of $433.35. The total sum of all of the aforementioned charges is $84,369.35. Accordingly, before any other reductions in fees are discussed in this Report and Recommendation, the request by the plaintiff for $94,366.35 in fees should be reduced to $84,369.35.

The plaintiff's recovery in this matter, which occurred prior to the commencement of trial, was $29,268.40. The plaintiff filed both overtime and minimum wage claims, but only recovered on the minimum wage claims. $84,369.35 in fees is an excessive amount of fees for a case that settled before trial.

This Court must exercise independent judgment when reviewing a claim for hours reasonably expended. *See Norman*, 836 F.2d at 1301-02. Hours deemed to be "excessive, redundant, or otherwise unnecessary" should be excluded. *Id*. "Attorneys who anticipate making a fee application must maintain contemporaneous, complete and standardized time records which accurately reflect the work done by each attorney." *Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1327 (D.C. Cir. 1982). It is necessary for attorneys to identify the subject matter of his/her time expenditures. *Hensley,* 461 U.S. at 437. If there is inadequate documentation or if the court finds a claim for hours to be "excessive or unnecessary", the court may reduce the

7

number of hours for which fees will be awarded. *Florida Patient's Comp. Fund v. Rowe*, 472 So.2d 1145, 1150 (Fla. 1985); *see also Loper v. New York City Police Dep't,* 853 F.Supp. 716, 721 (S.D.N.Y. 1994) ("where adequate contemporaneous records have not been kept, the court should not award the full amount requested"). "If the court concludes that the number of claimed hours is excessive, it may engage in 'an across-the-board cut,' so long as it provides adequate explanation for the decrease." *Galdames v. N & D Inv. Corp.*, 432 F. App'x 801, 806 (11th Cir. 2001). Furthermore, the "[p]laintiff's success, or lack thereof, is an important consideration and can result in a conclusion that the lodestar amount must be reduced." *Id.* at 808.

When the fees requested are voluminous, this Court is not required to engage in an hour-by-hour analysis. *Loranger*, 10 F.3d at 783; *Trujillo v. Banco Central del Ecuador*, 229 F. Supp. 1369, 1375 (S.D. Fla. 2002); cf. *Norman*, 836 F.2d at 1301. "[I]t is sufficient for the court to provide a concise but clear explanation of its reasons for the reduction." *Loranger*, 10 F.3d at 783. The rule in *Loranger* differs from the rule articulated in *Norman*. *See Trujillo*, 229 F. Supp. at 1375. "The earlier decision in Norman requires the district court to specifically identify any disallowed, non-compensable hours, and to further explain why the hours are being disallowed." Id. (citing *Norman*, 836 F. 2d at 1304).

The Eleventh Circuit, in the case of *Martinez v. Hernando County Sheriff's Office*, 579 Fed.Appx. 710 (11th Cir. 2014), found that a percentage reduction of fees by the District Court was appropriate. The *Martinez* Court opined,

> A lodestar figure "is itself strongly presumed to be reasonable." *Resolution Trust Corp. v. Hallmark Builders,*

8

Inc., 996 F.2d 1144, 1150 (11ᵗʰ Cir. 1993); see Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 552, 130 S.Ct. 1662, 1673, 176 L.Ed.2d 494 (2010). Nonetheless, the district court may adjust the lodestar for "results obtained." Hensley, 461 U.S. at 434, 103 S.Ct. At 1940. Relevant here, when "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." Id. at 436, 103 S.Ct. At 1941. Accordingly, the district court has discretion to reduce an award to account for situations where the lodestar figure is unreasonable in light of the limited success obtained. See id. at 436-37, 103 S.Ct. at 1941.

The district court did not abuse its discretion in reducing the lodestar figure by 75% and awarding $10,900.50 in attorney's fees. Martinez was only partially successful in his claims, so the court was permitted to adjust the lodestar downward. See id. at 434-37, 103 S.Ct. at 1941.

The district court's reduction of the lodestar amount was reasonably proportionate to Martinez's success in the lawsuit.

Martinez, 579 Fed.Appx. 710, 715.

In this case, like in the Martinez case, the plaintiff was only partially successful and a reduction in the amount of the requested fees is warranted. The undersigned recommends a percentage reduction.

To summarize, in the instant case the plaintiff is considered a "prevailing party", however, the recovery was only on part of the original claims. The work done by the plaintiff's attorneys in this matter on the minimum wage claim and the overtime claim were intertwined and there is no way to separate the work done on the two claims. Pursuant to his review of the billing records, the undersigned finds that plaintiff's counsel over-billed for certain tasks, especially tasks that an established labor law

9

attorney should have been able to complete in a much more timely fashion.  However, the defendants did not list each and every specific objection in the response to the motion for fees. Accordingly, a percentage reduction is permitted.  The undersigned finds that a 40% reduction (after the billing rates for the attorneys are reduced) should be applied to the plaintiff's requested fee award.  In other words, the plaintiff should be awarded 60% of $84,369.35 in fees.

The plaintiff requests a total lodestar amount of $94,366.35 for attorney and paralegal time in this matter.  After the hourly rate reductions, the lodestar amount is $$84,369.35.  Sixty percent of $84,369.35 is $50,621.61.  The plaintiff should be awarded $50,621.61 in attorneys fees.

## **RECOMMENDATION**

In accordance with the foregoing, the undersigned respectfully recommends that the Plaintiff's Verified Motion for Attorney's Fees (DE # 107, 9/24/18) be **GRANTED in part and DENIED in part** and the plaintiff be awarded $50,621.61 in fees.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Ursula Ungaro, United States District Judge. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

RESPECTFULLY SUBMITTED at the United States Courthouse in Miami, Florida, this 14th day of February 2019.

JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE

# EXHIBIT "6"

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 1:17-cv-24666-UU

MARCO WATTS,

    Plaintiff,

v.

CLUB MADONNA, INC. *et al*.,

    Defendants.

_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT

THIS CAUSE is before the Court upon Plaintiff's Motion to Tax Costs (D.E. 102) and Plaintiff's Motion for Attorney Fees (D.E. 107).  Magistrate Judge John J. O'Sullivan issued two Reports and Recommendations, (D.E. 115 & 116), on February 14, 2019, recommending that the motions be granted in part and denied in part.  As to costs, he recommended that Plaintiff be awarded $4,004.94, and as to fees, he recommended that Plaintiff be awarded 60% of the fees sought: $50,621.61.

THE COURT has made a *de novo* review of the entire file and record herein, and, is otherwise fully advised in the premises.  The matter is now ripe for disposition.

Upon *de novo* review, the Court agrees with Magistrate Judge O'Sullivan's recommendation and concurs in all the findings.  Plaintiff objects only to Judge O'Sullivan's decision to reduce his attorneys' fees recovery by 40%.  He argues that the reduction does not account for the fact that he agreed to reduce his claim, and thus avoided trial and the expenditure of more fees.  But Judge' O'Sullivan's discount was reasonable and in accord with case law.  Additionally, Judge O'Sullivan found that "plaintiff's counsel over-billed for certain tasks,

1

especially tasks that an established labor attorney should have been able to complete in a much more timely fashion." D.E. 116, p. 9. Accordingly, the Court agrees with Judge O'Sullivan in all respects. It is, therefore, hereby

ORDERED AND ADJUDGED that the two Reports and Recommendations (D.E. **115 & 116**) are RATIFIED, AFFIRMED, and ADOPTED. The motion to tax costs (D.E. **102**) is GRANTED IN PART AND DENIED IN PART. The motion for attorneys' fees (D.E. **107**) is GRANTED IN PART AND DENIED IN PART. Plaintiff is awarded $4,004.94 in costs, and $50,621.61 in fees.

DONE AND ORDERED in Chambers at Miami, Florida, this 8th__ day March, 2019.

_____
UNITED STATES DISTRICT JUDGE

cc:
counsel of record via cm/ecf

# EXHIBIT "7"

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO: 07-21824-CIV-GRAHAM/TORRES

CHRISTINA KING, SCOTT PROPHET,
DOMINIQUE RIZZO, JENNIFER MEJIA,
and LENA CHESSER, individually, and on
behalf of all other similarly situated current
and former employees,

        Plaintiffs,

        v.

CVS CAREMARK CORP., CVS
PHARMACY, INC., HOLIDAY CVS, LLC,
and DOES 1 - 100,

        Defendants.

---

### DECLARATION OF PLAINITFFS' COUNSEL ROBERT L. SWITKES FILED IN SUPPORT OF PLAINTIFFS' COUNSEL'S MOTION FOR ATTORNEYS FEES AND COSTS

       Pursuant to 28 U.S.C. § 1746, I, Robert L. Switkes, under penalty of perjury, who, being

duly sworn upon oath, deposes and states as follows:

1. My name is Robert L. Switkes and I have knowledge of the matters to which I am
   testifying in this affidavit.

2. I am an attorney of record for the Plaintiffs in the action styled above.

3. I attended the University of Miami School of Law where I received my Juris Doctor degree
   in 1977.  I was admitted to the Florida Bar in 1977.

4. Since 1982, I have represented individuals and entities in both the prosecution and defense
   of civil rights and employment related cases, among other types of matters.

1

5. I am licensed to practice law in all Courts in the State of Florida, the United States District Court for the Southern District of Florida, the United States District Court for the Middle District of Florida, the United States District Court for the Northern District of Florida and the United States Eleventh Circuit Court of Appeals.

6. I am a member of The Florida Bar, The American Bar Association and a member of the American Association for Justice, The Florida Justice Association, and the former President of the Miami Beach Bar Association. I received the Distinguished Service Award from the Dade County Bar Association, 1983 and 1984, The City of Miami Beach Service and Police Awards in 1992 and Community Service Award from the City of Miami Beach, 1997.

7. I currently represent police officers and government officials from five separate municipalities in the defense of 42 U.S.C. § 1983 cases, among other causes of action.

8. I am a frequent lecturer and conduct training seminars on Civil Rights, Constitutional Law, Discrimination and Employment Law, Negligent Security, Personal Injury, and Construction litigation. I represent various municipalities and entities including the City of North Miami, City of Homestead, City of North Bay Village, City of Miami Beach Convention Center, Miami-Dade County Public School Board, Greater Miami Hotel and Restaurant Association, Harley Davidson, and SMG. I am currently the City Attorney for the City of North Bay Village, Florida. I have been practicing employment litigation for over twenty years.

9. I am the managing partner of the law firm Rosen Switkes & Entin P.L in Miami Beach. Florida.

10. Along with myself, Joshua Entin, Esq. assisted in the prosecution of this case. Mr. Entin is a partner of Rosen, Switkes & Entin P.L. Mr. Entin has been practicing law since

2001.   Mr. Entin's practice has included significant work both for plaintiffs and defendants in federal court.   Mr. Entin has appeared as counsel in federal courts throughout the country, and has successfully represented clients at the appellate level – in both state and federal matters.   Mr. Entin is licensed to practice law in all Courts in the State of Florida, the United States District Court for the Southern District of Florida, the United States District Court for the Middle District of Florida, the United States District Court for the Northern District of Florida and the United States Eleventh Circuit Court of Appeals.   Mr. Entin is currently a member of the following associations: (1) American Association for Justice; (2) American Bar Association; (3) Miami-Dade County Bar Association; and (4) Miami Beach Bar Association.   Mr. Entin is currently the Second Vice President of the Miami Beach Bar Association.   Mr. Entin has extensive experience in representing plaintiffs in Fair Labor Standards Act ("FLSA"), the statute central to the litigation of this case, and American with Disabilities Act Title III ("ADA") lawsuits in the Southern District of Florida. In addition, Mr. Entin represents police officers, government officials and municipalities in the defense of 42 U.S.C. § 1983 claims in the United States District Court for the Southern District of Florida, among other causes of action.

11. Other attorneys who have worked on this case from my law firm are Kristen Tajak and Todd Feldman. Ms. Tajak began working at my firm as a law clerk and was hired as an associate upon becoming admitted to the Florida Bar. Ms. Tajak was admitted to the Florida Bar on 2/1/08. Mr. Feldman was also initially hired with the firm as a law clerk, and was admitted to the Florida bar on 6/29/07.  Since that time, Ms. Tajak and Mr. Feldman have assisted me and the other lawyers in the firm in various litigation matters. For this case, Ms.

Tajak and Mr. Feldman have assisted me and the other lawyers in this firm by performing legal research, drafting motion and memoranda of law, and preparing for hearings and depositions.

12. I have reviewed the timesheets for this case, as well as the hourly rates for the attorneys from my firm who have performed work on this matter. The hourly rates for the attorneys and law clerks who have worked on this file are as follows: Robert Switkes - $450.00/hr; Joshua Entin - $325.00/hr; Todd Feldman - $225.00/hr; Kristen Tajak - $225.00/hr; Law Clerks - $150.00/hr. I believe that the hourly rates for the above are reasonable and customary rates in this locality for the type of work involved in the prosecution of this case.

13. The total amount of attorneys' fees incurred by my firm up through and including September 26, 2007 is $23,330.00. Because two out of the three named plaintiffs at the time accepted offers of judgment, and the instant motion for fees is based upon plaintiffs Christina King and Dominique Rizzo accepting offers of judgment pursuant to Federal Rule of Civil Procedure 68, a reasonable amount of attorneys' fees to be recovered by my firm for work performed up through and including September 26, 2007 is $15,553.33, said figure of which represents 2/3 of the amount of fees incurred through the at-issue date. An overview and true and correct copy of Rosen Switkes & Entin P.L.'s timeslip records in this matter, up through and including September 26, 2007, is attached hereto as **Exhibit "A."**

14. The total amount of costs incurred by my firm up through and including September 26, 2007 is $935.13. An overview and true and correct copy of Rosen Switkes & Entin

4

P.L.'s costs in this matter, up through and including September 26, 2007, is attached hereto as **Exhibit "B."**

FURTHER DECLARANT UNDER PERJURY SAYETH NAUGHT.

Dated this 10th day of October, 2008.

ROBERT L. SWITKES

STATE OF FLORIDA )

COUNTY OF MIAMI-DADE )

**BEFORE ME**, the undersigned authority personally appeared ROBERT L. SWITKES, known to me or who has produced_____, as identification and who did/did not take an oath, states that he has read the foregoing and same are true to the best of his knowledge and belief.

**WITNESS** my hand, and official seal in the County and State last aforesaid this 10th day of October, 2008.

NOTARY PUBLIC-STATE OF FLORIDA
Yvette Bobillo
Commission # DD544137
Expires: APR. 24, 2010
Bonded Thru Atlantic Bonding Co., Inc.

NOTARY PUBLIC

Yvette Bobillo
Print name of Notary

5

Case 1:17-cv-24666-JJO Document 135-1 Entered on FLSD Docket 10/07/2019 Page 51 of 85
Case 1:17-cv-24666-JJO Document 135-1 Entered on FLSD Docket 10/07/2019 Page 1 of 36
Case: 18-13764 Date Filed: 10/07/2019 Page: 49 of 83
(5 of 85)

HAROLD ROSEN
ROBERT L. SWITKES
JOSHUA M. ENTIN
REGINA FRANCO-MURPHY
JAMES E. RAUH
JAVIER LEY-SOTO
YAMILE TAMARGO

*Law Offices*
*Rosen Switkes & Entin, P.L.*

407 LINCOLN ROAD
PENTHOUSE SOUTHEAST
MIAMI BEACH, FLORIDA 33139-3008
TELEPHONE (305) 534-4757
TELEFAX (305) 538-5504
EMAIL: mail@rosenandsw

HOWARD GROSS
SPECIAL CONSULTANT
NOT A MEMBER OF THE FLORIDA BAR

October 07, 2008

RE: **King et al. vs. CVS**

Invoice #  18413

Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/16/2007 | JE | Finalize and file Complaint. Attend meeting with co-counsel regarding same. | 1.50 $325.00/hr | 487.50 |
| 7/23/2007 | JE | Review Orders Granting Motion to Appear Pro Hac Vice. Review Motions for Admissions Pro Hac Vice. | 0.10 $325.00/hr | 32.50 |
| 7/30/2007 | JE | Review Orders Granting Motion to Appear Pro Hac Viche. Review Notice of Court Practice in FLSA cases. | 0.50 $325.00/hr | 162.50 |
| 8/6/2007 | JE | Review and analyze Answer to Complaint and Affirmative Defenses. Review and analyze Corporate Disclosure Statements. | 1.20 $325.00/hr | 390.00 |
| 8/7/2007 | RS | Attend meeting with JE and TF regarding lawsuit. Attend telephone conference with co-counsel regarding same. Review and analyze documents. | 2.50 $450.00/hr | 1,125.00 |
|  | JE | Attend meeting with RLS and TF regarding lawsuit. Attend telephone conference with co-counsel regarding same. Review and analyze documents. | 2.50 $325.00/hr | 812.50 |
|  | TF | Contact Co-counsel to review case and basic facts; Review affidavits and statement of claims prepared by co-counsel. | 2.50 $225.00/hr | 562.50 |
| 8/8/2007 | TF | Telephonic meeting with co-counsel regarding affidavits. Conversations with Plaintiffs and other attorneys regarding Complaint and Rule 23 Class Action cases. | 2.10 $225.00/hr | 472.50 |
|  | JE | Review and analyze Order Setting Status Conference. | 0.10 $325.00/hr | 32.50 |



EXHIBIT
A

Page     2

| | | Hrs/Rate | Amount |
|---|---|---|---|
| 8/9/2007 JE | Review e-mail from Beth Moeller. | 0.10<br>$325.00/hr | 32.50 |
| TF | Various conversations with co-counsel regarding Statement of Claim and Affidavits of Plaintiffs; Draft Motion for Enlargement of Time and Order; Draft Motion for Leave to Amend and Order. | 6.00<br>$225.00/hr | 1,350.00 |
| 8/10/2007 LC | Research "Breach of Contract" issue in contemplation of adding an additional claim in Plaintiffs' Amended Complaint. | 1.00<br>$150.00/hr | 150.00 |
| TF | Discussion with co-counsel regarding Christina King's affidavit and breach of contract possibility.  Research case law and continue to draft Motion for Leave to Amend Complaint. | 3.00<br>$225.00/hr | 675.00 |
| JE | Finalize and file Motion for Extension of Time to File Statement of Claims. Review Unopposed Motions to Appear Pro Hac Viche filed by Defense counsel. | 0.70<br>$325.00/hr | 227.50 |
| JE | Review e-mail from Beth Moeller and proposed Joint Status Report. | 0.30<br>$325.00/hr | 97.50 |
| 8/13/2007 TF | Conference call with co-counsel regarding the possibility of amending the complaint; research case law regarding breach of contract and rest breaks; draft motion for leave to amend. | 4.00<br>$225.00/hr | 900.00 |
| JE | Review and analyze Order Granting Motion for Extension of Time. Finalize and file Joint Status Report. | 0.60<br>$325.00/hr | 195.00 |
| LC | Research regarding Motion for Leave to Amend Complaint. | 1.50<br>$150.00/hr | 225.00 |
| JE | Review e-mail from Beth Moeller including Election to Magistrate form. | 0.20<br>$325.00/hr | 65.00 |
| 8/14/2007 TF | Revise Motion for Leave to Amend Complaint; discuss counts and proposed changes with co-counsel. | 1.50<br>$225.00/hr | 337.50 |
| 8/15/2007 JE | Review e-mail from Beth Moeller. | 0.10<br>$325.00/hr | 32.50 |
| JE | Review various Orders Granting Motion to Appear Pro Hac Vice. Review Unopposed Motion to Appear Pro Hac Vice. Finalize and file Plaintiff's Motion to Amend. Finalize preparation for and attend status conference before Judge Graham. | 2.70<br>$325.00/hr | 877.50 |
| TF | Edit Motion for Leave to File Amended Complaint, Order and Amended Complaint. | 1.00<br>$225.00/hr | 225.00 |
| TF | Conversations with Plaintiffs regarding affidavits; discuss letters of conferral regarding dismissal of claims for Plaintiffs with no overtime claims; attend status conference telephonically; review and edit remaining affidavits. | 5.00<br>$225.00/hr | 1,125.00 |

Page    3

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/15/2007 | RS | Finalize preparations for and attend Status Conference before Judge Graham. | 0.60 $450.00/hr | 270.00 |
| 8/16/2007 | TF | Review and revise affidavits; discuss with co-counsel; calculate amounts for each Plaintiff for FLSA claims. | 2.50 $225.00/hr | 562.50 |
| 8/17/2007 | TF | Review court Order relating to statement of claim; edit affidavits and statement of claim. | 1.00 $225.00/hr | 225.00 |
| | LC | Begin drafting Motion & Memo of Law for Conditional Certification as a Collective Action. | 4.00 $150.00/hr | 600.00 |
| 8/20/2007 | TF | Revise and edit affidavits and statement of claim; discuss amendments with clients and co-counsel. | 0.70 $225.00/hr | 157.50 |
| | TF | Discuss Class Certification Motion with associate and co-counsel; Edit and revise statement of claim and affidavits; discuss edits with JE. | 0.80 $225.00/hr | 180.00 |
| | JE | Attend meeting with TF regarding statement of claims and affidavits. Review and analyze drafts of Motion for Conditional Class Certification. | 1.50 $325.00/hr | 487.50 |
| | LC | Drafting Motion & Memo of Law for Conditional Certification as a Collective Action. | 3.50 $150.00/hr | 525.00 |
| 8/21/2007 | JE | Review Order Granting Motion to Appear Pro Hac Viche. | 0.10 $325.00/hr | 32.50 |
| | TF | Edit Statement of Claim to incorporate revised Affidavits of Plaintiffs. | 1.50 $225.00/hr | 337.50 |
| | TF | Discuss affidavits status from Plaintiffs with co-counsel. | 0.40 $225.00/hr | 90.00 |
| 8/22/2007 | TF | Continue to draft and edit statement of claim | 1.50 $225.00/hr | 337.50 |
| | LC | Research for Class Certification Motion, and drafting same. | 4.00 $150.00/hr | 600.00 |
| 8/23/2007 | TF | Review statement of claim with RLS; revise and edit based on RLS comments. | 2.00 $225.00/hr | 450.00 |
| | LC | Draft/revise Motion & Memo of Law for Class Certification. | 3.00 $150.00/hr | 450.00 |
| | TF | Revise and edit statement of claim | 0.50 $225.00/hr | 112.50 |
| 8/24/2007 | TF | discuss discovery requests with co-counsel. | 0.40 $225.00/hr | 90.00 |
| | TF | Finalize statement of claim per co-counsels' comments. | 0.50 $225.00/hr | 112.50 |

Page    4

| | | Hrs/Rate | Amount |
|---|---|---|---|
| 8/24/2007 LC | Research regarding Motion for Conditional Class Certification. | 3.00<br>$150.00/hr | 450.00 |
| JE | Finalize and file Statement of Claim. | 1.00<br>$325.00/hr | 325.00 |
| 8/27/2007 LC | Draft/revise Class Certification Motion. | 3.00<br>$150.00/hr | 450.00 |
| 8/28/2007 LC | Draft/revise Class Certification Motion. | 4.00<br>$150.00/hr | 600.00 |
| 8/30/2007 JE | Review e-mail from Beth Moeller including Stipulation regarding Plaintiff's Motion to Amend Complaint. | 0.30<br>$325.00/hr | 97.50 |
| TF | Review and edit motion for class certification. | 0.50<br>$225.00/hr | 112.50 |
| 8/31/2007 JE | Review e-mail from Beth Moeller. | 0.10<br>$325.00/hr | 32.50 |
| 9/4/2007 JE | Review e-mail from Beth Moeller. | 0.10<br>$325.00/hr | 32.50 |
| JE | Review and analyze Response to Plaintiff's Motion to Amend. | 0.40<br>$325.00/hr | 130.00 |
| 9/10/2007 RS | Review final draft of Motion to Certify Class and Memorandum of Law in Support. Discuss same with JE. | 1.80<br>$450.00/hr | 810.00 |
| JE | Finalize and file Motion to Certify Class. Finalize and file Memorandum of Law in Support of Plaintiff's Motion for Conditional Class Certification. Prepare all exhibits to same. | 3.80<br>$325.00/hr | 1,235.00 |
| TF | Review co-counsel's discovery requests; edit same. | 1.00<br>$225.00/hr | 225.00 |
| 9/12/2007 JE | Review Order Granting Motion for Extension of Time. Review Scheduling Order. Review Order Referring Case to Mediation. Review Order Referring case to Magistrate Judge O'Sullivan for Santions and discovery. | 0.50<br>$325.00/hr | 162.50 |
| 9/13/2007 JE | Review and analyze Response to Statement of Claim. | 0.50<br>$325.00/hr | 162.50 |
| 9/17/2007 TF | Attend telephonic meeting re: offer of judgments and plan of action. Research issues discussed. | 1.20<br>$225.00/hr | 270.00 |
| 9/20/2007 TF | Review email regarding offers of judgment; discuss with JE and draft email to co-counsel. | 0.50<br>$225.00/hr | 112.50 |
| 9/22/2007 JE | Review and analyze Defendant's Motion to Dismiss for Lack of Jurisdiction. Devise strategy regarding responding to same. | 1.40<br>$325.00/hr | 455.00 |

**Page    5**

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/24/2007 | TF | Follow up on OJs with clients; discuss acceptance issues and affidavits with co-counsel. | 0.50 $225.00/hr | 112.50 |
| 9/25/2007 | JE | Finalize and file Notice of Mediator Selection. | 0.20 $325.00/hr | 65.00 |
| | JE | Finalize and file Notice of Mediator Selection. | 0.20 $325.00/hr | 65.00 |
| | TF | Contact opposing counsel re: mediator selection; discuss mediator selection with Court JA; phone conference to discuss updates on OJs and mediation; draft notice of seelection of mediator; draft letter of acceptance; revise letter and notice per JE comments and send to co-counsel for review. | 3.90 $225.00/hr | 877.50 |
| 9/26/2007 | JE | Review Notices of Acceptance of Offers of Judgment. | 0.20 $325.00/hr | 65.00 |
| | TF | Conference call with JE and opposing counsel re: OJs; discuss same with JE and RLS; discuss mootness issue with co-counsel and review memo from co-counsel. | 1.20 $225.00/hr | 270.00 |

| | | |
|---|---|---|
| For professional services rendered | 98.50 | $23,330.00 |
| Previous balance | | $187.50 |
| 10/3/2008 Credit | | ($187.50) |
| Total payments and adjustments | | ($187.50) |
| Balance due | | $23,330.00 |

**STAR MESSENGER SERVICES**
2650 SW 27th Ave #300
MIAMI FL 33133-3003

Ph (305) 374-7827  Fx (305) 374-7889

Invoice Number:  T01816
Invoice Date:  07/28/07
From Date:  07/21/07
To  Date:  07/27/07

ROSEN SWITKES & LEVINSON, P.A.
Attention: LAURA CANO
407   LINCOLN RD      #PH-E
MIAMI BEACH      FL 33139-

Client Code:  ROSSWI
Page Number:  0001

| JOB #<br>DATE<br>TIME | CALLER<br>REF CODE<br>POD INFO | PICK-UP FROM | DELIVER TO | BASE<br>CHARGE | SURCHARGES | TOTAL<br>CHARGES |
|---|---|---|---|---|---|---|
| 0009-578<br>07/23/07<br>1112a | YVETTE<br>CVS<br>YEN PENZ | ROSEN SWITKES & LEVINSON, P.A.<br>407   LINCOLN RD<br>MIAMI BEACH      FL 33139 | USDC<br>301   N MIAMI AVE<br>MIAMI      FL 33128 | 12.00<br>RS | 12.00  7.50<br>RT    WT | 31.50 |
| | | REF: CVS | SUBTOTAL    31.50 | | | |
| 0009-537<br>07/23/07<br>0600a | YVETTE<br>GREENSTEIN<br>SEE JOB 557 | ROSEN SWITKES & LEVINSON, P.A.<br>407   LINCOLN RD<br>MIAMI BEACH      FL 33139 | DELRAY COURTHOUSE<br>200   W ATLANTIC AVE<br>DELRAY BEACH      FL 33444 | 62.50<br>RS | 7.50  15.63<br>AS    A0 | 85.63 |
| 0009-557<br>07/23/07<br>0903a | YVETTE<br>GREENSTEIN<br>ANGELA | DELRAY COURTHOUSE<br>200   W ATLANTIC AVE<br>DELRAY BEACH      FL 33444 | WPBCH<br>205   N DIXIE HWY<br>WEST PALM BEACH      FL 33401 | 34.50<br>RS | | 34.50 |
| 0009-558<br>07/23/07<br>0903a | YVETTE<br>GREENSTEIN<br>ANGELA | WPBCH<br>205   N DIXIE HWY<br>WEST PALM BEACH      FL 33401 | ROSEN SWITKES & LEVINSON, P.A.<br>407   LINCOLN RD<br>MIAMI BEACH      FL 33139 | 86.00<br>RS | | 86.00 |
| | | REF: GREENSTEIN | SUBTOTAL    206.13 | | | |
| 0009-804<br>07/26/07<br>0237p | CONNIE<br>GREG HOFFMAN<br>FRONT DOOR | ROSEN SWITKES & LEVINSON, P.A.<br>407   LINCOLN RD<br>MIAMI BEACH      FL 33139 | GREG HOFFMAN-RES<br>9306   NE 9 AVE<br>MIAMI      FL 33138 | 14.00<br>RS | | 14.00 |
| | | REF: GREG HOFFMAN | SUBTOTAL    14.00 | | | |
| 0009-724<br>07/25/07<br>0227p | CONNIE<br>KIM PHAN<br>HOSMAN | ROSEN SWITKES & LEVINSON, P.A.<br>407   LINCOLN RD<br>MIAMI BEACH      FL 33139 | METRO JUSTICE CENTER<br>1351   NW 12 ST<br>MIAMI      FL 33125 | 13.00<br>RS | 13.00  7.50<br>RT    WT | 33.50 |
| | | REF: KIM PHAN | SUBTOTAL    33.50 | | | |

SERVICE CODES

B5 · By 5pm Svc
P5 · Priority Svc
RS · Rush Svc
SR · Super Rush Svc
VS · Van Svc

SURCHARGE CODES

A# · After Hours
CW · Court Work
LU · Load/Unload
RT · Round Trip
W# · Weekend Chg

AS · Addt'l Stops
FP · Fax POD
MB · Mail Back
SB · Special Biker
WT · Waiting Time

AP · Attempt Pickup
IN · Insurance
PK · Parking Chg
SV · Special Vehicle
XW · Extra Weight



EXHIBIT
B
tabbies®

7/17/2007

U.S.DISTRICT COURT **75.00

Seventy-Five and 00/100***************************************************************************************************

U.S.DISTRICT COURT

Motion to appear pro hac vice/ Kellner

U.S.DISTRICT COURT                                          7/17/2007

75.00

MELLON BANK - OP     Motion to appear pro hac vice/ Kellner                     75.00

U.S.DISTRICT COURT                                          7/17/2007

75.00

MELLON BANK - OP     Motion to appear pro hac vice/ Kellner                     75.00

7/17/2007

U.S. DISTRICT COURT                                         **75.00

Seventy-Five and 00/100******************************************************************************************************

U.S. DISTRICT COURT

Motion to appear pro hac vice/ Yenikomsian

U.S. DISTRICT COURT                                    7/17/2007
                                                              75.00

MELLON BANK - OP    Motion to appear pro hac vice/ Yenikomsian                    75.00

U.S. DISTRICT COURT                                    7/17/2007
                                                              75.00

MELLON BANK - OP    Motion to appear pro hac vice/ Yenikomsian                    75.00

7/17/2007

U.S. DISTRICT COURT                                    **75.00

Seventy-Five and 00/100********************************************************************************************

U.S. DISTRICT COURT


Motion to appear pro hac vice/ Khorrami


U.S. DISTRICT COURT                          7/17/2007
                                                                75.00


MELLON BANK - OP    Motion to appear pro hac vice/ Khorrami              75.00

U.S. DISTRICT COURT                          7/17/2007
                                                                75.00


MELLON BANK - OP    Motion to appear pro hac vice/ Khorrami              75.00

7/17/2007

U.S. DISTRICT COURT                                                    **75.00

Seventy-Five and 00/100***************************************************************************************************

U.S. DISTRICT COURT

Motion to appear pro hac vice/ Bailey

U.S. DISTRICT COURT                          7/17/2007

                                                                          75.00

MELLON BANK - OP     Motion to appear pro hac vice/ Bailey                 75.00

U.S. DISTRICT COURT                          7/17/2007

                                                                          75.00

MELLON BANK - OP     Motion to appear pro hac vice/ Bailey                 75.00

**ROSEN & SWITKES**
OPERATING ACCOUNT
407 LINCOLN ROAD, PENTHOUSE S.E.
MIAMI BEACH, FL 33139
PHONE 305-534-4757

14520

MELLON UNITED NA    AL BANK

63-964/670

7/16/07

PAY TO THE
ORDER OF  U.S. District Court                    $ 350.00

Three Hundred Fifty a 00/100 —                    DOLLARS

ROSEN & SWITKES

MEMO  CVS
Filing Fee

⑈⑈0 14520⑈⑈ ⑈:06 70096464: 0 10 100 2954⑈⑈

ROSEN & SWITKES - OPERATING ACCOUNT                    14520

ROSEN & SWITKES - OPERATING ACCOUNT                    14520

SF5001-1
SAFEGUARD

# EXHIBIT "8"

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO:  07-21824-CIV-GRAHAM/TORRES

ALEXIS KING, CHRISTINA KING,
TAMMY LOPEZ, SCOTT MEJIA and
DOMINIQUE RIZZO; individually and on
behalf of all other similarly situated current
and former employees,

       Plaintiffs,

       v.

CVS/CAREMARK CORP., CVS, INC.,
CVS, LLC., HOLIDAY CVS, LLC, and
DOES 1-100,

       Defendants.

---

**PLAINTIFF CHRISTINA KING'S & PLAINTIFF DOMINIQUE RIZZO'S MOTION TO**

**RECOVER ATTORNEYS' FEES AND LITIGATION COSTS (PURSUANT TO *29 USC §***

***216(b)*)**

Plaintiffs, CHRISTINA KING ("King") and DOMINIQUE RIZZO ("Rizzo")

(collectively "Plaintiffs"), by and through their undersigned counsel, hereby file the instant

Motion to Recover Attorney's Fees and Costs Motion against Defendants, CVS/CAREMARK

CORP., CVS PHARMACY, INC., and  HOLIDAY CVS, LLC (collectively "Defendants"),

pursuant to *29 USC § 216(b)*,  *Federal Rules of Civil Procedure 54*, *Local Rule 7.3* and any other

applicable rules, and in support thereof state as follows:

## MEMORANDUM

### I.    INTRODUCTION

Plaintiffs, CHRISTINA KING ("King") and DOMINIQUE RIZZO ("Rizzo") (collectively "Plaintiffs"), by and through Plaintiffs' Counsel, hereby moves this Court for an Order approving Plaintiffs' Counsel's attorneys' fees and litigation-related expenses against Defendants, CVS/CAREMARK CORP., CVS PHARMACY, INC., and  HOLIDAY CVS, LLC (collectively "Defendants").

As demonstrated herein, Plaintiffs base the instant motion on acceptance of Rule 68 Offers of Judgment made by Defendants, and accepted by Plaintiffs, to settle Plaintiffs FLSA wage claims brought pursuant to the Fair Labor Standards Act (the "FLSA"), 29 U.S.C § 201, et seq.   Such claims were Settled by Defendants for their *full value* in response to, and as part of, a litigation strategy by Defendants to moot Plaintiffs' Motion for Certification of a Collective Action (filed two days prior to the date that Defendants' Offers were made).

Plaintiffs' Counsel collectively request fees and costs in the amount of $77,185.85, which represents 2/3rds of the total hours and costs ($115,778.78) reasonably incurred prior to September 26, 2007, the date that Plaintiff Rizzo and Plaintiff King accepted Defendants Rule 68 Offers [*See* Dkt. Nos. 43 and 44], as well as for all hours and costs reasonably incurred in the preparation of the instant Motion.   This motion is supported by this Memorandum of Points and Authorities, as well as the supporting declarations of Robert Switkes ("Switkes Dec."), Shawn Khorrami ("Khorrami Dec.") and Richard Kellner ("Kellner Dec.").

For these reasons, set forth in detail below, Plaintiffs' Counsel respectfully requests that this Court grant their Motion in full for their efforts on behalf of the Plaintiffs.

1

## II.    **STATEMENT OF FACTS**

As set forth herein, Plaintiffs' Counsel has performed a substantial amount of work on

this case, logging a combined 439.15 hours on behalf of the Plaintiffs.  Such hours, which are

accounted for in the detailed *Billing Statements* of Rosen Switkes & Entin, P.L. [*See Switkes*

*Dec.*, **Exh. A**], Khorrami Pollard & Abir LLP [*See Khorrami Dec.,* **Exhibit A**], and Kabateck

Brown & Kellner LLP [*See Kellner Dec.*, at **Exhibit A**], include the following activities:

On or about July 16, 2007, after completing their pre-filing due diligence, Plaintiffs

Counsel drafted and filed a collective action Complaint against Defendants alleging, among

other things, (1) Failure to Pay Wages pursuant to the Fair Labor Standards Act (the "FLSA"),

29 U.S.C § 201, and (2) Failure to Pay Overtime Compensation pursuant to the FLSA, 29 U.S.C

§ 201. [Dkt No. 1]

On or about August 15, 2007, Plaintiffs filed a Motion for Leave to Amend the

Complaint, in which the named Plaintiffs sought to address the corporate naming deficiencies

identified by Defendants in their Answer and Affirmative Defenses, to clarify the specific causes

of action being asserted against Defendants, and to dismiss, without prejudice, Plaintiffs, Alexis

King and Tammy Lopez as party plaintiffs in this matter.  [Dkt No. 24].

Thereafter, on September 10, 2007, Plaintiffs filed a Motion for Conditional Certification

of a Collective Action and Issuance of Court Supervised Notice ("Plaintiffs' Motion") to provide

those similarly situated with notice and the opportunity to "opt-in" to this action to seek similar

redress. [Dkt No. 33]

On September 12, 2007, two days after Plaintiffs' Motion for Certification was filed,

Defendants served Rule 68 Offers of Judgment (the "Rule 68 Offers") on each of the named

Plaintiffs.  [*See* Dkt. Nos. 43 and 44].  Defendants and their Counsel admit the Rule 68 Offers of

2

Judgment were used as a defensive litigation tactic intended to moot Plaintiffs' Motion for

Certification.  *See*  Dkt. No. 48 (Motion To Compel Acceptance Of Rule 68 Offer Of Judgment

And Dismiss For Lack Of Subject Matter Jurisdiction); Dkt. No. 50, at 1 (Opposing Plaintiffs'

Motion to Certification on the grounds that "because Plaintiffs have each been offered all the

relief they could hope to recover via Defendants' Offers of Judgment pursuant to Fed. R. Civ. P.

68, no actual case or controversy exists in this matter" and "the deadline to add additional parties

has passed").  These efforts were consistent with Defense Counsel's published litigation strategy

to the Rule 68 Offers of Judgment to prevent certification of collective actions under Section

Rule 216(b).  *See Khorrami Dec*, at ¶ 11, **Exh. B**, at 14-16 (Ashe, Rafuse & Hill LLP publication

entitled "Defensive Strategies for Preventing Certification of Wage and Hour Collective and

Class Actions" detailing the use of Rule 68 Offers "to prevent certification of a putative class.").[1]

On September 17, 2007, Plaintiffs separately propounded on each of the three named

Defendants (1) 15 Requests for Admissions, (2) 25 Requests for Production, and (3) and 23

Special Interrogatories.

On September 26, 2008, Plaintiff Rizzo and Plaintiff King accepted Defendants Rule 68

Offers.  [*See* Dkt. Nos. 43 and 44].  Defendants Offers expressly stated both Plaintiffs were

entitled to recover "[r]easonable attorneys fees, costs, and expenses incurred … in bringing this

---

[1]     On September 11, 2007, Defendants moved for an enlargement of time to respond to
Plaintiffs' Motion. Plaintiffs did not oppose the filing of Defendants motion for enlargement of
time. Although Defendants represented to the undersigned, as well as the Court, they required
additional time in order to prepare their Response to Plaintiffs' Motion for Certification,
Defendants did not disclose that they were preparing Rule 68 Offers of Judgment on each named
Plaintiff – all of which were served the next day.  Materially, such an extension of the deadline to
respond to Plaintiffs' Motion for Certification was required to ensure that the response deadline
for Defendants' Rule 68 Offers of Judgment lapsed prior to Defendant's deadline to respond to
Plaintiffs' Motion for Certification.

3

claim, as determined by the District Court." [*See* Dkt. Nos. 43 and 44]. Defendants have acknowledged that the Rule 68 Offers of Judgment were intended to provide "complete relief for each Plaintiff's alleged damages" based on each Plaintiff's Statement of Claim filed pursuant to the order of this Court. [*See* Dkt. No. 47, at p. 3 (Motion To Compel Acceptance Of Rule 68 Offer Of Judgment And Dismiss For Lack Of Subject Matter Jurisdiction)].

On September 11, 2008, the Court entered judgment in favor of Plaintiffs and Ordered Plaintiffs to file their instant fee motion within 30 days. [*See* Dkt. No. 261].

## III.  **ARGUMENT**

### A.    **APPLICABLE LEGAL STANDARD**

The recovery of both attorneys fees and costs are permitted under the express terms of the FLSA, which states that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." *See 29 USCS § 216(b).* Pursuant to the Federal Rules, a claim for an award of fees and costs must be made by motion under Rule 54(d)(2) at a time set by the court [*See id.*], which requires the moving party **(1)** "specify the judgment and the statute, rule, or other grounds entitling the party to the award[,]" **(2)** "state the amount sought or provide a fair estimate of it[,]" and **(3)** "disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made." *See Fed. R. Civ. P. 54(d)(2)(B).*

In addition, pursuant to *Local Rule 7.3*, a motion for attorneys fees and/or costs must: **(1)** specify the judgment and the statute, rule, or other grounds entitling the moving party to the award; **(2)** state the amount or provide a fair estimate of the amount fees sought; **(3)** disclose the terms of any agreement with respect to fees to be paid for the services for which the claim is

4

made; **(4)** describe in detail the number of hours reasonably expended, the bases for those hours,

the hourly rate(s) charged, and identity of the timekeeper(s); **(5)** describe in detail all

reimbursable expenses; **(6)** be verified; **(7)** be supported by an affidavit of an expert witness; and

**(8)** be filed and served within thirty days of entry of a Final Judgment or other appealable order

that gives rise to a right to attorneys fees and/or costs.[2]

### B.      PLAINTIFFS ARE ENTITLED TO AN AWARD OF REASONABLE ATTORNEYS' FEES AND COSTS AS A PREVAILING PARTIES UNDER SECTION 216(b) OF THE FLSA

Counsel for Plaintiffs are entitled to recover their reasonable attorney's fees and costs

under *29 USCS § 216(b)*, as both Plaintiffs were prevailing parties by virtue of accepting

Defendants Rule 68 Offers of Judgment.

Section 216(b) provides for the recovery of attorneys' fees and costs  *See 29 USCS §*

*216(b)* ("The court in such action shall, in addition to any judgment awarded to the plaintiff or

plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.").

Further, Section 216(b) "makes an award of attorney's fees obligatory when a party has prevailed

in a suit to vindicate her rights under the Act." *See Carlson v. Bosem*, 2007 U.S. Dist. LEXIS

49776 (S.D. Fla. Apr. 9, 2007);  *Kreager v. Solomon & Flanagan. P.A.,* 775 F.2d 1541, 1542

(11th Cir. 1985) (citing *Christianburg Garment Co. v. EEOC,* 434 U.S. 412, 416 n. 5, 98 S.Ct.

---

[2] Local Rule 7.3 also provides that (1) any such motion shall be accompanied by a certification that counsel has fully reviewed the time records and supporting data and that the motion is well grounded in fact and justified; (2) that prior to filing a motion for attorneys fees and/or costs, counsel shall confer with opposing counsel and make a certified statement in the motion in accordance with Local Rule 7.1.A.3., and (3) that the motion also state whether a hearing is requested by any party and indicate the length of time desired for the hearing.

694, 697 n. 5, 54 L.Ed. 648).[3]   Generally, "a party is a 'prevailing party' if the party prevailed

on 'any significant issue in the litigation which achieved some of the benefit the parties sought in

bringing suit.'"  *See Powell v. Carey Int'l, Inc.*, 548 F. Supp. 2d 1351, 1356 (S.D. Fla. 2008)

(*citing Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791 (1989)).  Where

an employer makes a Rule 68 offer of judgment, a plaintiff is deemed a prevailing party as a

matter of law.  *See Azam-Qureshi v. Colony Hotel, Inc.*, 540 F. Supp. 2d 1293, 1298 (S.D. Fla.

2008) (rejecting defendant's effort to disclaim obligation to pay fees because "[d]efendant made

the offer of judgment and by doing so, agreed to pay reasonable attorneys' fees and costs.").

Here, Defendants do not dispute that Plaintiffs are entitled to recover their fees and costs

under Section 216(b).  Defendants communicated in offers of judgment accepted by both

Plaintiff Rizzo and Plaintiff King Plaintiffs were entitled to recover "[r]easonable attorneys fees,

costs, and expenses incurred … in bringing this claim, as determined by the District Court." [*See*

Dkt. Nos. 43 and 44].  Defendants acknowledge that the Rule 68 Offers of Judgment was

intended to provide "complete relief for each Plaintiff's alleged damages" based on each

Plaintiff's Statement of Claim filed pursuant to the order of this Court.  [*See* Dkt. No. 47, at p. 3

(Motion to Compel Acceptance of Rule 68 Offer of Judgment)].  Based on Plaintiffs' acceptance

of Defendants' Offers of Judgment, the Court entered judgment in favor of Plaintiffs on

September 11, 2008.  [*See* Dkt. No. 261].

---

[3] Attorney's fees are an integral part of the merits of FLSA cases and part of the relief sought
therein.  A determination as to the award of attorney's fees is required, and the district court has
no discretion to deny the award.  See *Shelton v. M.P. Erving,* 830 F.2d 182, 184 (11th Cir. 1987);
*Weisel v. Singapore Joint Venture,* 602 F.2d 1185, 1191 n. 18 (5th Cir. 1979).

6

Thus, as both Plaintiff Rizzo and Plaintiff King received everything that they sought out to recover in the instant action, both Plaintiffs are prevailing parities, and therefore, are entitled to recover their reasonable fees and costs under Section 216(b).

### C.     THE FEES SOUGHT BY PLAINTIFFS ARE REASONABLE

Based on the foregoing, it is undisputed that Plaintiffs Counsel are entitled to recover fees and costs from Defendants, which, as set forth herein, are reasonable.

In determining a reasonable attorney's fee, the Court must begin with the "lodestar" figure which is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Loranger v. Stierheim*, 10 F.3d 776, 780 (11th Cir., 1994). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate...." *See Hensley*, 461 U.S. at 433. It is well established that there is a "strong presumption" that the lodestar is a reasonable fee. *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546 (1986).

Here, Plaintiffs Counsel seeks a total of $77,185.85 (i.e. 2/3rds of $115,778.78) in both attorney's fees and recoverable costs for their efforts litigating the instant case on behalf of Plaintiffs. *See Khorrami Dec*, at ¶ 4. In support of this award, Plaintiff Counsel have submitted detailed evidence of compensable costs in the amount of $957.02 (i.e. 2/3rds of 1435.53). [*See Kellner Dec.*, at ¶ 6; *Switkes Dec.*, at ¶14], and detailed evidence supporting a collective lodestar in the amount of $115,778.78. *See Khorrami Dec*, **Exh. A**; *Kellner Dec.*, **Exh. A**; *Switkes Dec.*, **Exh. A**. As reflected in Plaintiff Counsel's supporting papers, Counsel's lodestar is broken down as follows:

7

**Rosen Switkes & Entin, P.L.**

| Name | Hours | Rate | Amount |
|------|-------|------|--------|
| Robert Switkes | 4.9 | $450.00 | $2205.00 |
| Joshua Entin | 21 | $325.00 | $6825.00 |
| Todd Feldman | 45.6 | $225.00 | $10,260.00 |
| Law Clerks | 27 | $150.00 | $4050.00 |

**Khorrami Pollard & Abir**

| Name | Hours | Rate | Amount |
|------|-------|------|--------|
| Shawn Khorrami | 11.0 | $425.00 | $4675.00 |
| Dylan Pollard | 41.10 | $425.00 | $17,467.50 |
| Matt Bailey | 61.10 | $375.00 | $22,912.00 |
| Sonia Tandon | 20.90 | $300.00 | $6720.00 |
| Annalissa Ward | 15.80 | $275.00 | $4345.00 |
| Brett Barlow | 10.50 | $150.00 | $1575.00 |

**Kabateck Brown & Kellner LLP**

| Name | Hours | Rate | Amount |
|------|-------|------|--------|
| Richard Kellner | 16.5 | $450.00 | $7425.00 |
| Mark Yenikomshian | 31.5 | $300.00 | $9450.00 |
| Claudia Candelas | 17.0 | $105.00 | $1785.00 |
| Lorlinda Osbourne | 115.25 | $125.00 | $14,406.25 |

8

Case 1:17-cv-24666-MLC   Document 135   Entered on FLSD Docket 10/07/2019   Page 72 of 85
Case 1:17-cv-24666-MLC   Document 135   Entered on FLSD Docket 10/07/2019   Page 72 of 85
Case: 18-13764       Date Filed: 10/07/2019      Page: 70 of 83
(72 of 85)

As set forth herein, Plaintiffs Counsel's lodestar is reasonable under standards applicable to hours and billing rates.

     1.    <u>Plaintiffs Counsel's Hours Are Justified and Reasonable</u>

To demonstrate the reasonableness of the fees being claimed, "the fee applicant bears the burden of … documenting the appropriate hours expended" and therefore, must submit evidence in support of those hours worked. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The fee applicant meets this burden by submitting records of time kept contemporaneously or reconstructed for purposes of the fee motion. *See Johnson v. University College of University of Alabama*, 706 F.2d 1205, 1207 (11th Cir., 1983) (reasoning that "Reeves' testimony and secondary documentation supports her claim" as "[t]he lack of contemporaneous records does not justify an automatic reduction in the hours claimed.")

Conversely, the applicant's burden does <u>*not*</u> entail a showing of how every minute was expended, but rather, only requires a general description of how time was being spent. *See Hensley*, 461 U.S. at 437 n.12 (1983) ("Plaintiff's counsel, of course, is not required to record in great detail how each minute of his time was expended. But at least counsel should identify the general subject matter of his time expenditures.").

Here, Plaintiffs' Counsel each submit declarations containing billing statements that document how time was spent by each attorney at their respective firms. *See Khorrami Dec*, **Exh. A**; *Kellner Dec.*, **Exh. A**; *Switkes Dec.*, **Exh. A**. Such records satisfy Plaintiffs Counsel's evidentiary burden by identifying the general subject matter of each attorneys' time expenditures with a general description of the particular project and task.

9

There can be no reasonable dispute that Plaintiffs' Counsel's hours are justified and reasonable, especially insofar as the time expended was a direct result of Defendants' aggressive litigation tactics.  As noted by the Supreme Court, a defendant "cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response."  *See Riverside v. Rivera*, 477 U.S. 561, 581 n.11 (U.S. 1986).  Moreover, all fees sought pertain to work that was performed prior to Defendants serving such Offers of Judgment on Plaintiffs.  *See e.g. Khorrami Dec*, at ¶6,8; *Kellner Dec.*, at ¶6,9; *Switkes Dec.*, at ¶13.  The Supreme Court has held that a defendant is obligated to pay fees and expenses that were incurred prior to making a settlement offer.  *See Riverside v. Rivera*, 477 U.S. 561, 581 n.11 (U.S. 1986) (reasoning that while "petitioners could have avoided liability for the bulk of the attorney's fees for which they now find themselves liable by making a reasonable settlement offer in a timely manner … this offer was made, as the District Court noted, 'well after [respondents' counsel] had spent thousands of dollars on preparation for trial . . . .'").

Even hours relating to Plaintiffs' Motion for Class Certification are recoverable, not only because this motion was completed and filed *two* days prior to Defendants' making their Offers of Judgment, but also because Defendants used their Rule 68 Offers of Judgment as a defensive litigation tactic to moot Plaintiffs' Motion for Certification.  *See* Dkt. No. 48 (Motion To Compel Acceptance Of Rule 68 Offer Of Judgment And Dismiss For Lack Of Subject Matter Jurisdiction); Dkt. No. 50, at 1 (Opposing Plaintiffs' Motion to Certification on the grounds that "because Plaintiffs have each been offered all the relief they could hope to recover via Defendants' Offers of Judgment pursuant to Fed. R. Civ. P. 68, no actual case or controversy

exists in this matter" and "the deadline to add additional parties has passed").[4]  These efforts

were consistent with Defense Counsel's published litigation strategy to the Rule 68 Offers of

Judgment to prevent certification of collective actions under Section Rule 216(b).  *See Khorrami*

*Dec*, at ¶11, **Exh. B**, at 14-16 (Ashe, Rafuse & Hill LLP publication entitled "Defensive

Strategies for Preventing Certification of Wage and Hour Collective and Class Actions" detailing

the use of Rule 68 Offers "to prevent certification of a putative class.").  To this end, it is clear

that Plaintiffs' Motion for Class Certification was a material event which compelled Defendants

to offer Plaintiffs complete relief, and therefore, Plaintiffs' Counsel's work on this Motion is

compensable.

While Defendants likely will seek to nitpick, or discredit the joint work of co-counsel on

various projects as impermissibly duplicative, such arguments should be rejected.  All work,

including the joint efforts of co-counsel on various projects, entailed distinct work by each

attorney that was necessary to ensure adequate representation of the both Plaintiffs in light of the

complexities of the litigation.  *See Khorrami Dec*, at ¶ 6,7,9; and Exh. A thereto; *Kellner Dec.*, at

¶ 7; and Exh. A thereto; *Switkes Dec.*, Exh. A, thereto.  Such joint litigation efforts have been

deemed reasonable by the 11th Circuit in complex employment cases like the instant case.  *See*

*e.g. Johnson*, 706 F.2d at 1208 ("The retaining of multiple attorneys in a significant, lengthy

_____

[4] As stated previously, Defendants moved for an enlargement of time to respond to Plaintiffs'
Motion one day after this Motion was filed, and one day prior to the date which Defendant
served Rule 68 Offers of Judgment on each named Plaintiff.  Defendants represented to the
undersigned, as well as the Court, they required additional time in order to prepare their
Response to Plaintiffs' Motion for Certification, but neglected to Defendants disclose that they
were preparing Rule 68 Offers of Judgment that would be served the next day.  Materially, such
an extension of the deadline to respond to Plaintiffs' Motion for Certification was required to
ensure that the response deadline for Defendants' Rule 68 Offers of Judgment lapsed prior to
Defendant's deadline to respond to Plaintiffs' Motion for Certification.

Case 1:17-cv-24666-MLC   Document 135   Entered on FLSD Docket 10/07/2019   Page 75 of 85
Case 1:17-cv-24666-MLC   Document 135   Entered on FLSD Docket 10/07/2019   Page 73 of 59
Case: 18-13764        Date Filed: (75 of 185)7/2019    Page: 73 of 83

employment discrimination case such as this one is understandable and not a ground for reducing

the hours claimed" as "[t]he use in involved litigation of a team of attorneys who divide up the

work is common today for both plaintiff and defense work.")

Moreover, it is anticipated that Defendants' will claim that hours expended on certain

projects should be excluded based on the lack of success in Plaintiffs' Counsel's endeavor.  This

too should be rejected, not only because Plaintiffs' Counsel was the prevailing party on all

causes of action that were pursued, but because hours are not to be excluded based on success or

failure of the project at hand.  As held by the Supreme Court, "[l]itigants in good faith may raise

alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach

certain grounds is not a sufficient reason for reducing a fee." *See Hensley*, 461 U.S. 424, 435

(1983).

Based on the forgoing, the hours expended by Plaintiffs Counsel are reasonable.

2.      Based On the Locality Test, the Rates Sought By Plaintiffs Counsel Are
        Reasonable

The billing rates charged by Plaintiffs Counsel are well within the zone of

reasonableness, as such rates are commensurate with billing rates charged by other firms

practicing within the Southern District of Florida.

In order to decide what rates are "reasonable," courts look at "prevailing market rates in

the relevant community." *See Blum v. Stenson*, 465 U.S. 886, 895 (1984).  "Generally, the

relevant community is one in which the district court sits." *See Davis v. Mason County*, 927

F.2d 1473, 1488 (9th Cir., 1991); *Polk v. New York State Dep't. of Correctional Servs.*, 722 F.2d

23, 25 (2d Cir. 1983); *Avalon Cinema Corp. v. Thompson*, 689 F.2d 137, 140 (8th Cir. 1982).

Thus, "the burden is on the fee applicant to produce satisfactory evidence -- in addition to the attorney's own affidavits -- that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *See Blum v. Stenson*, 465 U.S. 886, 896 (1984).

Here, in addition to the Declarations of Plaintiffs' Counsel demonstrating their significant litigation experience and historical court approved billing rates in previous litigation [*See Khorrami Dec*, at ¶9; *Kellner Dec.*, ¶10,11 and 12; *Switkes Dec.*, at ¶12], Plaintiffs' Counsel also submit the declaration of a fee expert establishing that the following ranges are reasonable for attorneys practicing similar litigation in the Southern District: **(i)** Partners – $425-$450 per hour, **(ii)** Associates – $275-375 per hour, and **(iii)** Paralegals/Law Clerks – $150.00 per hour. *See Dorne Dec.*, at ¶ 12-13.

Based on the foregoing, the billing rates charged by Plaintiffs' Counsel are well within the zone of reasonableness, as such rates are commensurate with billing rates charged by other firms practicing complex litigation within this judicial district.

### D.    PLAINTIFFS COUNSEL ARE ENTITLED TO RECOVER THEIR REASONABLE COSTS

Plaintiffs' Counsel also incurred out of pocked expenses in the amount of $1417.53.  *See Kellner Dec.*, Exh. A; *Switkes Dec.*, Exh. B.

Plaintiffs' Counsel are entitled to recover their costs under Section 216(b)  [*29 USCS § 216(b)* ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.")], and under *Rule 54* as a prevailing party.  Again, Defendants have conceded Plaintiffs'

13

Counsel's right to recover costs, reserving only the right to contest the amount of costs that are ultimately awarded. [*See* Dkt. Nos. 43 and 44].

## IV.   <u>CONCLUSION</u>

Based on the foregoing points and authorities, as well as the evidence contained in the accompanying declarations, Plaintiffs' Counsel respectfully request that this Court enter an order requiring Defendants to pay Plaintiffs' Counsels' reasonable attorneys' fees and costs in the amount of $77,185.85, which represents 2/3 of the total aggregate attorneys fees and costs of $115,778.78 incurred from the inception of this litigation through September 26, 2007.

## VERIFICATION AND CERTIFICATION OF COUNSEL

I, Robert Switkes, Counsel for the Plaintiffs, in accordance with Local Rule 7.3(A), hereby certify that I have full reviewed and verified the time records and supporting data and that the instant Motion seeking the recovery of attorneys' fees and costs and thereon believe that the instant Motion is well grounded in fact and is justified.

## TERMS OF FEE AGREEMENT

Plaintiffs entered into a contingent fee agreement with Counsel providing that Plaintiff's Counsel shall be paid (1) 40% of any settlement prior to trial, or (2) attorney's fees set by the Court, and (3) that all fees awarded by the Court are deemed the property of Plaintiff's Counsel that cannot be waived by the client.

## REQUEST FOR HEARING

Counsel for Plaintiffs do not believe that a hearing with the Court is necessary in this matter, and hereby, do not request that this matter be set for oral argument before the Court, but rather believe this matter can be submitted on the papers.

## CERTIFICATE OF CONFERRAL [Per LR 7.1(A)(3)]

Counsel for Plaintiffs hereby certify that they have conferred with opposing counsel as to the issues raised herein pursuant to Local Rule 7.1(A)(3).  However, they have been unable to reach an agreement.

This 10th day of October, 2008.

15

**Respectfully submitted,**

s/ Robert Switkes
Florida Bar No.: 241059
*rswitkes@rosenandswitkes.com*
Joshua Entin, Esq.
ROSEN SWITKES & ENTIN P.L.
407 Lincoln Road, PH SE
Miami Beach, FL 33139
Phone: (305) 534-4757
Fax:  (305) 538-5504

Shawn Khorrami, Esq.
Matt Bailey, Esq.
KHORRAMI POLLARD & ABIR LLP

Brian Kabateck, Esq.
Richard Kellner, Esq.
KABATECK BROWN KELLNER LLP.

*Attorneys for Plaintiffs*

16

Case 1:17-cv-24666-JLC   Document 135   Entered on FLSD Docket 10/07/2019   Page 80 of 85
Case 1:17-cv-24666-JLC   Document 135   Entered on FLSD Docket 10/07/2019   Page 80 of 85
Case: 18-13764      Date Filed: (80 of 185)7/2019      Page: 78 of 83

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this <u>10th</u> day of October, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**Respectfully submitted,**

**ROSEN SWITKES & ENTIN P.L**
**407 Lincoln Road, PH SE**
**Miami Beach, FL 33139**
**Telephone: (305) 534-4757**
**Fax: (305) 538-5504**

 **/S/  Robert Switkes**
**Robert Switkes**
**Florida Bar No.: 241059**
*Attorneys for Plaintiffs*

Case 1:07-cv-24666-JIC Document 135 Entered on FLSD Docket 10/07/2019 Page 81 of 85
Case 1:07-cv-24666-JIC Document 135 Entered on FLSD Docket 10/07/2019 Page 81 of 85
Case: 18-13764 Date Filed: 10/07/2019 Page: 79 of 83
(81 of 85)

**SERVICE LIST**
**Alexis King, et al. v. CVS/Caremark Corp., et al.**
**Case No. 07-21824-CIV-GRAHAM/TORRES**
**United States District Court, Southern District of Florida**


**Christopher P. Hammon**
Ogletree Deakins Nash Smoak & Stewart PC
701 Brickell Avenue
Suite 2020
Miami, FL 33131
Phone: 305-455-3711
Fax: 374-0456
Email: chris.hammon@ogletreedeakins.com

**David M. Demaio**
Ogletree Deakins Nash Smoak & Stewart PC
701 Brickell Avenue
Suite 2020
Miami, FL 33131
Phone: 305-455-3711
Fax: 374-0456

**Nancy E. Rafuse**
Ashe, Rafuse & Hill, LLP
1355 Peachtree Street, N.E., Suite 500
Atlanta, GA 30309
Phone: 404-253-6000
Fax: 404-6060

**James J. Swartz**
Ashe, Rafuse & Hill, LLP
1355 Peachtree Street, N.E., Suite 500
Atlanta, GA 30309
Phone: 404-253-6000
Fax: 404-6060

**Beth A. Moeller**
Ashe, Rafuse & Hill, LLP
1355 Peachtree Street, N.E., Suite 500
Atlanta, GA 30309
Phone: 404-253-6000
Fax: 404-6060

# EXHIBIT "9"

## UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT
### Form to Accompany Application for Attorney's Fees

Summary of work performed by (name): Lowell J. Kuvin, Esq.

Total compensation requested for this person: $3,483.00

Hourly rate of compensation requested for this person: $450.00

This person is an:

☒ attorney    ☐ law student/graduate    ☐ certified paralegal    ☐ other:_____

| Category | Total Hours |
|---|---|
| Interviews and conferences | |
| Obtaining and reviewing records | |
| Legal research | |
| Brief writing | 7.74 |
| Preparing for and attending oral argument | |
| Other (specify on additional sheets if necessary): | |
| Total hours claimed for this person | 7.74 |

*Instructions: on the applicable lines, enter the total time spent in each category. A separate form must be completed for each person for whom time is claimed. Attach contemporaneous time records reflecting all hours listed and indicating the dates on which the work was performed. An affidavit attesting to the truthfulness of the information contained in the application and demonstrating the basis for the hourly rate(s) requested must also accompany the application.*

Rev.: 1/03

# EXHIBIT "10"

# UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT
## Form to Accompany Application for Attorney's Fees

Summary of work performed by (name): <u>Sundeep K. Mullick, Esq.</u>

Total compensation requested for this person: <u>$25,110.00</u>

Hourly rate of compensation requested for this person: <u>$450.00</u>

This person is an:

☒ attorney    ☐ law student/graduate    ☐ certified paralegal    ☐ other:_____

| Category | Total Hours |
|---|---|
| Interviews and conferences | |
| Obtaining and reviewing records | 5.5 |
| Legal research | 17.3 |
| Brief writing | 28.9 |
| Preparing for and attending oral argument | |
| Other (specify on additional sheets if necessary): Motion for Costs<br>Motion for Extension to File Motion for Costs<br>Motion for Attorneys' Fees | 1.0<br>0.5<br>2.6 |
| Total hours claimed for this person | 55.8 |

*Instructions: on the applicable lines, enter the total time spent in each category. A separate form must be completed for each person for whom time is claimed. Attach contemporaneous time records reflecting all hours listed and indicating the dates on which the work was performed. An affidavit attesting to the truthfulness of the information contained in the application and demonstrating the basis for the hourly rate(s) requested must also accompany the application.*

Rev.: 1/03