UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-24666-CIV-UNGARO/O'SULLIVAN

MARCO WATTS,

    Plaintiff,

v.

CLUB MADONNA, INC., a Florida for-profit
corporation, and LEROY C. GRIFFITH,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Plaintiff/Appellee's Amended Motion for Attorney's Fees (DE # 135, 10/7/19). This matter was referred to Chief United States Magistrate Judge John J. O'Sullivan by the Honorable Ursula Ungaro, United States District Court Judge for the Southern District of Florida pursuant to 28 U.S.C. § 636(b). Having carefully considered the issues, the court file, and applicable law, the undersigned respectfully recommends that the Plaintiff/Appellee's Amended Motion for Attorney's Fees (DE # 135, 10/7/19) be **GRANTED in part and DENIED in part** in accordance with the following Report and Recommendation.

## BACKGROUND

The plaintiff filed this action to establish overtime and minimum wage violations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-216, and minimum wage damages under Fla. Stat. § 448.110 and Fla. Const. Art. 10 § 24 ("FMWA"). The defendants denied the violations, and raised affirmative defenses. The affirmative

defenses included: (1) that the defendants did not willfully violate the FLSA; (2) that the defendants acted in good faith compliance with the FLSA; (3) that the individual defendant, LEROY C. GRIFFITH, was not an employer of the plaintiff; and (4) that the defendants paid the plaintiff all the money to which the plaintiff was entitled.

The Court entered a Stipulated Final Judgment (DE # 97, 8/6/18) in this matter on August 6, 2018, in the amount of $29,268.40, which represented both actual and liquidated damages for unpaid wages under the FMWA.  The Court entered Final Judgment (DE # 100, 8/17/18) in this matter the next day, on August 17, 2018, in the same monetary amount.  This Court awarded attorney's fees to the plaintiff as the prevailing party at the trial level in this matter.  The case was appealed, and in an opinion dated August 8, 2019, the appellate court upheld the trial court's grant of partial summary judgment in favor the plaintiff.

The plaintiff filed the Plaintiff/Appellee's Amended Motion for Attorney's Fees (DE # 135, 10/7/19) on October 7, 2019.  The defendants filed the Defendants/Appellants' Response in Opposition to Plaintiff/Appellee's Amended Motion for Attorneys' Fees (DE # 142, 10/22/19) on October 22, 2019.  The plaintiff filed his reply on October 7, 2019 (DE # 138, 10/7/19).[1]  The plaintiff seeks fees in the amount of $28,593.00 in this matter. This matter is ripe for adjudication.

## DISCUSSION

### I. Entitlement to Fees

This case was a Fair Labor Standards Act (FLSA) 29 U.S.C. §§ 201-216 and a

---

[1] The reply was filed the same day as the motion.

minimum wage damages, Fla. Stat. §448.110, case.  As the prevailing party at the trial court level, the plaintiff was awarded fees pursuant to 29 U.S.C. §§ 216(b) and Florida Statutes §448.110(6)(c)(1).  The plaintiff won on appeal and seeks fees in this matter as the prevailing appellate party.

**II. Amount of Fee Award**

Having determined that the plaintiff is entitled to an award of attorney's fees incurred in connection with this lawsuit, the undersigned next addresses the appropriate amount of that fee award.  In calculating a reasonable attorney's fee award, the court must consider the number of hours reasonably expended on this litigation, together with the customary fee charged in this community for similar legal services.  *See Hensley v. Eckerhart*, 461 U.S. 424, 103 S. Ct. 1933 (1983); *Loranger v. Stierheim,* 10 F.3d 776 (11th Cir. 1994).  These two figures are then multiplied together, resulting in a sum commonly referred to as the "lodestar".  Under certain circumstances, the lodestar *may* be adjusted in order to reach a more appropriate attorney's fee.  *See Blum v. Stenson*, 465 U.S. 886, 888, 104 S. Ct. 1541, 1544 (1984).

A. <u>Reasonable Hourly Rate</u>

The Court must first evaluate the plaintiff's requested fee in terms of the appropriate hourly rate. In order to determine a reasonable and proper fee award, the court must consider the number of hours expended on the case together with the customary hourly fees charged in this community for similar services.  *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).  The Supreme Court has held that a reasonable hourly rate is to be measured by "prevailing

market rates in the relevant community." *Blum*, 465 U.S. at 895.  In determining the prevailing market rates the Court should consider several factors including "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996) (*citing Dillard v. City of Elba*, 863 F. Supp. 1550, 1552 (M.D. Ala. 1993)).

Generally, acceptable proof of the market rate may be comprised of testimony and direct evidence from other legal practitioners in the relevant legal community who are familiar with the type of legal service provided and the prevailing market rate for such work.  *Norman,* 836 F.2d at 1299. Furthermore, the court may make a fee award based on its own experience where documentation and testimony are inadequate or the fees claimed seem expanded.  *Id.* at 1303 (*citing Davis v. Bd. of Sch. Comm'rs of Mobile Cnty.,* 526 F.2d 865, 868 (5th Cir. 1976)).

The plaintiff requests an hourly rate of $450.00 per hour for the following attorneys that worked on the matter: (1) Lowell J. Kuvin, admitted to practice in 2008, and almost exclusively practices in labor and employment law; and (2) Sundeep K. Mullick, admitted to practice law for over 20 years, and admitted to the Florida bar in 2005. The defendants object to the plaintiff's requested hourly rate for all attorneys and assert that the hourly rate be reduced.  The Court may use its own experience in assessing the reasonableness of attorneys' fees and may form an independent

4

judgment either with or without witnesses.  *Norman*, 836 F.2d at 1299.  Consistent with the Court's finding in awarding fees at the trial level, the Court finds that, although the attorneys who performed work in this matter are skilled attorneys, an hourly rate of $450.00 is excessive for the attorneys in this matter, and a rate of $400.00 an hour for each attorney is appropriate.

      B. Reasonable Number of Hours Expended

The Court must next evaluate the plaintiff's requested fees for reasonableness in terms of the total hours expended by the plaintiffs' counsel.  The plaintiff requests 7.74 hours for Mr. Kuvin, and 55.80 hours for Mr. Mullick.  The defendants argue that the requested fees should be reduced because the hours expended by the plaintiff's attorneys are excessive and unreasonable.

The Court should exclude from the fees award compensation hours that are "excessive, redundant or otherwise unnecessary."  *Norman*, 836 F.2d at 1301 (quoting *Hensley*, 461 U.S. at 434).  The Court may determine a reasonable award based on its own experience.  *Norman*, 836 F.2d at 1303.  The burden rests on the plaintiff to submit a request for fees that will enable the court to determine what time was reasonably expended.  *Loranger v. Stierheim*, 10 F.3d 776, 782 (11th Cir. 1994).  The plaintiff submitted a significant amount of supporting material regarding the reasonable hours expended on the appeal in this matter.  The undersigned opined earlier in this report and recommendation that the hourly rates of the attorneys should be reduced to $400.00 per hour.  This would result in: (1) 7.74 hours for Mr. Kuvin at a rate of $400.00 per hour for a total of $3,096.00; and (2) 55.80 hours for Mr. Mullick at a rate of $400.00

per hour for a total of $22,320.00. The total sum of all of the aforementioned charges is $25,416.00. Accordingly, the request by the plaintiff for $28,593.00 in fees should be reduced to $25,416.00.

This Court must exercise independent judgment when reviewing a claim for hours reasonably expended. *See Norman*, 836 F.2d at 1301-02. Hours deemed to be "excessive, redundant, or otherwise unnecessary" should be excluded. *Id*. "Attorneys who anticipate making a fee application must maintain contemporaneous, complete and standardized time records which accurately reflect the work done by each attorney." *Nat'l Ass'n. of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1327 (D.C. Cir. 1982). It is necessary for attorneys to identify the subject matter of his/her time expenditures. *Hensley,* 461 U.S. at 437. If there is inadequate documentation or if the court finds a claim for hours to be "excessive or unnecessary", the court may reduce the number of hours for which fees will be awarded. *Florida Patient's Comp. Fund v. Rowe*, 472 So.2d 1145, 1150 (Fla. 1985); *see also Loper v. New York City Police Dep't,* 853 F.Supp. 716, 721 (S.D.N.Y. 1994) ("where adequate contemporaneous records have not been kept, the court should not award the full amount requested"). "If the court concludes that the number of claimed hours is excessive, it may engage in 'an across-the-board cut,' so long as it provides adequate explanation for the decrease." *Galdames v. N & D Inv. Corp.*, 432 F. App'x 801, 806 (11th Cir. 2001). Furthermore, the "[p]laintiff's success, or lack thereof, is an important consideration and can result in a conclusion that the lodestar amount must be reduced." *Id.* at 808.

The defendants assert that the approximately 30 hours Mr. Mullick spent in

drafting the plaintiff's responsive brief and the 20 hours he spent researching were both excessive. The defendants further assert that Mr. Kuvin's approximately 8 hours of work was duplicative. The defendants do not point to any particular entry which they believe is excessive.

The undersigned has reviewed the plaintiff's hours and finds that the requested hours are reasonable and that the plaintiff should recover for all of the time requested. The plaintiff should be awarded $25,416.00 in attorneys fees.

## RECOMMENDATION

In accordance with the foregoing, the undersigned respectfully recommends that the Plaintiff/Appellee's Amended Motion for Attorney's Fees (DE # 135, 10/7/19) be **GRANTED in part and DENIED in part** and the plaintiff be awarded $25,416.00 in fees.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Ursula Ungaro, United States District Judge. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

RESPECTFULLY SUBMITTED at the United States Courthouse in Miami,

Florida, this 6th day of November 2019.

_____
JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE