UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-24666-CIV-UNGARO/O'SULLIVAN

MARCO WATTS,

    Plaintiff,

v.

CLUB MADONNA, INC., and
LEROY C. GRIFFITH,

    Defendants.

_____/

## ORDER

THIS MATTER is before the Court on the Plaintiff's Verified Motion for Attorney's Fees (DE # 168, 7/3/20). Having reviewed the applicable filings and law, the undersigned enters the following Order.

## BACKGROUND

The plaintiff filed this action to establish violations of overtime and minimum wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-216, as well as minimum wage damages pursuant to Fla. Stat. § 448.110 and Fla. Const. Art. 10 § 24 ("FMWA"). This Court entered a Final Judgment against the defendants in this case on August 17, 2018, in the amount of $29,268.40, which represented both actual and liquidated damages for unpaid wages under the FMWA. (DE # 100, 8/17/18). On March 8, 2019, this Court entered an Order Adopting Magistrate Judge's Report, and awarding the plaintiff $4,004.94 in costs and $50,621.61 in fees. (DE # 121, 3/8/19).  On November 26, 2019, the Court awarded the plaintiff $25,416.00 in appellate attorneys'

fees. (DE #145, 11/26,2019).  On February 3, 2020, the Court entered an Amended Final Judgment in the amount of $109,313.35. (DE #148, 2/3/20). On July 3, 2020, the plaintiff filed another Verified Motion for Attorney Fees (the instant motion) seeking additional fees in the amount of $39,027.50 for 91.83 hours allegedly expended by his attorneys on various post-judgment endeavors dating back to September 2018 through the present. (DE #168, 7/3/20).

## DISCUSSION

The plaintiff assets that he is entitled to post-judgment fees in this matter.  The plaintiff indicates that

> [A]ttorneys' fees are routinely granted for post-judgment collection activities in FLSA cases in this District. See *DiFrancesco v. Home Furniture Liquidators, Inc.*, 06-21709-CIV,2009 WL 36550, at *5 (S.D. Fla. Jan. 6, 2009) ("The Court finds that the reasoning in *Free* and *Nunez* is equally applicable to the instant case and concludes that reasonable attorney's fees for collecting a final judgement are available under the FLSA."). See also *Yuetter-Beacham v. Med. Career Inst. of S. Florida, Inc.*, 15-80226-CV, 2016 WL 11547571, at *1 (S.D. Fla. Mar. 11, 2016), *report and recommendation adopted*, 9:15-CV-80226, 2016 WL11547572 (S.D. Fla. Mar. 30, 2016)(awarding attorneys' fees for post-judgment proceedings in aid of execution in FLSA case); *Adelson v. Tire Depot Group, LLC*, 14-61846-CIV, 2014 WL 12539721, at *2 (S.D. Fla. Oct. 29, 2014)("fees for efforts to collect a default final judgment are appropriate in FLSA cases"); *Cruz v. Paver Designs of Miami Dade Inc.,* 14-22938-CIV, 2014 WL 12539726, at *2 (S.D. Fla. Sept. 22, 2014)("Finally, Plaintiffs seek reasonable attorneys' fees for collecting a final judgment, given they expect to expend more time and effort to collect the default final judgment in this matter. (*See* Mot. 5). The Court finds collection of such fees appropriate in FLSA cases.").

Plaintiff's Motion at pp. 3-4.

In the response to the plaintiff's Motion, the defendants indicate that the

> Plaintiff asserts that he is entitled to fees on the grounds that "[a]ttorney's fees are routinely granted for post-judgment collection activities in FLSA cases in this District." [D.E. 168 at 3]. However, none of the cases cited by Plaintiff in support of this proposition involve a fees' request for post-judgment collection activities absent a timely underlying judgment or order giving rise to such a request. In *DiFrancesco v. Home Furniture Liquidators, Inc.*, No. 06-21709-CIV, 2009 U.S. Dist. LEXIS 736, 2009 WL 36550 (S.D. Fla. Jan. 6, 2009), the Court awarded post-judgment collection fees sought by plaintiff in conjunction with the granting of plaintiff's motion for judgment on writ of garnishment. In *Yeutter-Beacham v. Medical Inst. of S. Fla., INC*, 2016 U.S. Dist. LEXIS 201496 (S.D. Fla. May 26, 2016), the plaintiff's request for post-judgment fees were granted by the Court as a result of the execution defendants' dilatory conduct in complying with their post-judgment discovery obligations. following an order granting plaintiff's motion to compel discovery. In *Adelson v. Tire Depot Group, LLC*, 14-61846-CIV, 2014 WL 12539721 (S.D. Fla. Oct. 29, 2014), an award for post-judgment reasonable attorney's fees in FLSA cases was acknowledged as appropriate where the plaintiff moved for award of such fees in conjunction (simultaneously) with plaintiff's motion for final judgment following entry of a clerk's default against defendant. Finally, as in *Adelson*, in *Cruz v. Paver Designs of Miami Dade Inc.*, 14-22938-CIV, 2014, WL 12539726 (S.D. Fla. Sept. 22, 2014), the entitlement to attorneys' fees for post-judgment collection activities was acknowledged as appropriate where plaintiff asked the court – in conjunction (simultaneously) with the court's entry of final *default* judgment – to grant plaintiff's motion as to entitlement for fees they expected to incur in collecting on the default judgment. In sum, none of the aforementioned cases cited in Plaintiff's Motion support his position that he is entitled to an award for fees incurred in connection with post-judgment collection activities at the current juncture.

Defendants' Response pp. 3-4.

As noted above, the plaintiff cites to the case of <u>DiFrancesco v. Home Furniture Liquidators, Inc.</u>, No. 06-21709-CIV, 2009 WL 36550 (S.D. Fla. Jan. 6, 2009) in support of his argument that he is entitled to attorney's fees in this matter.  Specifically, the

3

plaintiff states that

> [A]ttorneys' fees are routinely granted for post-judgment collection activities in FLSA cases in this District. *See DiFrancesco v. Home Furniture Liquidators, Inc.*, 06-21709-CIV,2009 WL 36550, at *5 (S.D. Fla. Jan. 6, 2009) ("The Court finds that the reasoning in *Free* and *Nunez* is equally applicable to the instant case and concludes that reasonable attorney's fees for collecting a final judgement are available under the FLSA.").

Plaintiff's Motion at pp. 3-4. However, in DiFrancesco, the plaintiff successfully obtained a Final Judgment in Garnishment and the Court awarded fees in conjunction with the Final Judgment in Garnishment. In this case the plaintiff has not obtained any success in their post judgment collection efforts.

Accordingly, the undersigned finds that the request for the fees and costs in this motion are premature under the circumstances.

In accordance with the foregoing Order, it is

ORDERED AND ADJUDGED that the Plaintiff's Verified Motion for Attorney's Fees (DE # 168, 7/3/20) is DENIED without prejudice to renew if the plaintiff is successful in the post-judgment proceedings.

DONE AND ORDERED in Chambers at Miami, Florida this 13th day of August 2020.

_____
JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE